


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| SUEANN SWANEY, on behalf of plaintiff and the class defined below, | ) | |
| Plaintiff, | ) | Case No.:__________________ |
| vs. | ) | |
| REGIONS BANK, | ) | |
| Defendant. | ) | |

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff SueAnn Swaney brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Regions Bank. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones. The prohibition includes the sending of text messages. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("a text message is a 'call' within the meaning of the TCPA.").

## VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012)

4. Venue and personal jurisdiction in this District are proper because Defendant does business within this District.

## PARTIES

5. Plaintiff SueAnn Swaney is an individual who resides in Florida.

6. Defendant Regions Bank is a corporation with its principal Place of business located at 1900 Fifth Avenue North, Birmingham, AL 35203.

## FACTS

7. Defendant has been attempting to collect an account for someone who was previously issued the cellular telephone number presently issued to plaintiff SueAnn Swaney.

8. On or about November 5, 2012, plaintiff obtained a cellular Telephone from Metro PCS.

9. That same day, Ms. Swaney began receiving a series of text

Messages from Regions Bank placed from telephone number 800-734-4667. There were more than 20 messages.

10. The following is illustrative of the text messages: "*Account *7940: The ledger balance is $1.59 which is below your requested threshold. Ledger balances excludes pending transactions*."

11. On at least six separate occasions, Ms. Swaney replied to the Text messages informing Regions Bank that she has never done business with them:

a. November 10, 2012: "*I have no idea who u are!*";

b. November 11, 2012: "*Please stop texting me*";

c. November 11, 2012: "*Do not text me again as I am not the person u want!*";

d. November 12, 2012: "*Go away I am no who u are looking for*";

e. November 13, 2012: "*I am not who u r looking 4*";

f. November 14, 2012: "*Stop texting or I am going to call ATTORNEY!*".

12. The messages continued.

13. The 800-734-4667 number is issued to the "Regions Customer

Service Center." See http://www.regions.com/Contact.rf.

14. On information and belief, the text messages were sent using Automated equipment, without human intervention.

15. Plaintiff did not authorize the automated placement of calls to her cell phone by Defendant.

16. Plaintiff did not furnish her cell phone number to Defendant.

17. Plaintiff and each class member is entitled to statutory damages.

18. Defendant violated the TCPA even if their actions were only negligent.

19. Defendant should be enjoined from committing similar violations in the future.

**COUNT I – TCPA**

20. Plaintiff incorporates paragraphs 1-19.

21. The TCPA, 47 U.S.C. §227, provides:

§ 227. Restrictions on use of telephone equipment

. . . (b) Restrictions on use of automated telephone equipment.

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

22. The TCPA, 47 U.S.C. §227(b)(3), further provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

23. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone, as outlined in Paragraphs 1-19.

**CLASS ALLEGATIONS**

24. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent text messages by Defendant (d) where Defendant's records do not show that the person provided the number to the defendant.

25. Plaintiff further defines a subclass of class members who informed Defendant that they were not the person Defendant was attempting to communicate with.

26. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class. Regions Bank has 1731 domestic locations in 16 states. http://research.fdic.gov/bankfind/ Given the frequency with which cellular numbers are reassigned, a "customer service center" serving a bank with that many locations will send text messages to more than 40 cells phones that have been reassigned.

27. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether Defendant engaged in a pattern of using Automated equipment to send text messages to cellular telephones;

b. Whether Defendant thereby violated the TCPA;

c. Whether the appropriate measure for damages is $500 or $1500 per unlawful phone call;

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

30. Several courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC*, No. 11-56600, 2012 U.S. App. LEXIS 21136, *7-9 (9th Cir., October 12, 2012); *Mitchem v Illinois Collection Serv*., 271 F.R.D. 617 (N.D.Ill.

2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); and *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012). Fax cases include: *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.*, 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.*, 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan.

285; 263 P.3d 767 (2011); and *Karen S. Little, L.L.C. v. Drury Inns. Inc.*, 306 S.W.3d 577 (Mo. App. 2010).

31. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, *e.g.* for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

(1) Statutory damages;

(2) An injunction against further violations;

(3) Costs of suit;

(4) Such other or further relief as the Court deems just and proper.

Respectfully submitted,

**s/ Micah S. Adkins**

Micah S. Adkins (ASB-8639-I48A)
BURKE HARVEY & FRANKOWSKI, LLC
One Highland Place
2151 Highland Avenue, Suite 120
Birmingham, AL 35205
Telephone: 205-747-1907
Facsimile: 205-930-9054
Email: madkins@bhflegal.com

William P. Howard (motion for *pro hac vice* forthcoming)
MORGAN & MORGAN, P.A.
One Tampa City Center
201 N. Franklin Street, 13th Floor
Tampa, Florida 33602
Telephone: 813-223-5505
Facsimile: 813-222-4747

Cathleen M. Combs (motion for *pro hac vice* forthcoming)
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
Telephone: 312-739-4200
Facsimile: 312-419-0379

## JURY DEMAND

Plaintiff demands trial by jury.

**s/ Micah S. Adkins**
Micah S. Adkins (ASB-8639-I48A)
BURKE HARVEY & FRANKOWSKI, LLC
One Highland Place
2151 Highland Avenue, Suite 120
Birmingham, AL 35205
Telephone: 205-747-1907
Facsimile: 205-930-9054
Email: madkins@bhflegal.com

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

**s/ Micah S. Adkins**
Micah S. Adkins (ASB-8639-I48A)
BURKE HARVEY & FRANKOWSKI, LLC
One Highland Place
2151 Highland Avenue, Suite 120
Birmingham, AL 35205
Telephone: 205-747-1907
Facsimile: 205-930-9054
Email: madkins@bhflegal.com

William P. Howard (motion for *pro hac vice* forthcoming)
MORGAN & MORGAN, P.A.
One Tampa City Center
201 N. Franklin Street, 13th Floor
Tampa, Florida 33602
Telephone: 813-223-5505
Facsimile: 813-222-4747

Cathleen M. Combs (motion for *pro hac vice* forthcoming)
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
Telephone: 312-739-4200
Facsimile: 312-419-0379