UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUEANN SWANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:13-cv-00544-JHE |
| ) | |
| REGIONS BANK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sueann Swaney ("Swaney") initiated this putative class action[1] against Defendant Regions Bank ("Regions") alleging claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (Doc. 1). Swaney now moves for leave to file a first amended complaint, (doc. 31), and Regions opposes the motion, (doc. 33). Regions argues the motion is due to be denied because the proposed amendment is futile as it would not survive a motion to dismiss. (Doc. 33 at 2). The motion is fully briefed and ripe for review. (Docs. 31 & 33). For the reasons stated more fully below, the motion to amend, (doc. 31), is **DENIED**.

**I. Standard of Review**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] On April 26, 2013, Swaney moved to certify a class action. (Doc. 6). That same day, Swaney moved to stay ruling on the class certification motion pending the completion of relevant discovery. (Doc. 8). The undersigned granted the motion. (Doc. 23).

1

(citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

In assessing futility, courts apply the standard for a motion to dismiss. *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996). Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. Factual Background[2]

On April 9, 2012, a Regions banking customer enrolled his cellular telephone number in Regions' Mobile Banking program, signing up to, among other things, receive text "alert"

---

[2] While Regions represents some of these facts will be established during discovery, the undersigned has only relied on the allegations in Swaney's amended complaint when evaluating the motion to amend and whether it would survive a motion to dismiss pursuant Rule 12(b)(6). Additional factual material is provided as background.

2

messages from Regions notifying him of certain conditions. (Doc. 33 at 2). The customer later canceled his phone service, but did not request to have the number removed from Regions' text alert program. (*Id.*). On November 5, 2012, the phone number registered for alerts was, unbeknownst to Regions, reassigned to Swaney. (*Id.*). That same day, and at additional times thereafter, Regions sent a text alert to the registered phone number, now belonging to Swaney, indicating the balance on the customer's account had dipped below a requested threshold. (*Id.*).

Swaney moves to amend her complaint to add a TCPA claim against Monitise Americas, Inc. ("Monitise"). As explained more fully below, the TCPA imposes liability only upon the entity that made the offending call. Because Swaney does not allege Monitise sent the accused text messages (and clearly alleges Regions sent the text messages), Swaney's TCPA claim against Monitise could not survive a motion to dismiss and would therefore be futile.

### III. Analysis

Rule 15(a) of the Federal Rules of Civil Procedure provides "leave [to file an amended complaint] shall be freely given when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Although Swaney contends the "proposed changes do not prejudice Regions," she does not attempt to address any of the other countervailing factors, in particular the "futility" factor.

The Eleventh Circuit explains, when a court denies leave to amend based on futility of the proposed amendment, the court, in essence, "mak[es] the legal conclusion that the complaint,

as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999). In assessing futility, courts apply the standard for a motion to dismiss. *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996). If an amended complaint cannot survive a motion to dismiss, "the amendment is futile and leave to amend is properly denied." *Matthews v. Brookstone Stores, Inc.*, No. 05-0369-WS-C, 2005 WL 3058158, *2 (S.D. Ala. Nov. 15, 2005) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

Section 227(b)(1)(a)(iii) of the TCPA makes it unlawful, with certain exceptions, to "make any call" using an automatic telephone dialing system to a "cellular telephone service." 47 U.S.C. § 227(b)(1)(a)(iii) (2006). Accordingly, the plain language of the statute indicates it applies only to those individuals or entities that actually make the offending call. The legislative history of the TCPA supports this conclusion. *See* S. Rep. No. 102-178 at 9 (1991) (noting the TCPA "appl[ies] to the person initiating the telephone call or sending the message and do[es] not apply to the common carrier or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message.").

While Swaney's amended complaint broadly refers to text messages being sent by "defendants," purportedly addressing both Regions and Monitise, (doc. 31-1 at ¶ 23), the remainder of the amended complaint, to which Swaney expressly refers,[3] makes clear (1) Swaney received the subject "text messages from Regions Bank;" (2) the text messages were sent from a phone number "issued to the Regions Customer Service Center;" and (3) Monitise is involved only as one who "contracted with" Regions to supply the software and hardware used

---

[3] Notably, this general allegation regarding "defendants" states they violated the TCPA "as outlined in Paragraphs 1-19." Doc. 31-1 at ¶ 23. Paragraphs 1-19 make clear, as articulated in the above text, Swaney is not alleging Monitise actually made the calls or sent the text messages. *See id.* at ¶¶ 1-19.

in connection with Regions' SMS alert program. (*Id.*at 3-5). Simply put, while she has not explicitly stated her theory for holding Monitise liable for a TCPA violation, Swaney is asserting some sort of secondary liability, albeit for "aiding and abetting" Regions by providing the equipment used to allegedly violate the TCPA or for somehow "conspiring with" Regions to allegedly violate the TCPA. There is no support for either theory. *See Clark v. Avatar Techs. Inc.*, No. H-13-2777, 2014 WL 309079, at *2(S.D. Tex. Jan. 28, 2014) (finding no legal authority to support the argument that, without more, the TCPA imposes liability on the telecommunications carrier whose systems are used by another to make an unlawful call to a cellular phone); *see also Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736 (D. Md. 2008) (rejecting a similar attempt to impose TCPA liability on a party that did not make any call or send any text message). Because the TCPA does not provide a cause of action based on secondary liability, Swaney's TCPA claim against Monitise could not survive a motion to dismiss under 12(b)(6) for failure to state a claim and is therefore futile.

## IV. Conclusion

Because the proposed amendment would be futile, Swaney's motion for leave to file a first amended complaint, (doc. 31), is **DENIED**.

DONE this 5th day of August 2014.

_____
 **JOHN H. ENGLAND, III**
 UNITED STATES MAGISTRATE JUDGE