FILED
2014 Dec-08 AM 09:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SUEANN PLAINTIFF, on behalf of plaintiff and a class, | ) ) ) ) |
| Plaintiff, | ) Case No.: 2:13-cv-00544-JHE ) |
| vs. | ) ) |
| REGIONS BANK, | ) ) |
| Defendant. | ) |

**REGIONS BANK'S SUPPLEMENT TO STATUS REPORT**

Per the Court's Minute Order of December 4, 2014 (Dkt. No. 47), Regions Bank ("Regions") submits this supplement to the December 2, 2014 Joint Status Report (Dkt. No. 43) concerning the status of the limited discovery the Court has permitted and the parties' respective readiness to brief the ATDS issue and class certification issue.[1]

**Regions' Position**

Regions is not at all clear why Plaintiff felt compelled to move the Court for leave and to file a Supplemental Joint Status Report. None of the points Plaintiff addresses change the fundamental premise that the additional discovery it now seeks is futile and will not identify members of the relevant class without individual inquiry. First, Plaintiff argues that Regions implied it would be possible to "obtain a list of the numbers deleted or purged from the Regions Bank Text Alert System during the class period." But that fact is completely irrelevant given that such information will in no way help to identify the class as defined by Plaintiff without the

---

[1] Regions discussed with counsel for Plaintiff that the parties would file a Joint Supplemental Status Report, however, Plaintiff's counsel unilaterally filed a report without Regions' input.

1

other information Plaintiff contends she needs, which information would not only be unreasonably burdensome and expensive to attempt to obtain, but would ultimately be impossible to obtain. As indicated in the December 2, 2014 Status Report, even if Regions provided Plaintiff with such a list of numbers, Plaintiff would then have to learn from mBlox which of those numbers were deactivated by a particular carrier and the dates of deactivation and then would have to obtain from Regions all texts sent to those numbers between deactivation and deletion, before having to subpoena the carriers to try and identify who owned those numbers during that period. But for Regions to get the texts sent after deactivation, it would have to go through the extremely burdensome and expensive process of restoring the back-up tapes to create a database of *all* text messages sent by Regions during the relevant period. But the vast majority of those texts no longer exist – most were deleted *before this litigation began*. And the ones that have been saved would include numbers that were "deactivated" for reasons other than a change of subscriber, requiring impermissible individual inquiries as to who is properly within the defined class.

Second, Plaintiff erroneously characterizes Regions' position as one of "manageability" and contends that "the issue of manageability is separate and distinct from the issue of ascertainability." Plaintiff has confused two unrelated issues regarding manageability. Regions is not arguing that *the proposed class* is unmanageable. *That* unmanageability issue is unrelated to ascertainability, but Regions is not addressing that type of manageability. To the contrary, Regions is addressing the unmanageability of obtaining the scores of information Plaintiff now seeks from multiple, unrelated sources. It is that process which is complicated, uncertain, expensive, burdensome and unmanageable, outweighing any benefit to Plaintiff. Swaney is simply wrong that this latter type of manageability is unrelated to ascertainability or in any way

constitutes evidence that there is an ascertainable class. S*ee e.g., Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc*., 274 F.R.D. 229, 236 (S.D.Ill. 2011).

Respectfully Submitted
Dated: December 8, 2014   By: /s/ *Edward J. Benz III*
Maibeth J. Porter (ASB-3915-O40M)
Joshua B. Baker (ASB-5105-S72B)
OF COUNSEL
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 6th Ave. North
Birmingham, Alabama 35203
Telephone:  1(205) 254-1000
Facsimile:   1(205) 254-1999

Robin L. McGrath, Ga. Bar No. 493115
(admitted *pro hac vice*)
Edward J. Benz, III, Ga. Bar No. 344010
(admitted *pro hac vice*)
Andrea J. Pearson, Ga. Bar No. 409604
(admitted *pro hac vice*)
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, GA  30309
Telephone:  1(404) 815-2400
Facsimile:    1(404) 815-2424

*Attorneys for Defendant
Regions Bank*

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via the CM/ECF electronic filing system or via U.S. Mail on this the 8th day of December, 2014.

Michal S. Adkins (ASB-8639-I48A)
Burke, Harvey & Frankowski, LLC
2151 Highland Avenue, Suite 120
Birmingham, Alabama 35205
Telephone: 1(205) 747-1902
Facsimile: 1(205) 930-9054
*Attorneys for Plaintiff*

William Peerce Howard
Morgan & Morgan, Tampa P.A.
One Tampa City Center
201 N. Franklin St., 13th Floor
Tampa, Florida 33602
Telephone: 1(813) 223-5505
Facsimile: 1(813) 223-5402
*Attorney for Plaintiff*

Cathleen M. Combs
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
Telephone: 1(312) 739-4200
Facsimile: 1(312) 419-0379
*Attorney for Plaintiff*

                                                                    /s *Edward J. Benz III*

                                                                    Edward J Benz III