UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUEANN SWANEY, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 2:13-cv-00544-JHE |
| REGIONS BANK, | ) |
| Defendant. | ) |

**ORDER**

On December 18, 2014, the undersigned held a hearing to discuss several issues.

**I. Background**

On April 26, 2013, Plaintiff moved to certify this case as a class action, (doc. 7), and also moved for the court to defer any ruling on the class certification motion until she could engage in "the discovery necessary to more fully brief [the] motion," (doc. 8).

On June 7, 2013, the magistrate judge to whom this case was previously assigned stayed this action, awaiting the Eleventh Circuit Court of Appeals' decision in *Breslow v. Wells Fargo Bank, N.A.*, Case No. 12-14564, to resolve the "called party" issue.  (*See* text order dated 06/07/2014).   After several extensions of the stay, on May 9, 2014, at the parties' request, the undersigned lifted the stay in light of the Eleventh Circuit's holding on the "called party" issue in *Osorio v. State Farm Bank, F.S.B.*, No. 13-10951, 2014 WL 1258023 (11th Cir. Mar. 28,2014). (Doc. 27).  Additionally at this time and also at the parties' request, the undersigned permitted the parties to engage in limited discovery on (a) whether Regions' system is an "automatic

telephone dialing system" as defined by the Telephone Consumer Protection Act and (b) whether there is an identifiable class. (*Id.*).

After a July 10, 2014 telephone status conference, the undersigned ordered the parties to continue to engage in the limited discovery previously ordered, to exchange initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a)(1) by August 8, 2014, and to file a joint status report by September 8, 2014. (Doc. 30).

The next status conference was held on October 28, 2014. (Doc. 42). In an order issued following the conference, the undersigned provided Plaintiff thirty days to determine whether she needed additional discovery on the ATDS issue and the identifiable/ascertainable class issue. (Doc. 42). The order explicitly instructed the parties that "[i]f there is such a need [for discovery] and the parties cannot agree on a resolution between themselves, an appropriate motion must be filed no later than December 2, 2014." (*Id.* at 1). The order also instructed the parties to file a joint status report by December 2, 2014, outlining their readiness to brief these two issues. (*Id.*).

On December 2, 2014, the parties filed a joint status report. (Doc. 43). The next day, Plaintiff moved to file a supplemental status report. (Doc. 45). Plaintiff also moved for leave to file motions for additional class discovery and to compel, contending she misunderstood the December 2, 2014 deadline to file such motions. (Doc. 46). On December 4, 2014, the undersigned permitted the parties to supplement their status report, reserving judgment on the motion for leave to file additional class discovery and to compel discovery out of time. (Doc. 47).

Recognizing the importance of the issues before the Court, the undersigned informed the parties the telephone status conference set for December 9, 2014 would be used to schedule an in-person hearing to discuss the issues Plaintiff raises. (Doc. 50).

## II. Analysis

The record clearly illustrates the parties approached this Court in April 2014 regarding lifting the stay, (docs. 21 &22), and, per the parties' agreement at the May 8, 2014 status conference, the stay was lifted and the parties were permitted to engage in limited discovery on two specific issues. (Doc. 27). The undersigned's orders entered following each status conference speak for themselves. The Court has proceeded for the past eight months with the understanding the parties were engaging in discovery on the two preliminary, potentially case-dispositive issues they agreed upon.

### A. Automatic Telephone Dialing System ("ATDS")

The parties agree no further discovery is necessary prior to briefing the issue of whether Regions' system is an automatic telephone dialing system as defined by the Telephone Consumer Protect Act. The parties disagree, however, on whether Plaintiff must provide Regions with an expert report prior to briefing, assuming Plaintiff will rely on an expert in its response.

The posture of this case is unusual. There has been no general scheduling order and no merits discovery. Instead, the parties agreed to break-off this ATDS issue – discovery on this

issue and now summary judgment briefing on it.[1] Therefore, the undersigned finds the exchange of expert disclosures and reports on this limited issue prior to briefing appropriate.[2]

Accordingly, the undersigned **ORDERS** as follows:

- The parties must disclose any expert they intend to rely on for the ATDS issue and to provide the opposing party with the required expert report by **January 14, 2015.** The report only needs to include information relevant to the ATDS issue.
- The parties will then have until **January 30, 2015**, to depose any disclosed experts if they so choose.
- Any motion for summary judgment on this issue is due **February 9, 2015**.
- Response brief is due **March 2, 2015**.
- Reply brief is due **March 16, 2015.**

The parties should review the undersigned's uniform initial order, (doc. 26), for instructions regarding dispositive motions.

**B. Additional Discovery on Class Ascertainability**

Despite the previous agreement to limit discovery to the ATDS issue and the ascertainability of the class, Plaintiff argues for more extensive discovery. Plaintiff's arguments in this regard are premature. The undersigned's formalized recognition of the parties' agreement to move forward on this limited basis governs. The undersigned is only addressing discovery on ascertainability.

After the last substantive status conference on October 28, 2014, the undersigned entered an order stating, in part, as follows:

> As discussed at today's status conference, over the next thirty days Plaintiff is to determine whether she needs additional discovery on the automatic telephone dialing system ("ATDS") issue and the identifiable class issue. (Fn1: As clarified during the status conference, this issue (and discovery thereon) is limited to the

---

[1] Defendants have expressly waived any one-way intervention issues. *See London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1252 (11th Cir. 2003); *Newton v. Southern Wood Piedmont Co.*, 163 F.R.D. 625, 629-30 (S.D. Ga. 1995).

[2] Regarding the timing for required expert disclosures, the applicable rule states that "[a] party must make these disclosures at the times and in the sequence the court orders." Fed. R. Civ. P. 26(a)(2)(D).

4

ascertainability of the class and is not intended to cover all class certification issues.) If there is such a need and the parties cannot agree on a resolution between themselves, an appropriate motion must be filed no later than **December 2, 2014**.

(Doc. 42 at 1 (emphasis in original)). This order specifically instructed that if Plaintiff determined she need additional discovery on either issue and the parties could not agree on a resolution, a motion must be filed by December 2, 2014. No such motion was timely filed,[3] but instead filed on December 3, 2014, contending Plaintiff misunderstood the order. (Doc. 46). Because Plaintiff raises these issues in the status report filed on December 2, 2014, the undersigned will consider Plaintiff's arguments for additional discovery on the ascertainability issue.

It is **ORDERED**:

- Plaintiff must file a supplement to her motion by **February 2, 2015** specifically outlining the additional discovery she needs on the ascertainability issue.
    - Plaintiff must list each piece of information she seeks, the source of that information, and how that information will lead her to ascertaining a class. Thus, after reading Plaintiff's supplement, the undersigned should be able to "connect the dots" and see how each piece of discovery sought will lead to the next step and ultimately to ascertaining the class.
- Regions' response to Plaintiff's motion and supplement is due **February 16, 2015**.

DONE this 22nd day of December 2014.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

[3] Nor has Plaintiff filed any other discovery motion contending it could not get the information she needs on the narrowly defined ascertainability issue.