IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUEANN SWANEY, ) | |
| on behalf of plaintiff and the class defined ) | |
| below, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-544-JHE |
| ) | |
| vs. ) | |
| ) | |
| REGIONS BANK, ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S SUPPLEMENT TO HER MOTION FOR LEAVE
TO PURSUE ADDITIONAL DISCOVERY

Per the Court's Order of December 23, 2014, plaintiff submits this supplement to her motion for leave to pursue additional discovery. Plaintiff's requests are limited only to discovery on **ascertainability** of the class.[1] There is an ascertainable class of individuals like plaintiff that were sent text messages from Regions Bank ("Regions") without express prior consent. She needs additional discovery to confirm that the class is ascertainable and has detailed that information below. Plaintiff also believes that Regions cannot meet their burden to

---

[1] Plaintiff notes that her motion for additional discovery filed on December 3, 2014 requested discovery on all issues, not just ascertainability. This Court has asked plaintiff to supplement her motion with information concerning additional discovery on the ascertainability issue only. (Order, Dkt. No. 51).

1

prove that it had consent to call anyone using an Automatic Telephone Dialing System ("ATDS") when it sent text messages through its Text Alert system. For that reason, she is asking for leave to file an amended complaint with an alternative class definition in a separately filed motion. Plaintiff seeks leave to pursue additional discovery regarding the new class.

Regions hired ClairMail, Inc., which was subsequently acquired by Monitise Americas, Inc., to develop a Text Alert System ("System") to send text messages to Regions' customers. The Regions' System works as follows: a Regions customer signs up for text alerts by completing a registration. Regions then sends text messages automatically to the cellular telephone numbers registered in its system using an ATDS when certain conditions are met. For example, if a balance falls below a certain threshold and the customer's registration requested a low balance alert, then a text alert will automatically be sent to the phone number without human intervention.

After the registration is complete, Regions does not know whether it is continuing to send text messages to a customer who has consented to the texts. In other words, Regions does not know whether the recipient of the text gave consent. Regions has admitted as much when it stated that it cannot determine whether it has consent from the called party (Regions' Response to Plaintiff's Request to Admit No. 8). This violates the TCPA. Therefore, all parties that were sent a text

message by Regions during the class period are members of the class. This is an ascertainable class and is the proposed class definition that plaintiff seeks in her amended complaint.

Plaintiff's previous class and now a proposed subclass consisted of those individuals who were texted by Regions who did not provide their number to Regions. In contrast, the proposed class would be broader. The proposed class and subclass would be defined as follows:

> **Proposed Class Definition: (a)** all persons **(b)** who, on or after March 21, 2009, **(c)** were sent text messages by Defendant **(d)** using an Automatic Telephone Dialing System **(e)** where Defendant's records do not show prior express consent.
>
> **Proposed Subclass A Definition: (a)** all persons **(b)** who, on or after March 21, 2009, **(c)** were sent text messages by Defendant **(d)** using an Automatic Telephone Dialing System **(e)** where Defendant's records do not show that the person provided the number to the Defendant.
>
> **Proposed Subclass B Definition: (a)** all persons **(b)** who, on or after March 21, 2009, **(c)** were sent text messages by Defendant **(d)** using an Automatic Telephone Dialing System **(e)** who informed Defendant that they were not the person Defendant was attempting to communicate with.

Based on these proposed class and subclass definitions, there are least five ways to ascertain the class.

**I. Revocation or lack of consent expressed through calls to Regions' customer service center[2]**

---

[2] This corresponds to proposed subclass B.

Regions produced a list of at least 40 class members that called Regions during the class period to ask Regions to stop sending text messages because Regions lacked consent. In some instances, Regions' own record will identify the name of the person receiving the text messages. In others, where Regions only has the cellular telephone number that received the texts, plaintiff can ascertain the owner of the cellular telephone number from the wireless carriers. Plaintiff's expert, Jeff Hansen, can identify which wireless carrier services a particular number. Thus, plaintiff will need to do the following discovery to ascertain class members by their telephone number:

*From plaintiff's expert Jeff Hansen:*

- Jeff Hansen will identify the carriers of the particular cellular telephone numbers.

*From Third Party Carriers:*

- Plaintiff will subpoena the cellular telephone wireless carriers to obtain the contact information for those individuals.

II. **Revocation or lack of consent expressed through text messages sent in response to the Regions Bank Text Alert System**

and

III. **Revocation or lack of consent expressed through text messages containing the word "stop" in response to the Regions Bank Text Alert System[3]**

---

[3] These also correspond to proposed subclass B.

Plaintiff received several text messages from Regions. She responded to those text messages asking Regions to stop texting her. At first she did not actually use the word "stop" but said the following: "Who are u and what r u takeing about" and "U need to call not tx." Regions continued to text her. Eventually she replied, "Stop texting or I am going to call ATTORNEY!" Like plaintiff, the members of the proposed putative class may have taken similar actions. Plaintiff will seek records from Regions regarding those texts. Those individuals who texted back "stop" also either received the text messages erroneously or revoked their consent. Plaintiff requests the following information:

*From Regions*

- A sampling of records related to the telephone numbers where response to a text alert was sent through the System (sent to the Regions short code) during the class period.

- A sampling of the records related to the telephone numbers where a response with "stop" was sent to a text alert sent through the System (sent to the Regions short code) during the class period.

- A sampling of records related to the telephone numbers to which a help command through the System was sent (from the Regions short code) during the class period.

**IV. All numbers that received text messages using an ATDS without express prior consent**

*From Regions*

With regard to whether Regions had consent from anyone to send texts using an ATDS, plaintiff asks for leave to depose the following employees of Regions:

1. **Chris Dodson, Assistant Vice President of Application Development/Technology, Regions;**

2. **Allen Jeffers, Assistant Vice-President Electronic Business (EBS), Regions;**

3. **Daniel Richardson, Regions.**

These individuals were identified by Regions as those who answered plaintiff's interrogatories (Regions' Response to Plaintiff's Interrogatory No. 1). Plaintiff will investigate the extent to which Regions can demonstrate consent to send text messages using an ATDS.

V.  **Lack of consent because of change of ownership[4]**

*From Regions*

Plaintiff has been unable to fully explore the information that Regions has concerning ascertainability because Regions has obstructed her attempts based on this Court's orders limiting discovery to whether there is an ATDS and whether there is an ascertainable class. For purposes of determining an ascertainable class, plaintiff requests the following from Regions:

---

[4] This iteration of the class corresponds to the class definition in the original complaint and proposed subclass A.

- Information regarding whether Regions can obtain a list of all the numbers it deleted during the class period (this was the subject of plaintiff's motion to Compel[5]);

- In addition to the named deponents from above, plaintiff would like to take the following deposition(s) pursuant to Fed. R. Civ. P. 30(b)(6):

    o **Person(s) most knowledgeable about the purging/deletion of cellular telephone numbers from the System as a result of screening cell phone numbers to remove cell phone numbers where ownership has changed between March 21, 2009 and March 21, 2013.**

    o **Person(s) most knowledgeable about the ability of Regions to determine what text messages were sent to a particular cell phone number during a given period of time**

    o **Person(s) most knowledgeable about the texts that were sent to Plaintiff;**

*From mBlox, Inc.*

MBlox, Inc. is an aggregator, the company that delivers text messages from Regions to the relevant cellular telephone carriers. Plaintiff noticed a witness and document subpoena on mBlox, Inc. on November 25, 2014. Specifically, plaintiff asked for the following deponent(s):

---

[5] In this Court's December 23, 2014 order, the Court indicated that plaintiff failed to file "any other discovery motion contending it could not get the information she needs on the narrowly defined ascertainability issue." (Order, Dkt No. 51, p 5 n 3). This is incorrect. Plaintiff filed a motion for leave to file two motions late: 1) a motion for additional class discovery and 2) a motion to compel discovery (Dkt. No. 46). The motion to compel discovery asked this Court to order Regions to disclose whether it could obtain a list of deleted numbers during the class period. This request is directly relevant to the issue of ascertainability. This Court has not yet ruled on whether plaintiff is granted leave to file that motion to compel late.

- Person(s) most knowledgeable about which cellular telephone providers/carriers reported disconnected numbers to mBlox, Inc. and at what frequency between March 21, 2009 and March 21, 2013 and the extent to which mBlox can generate a list of disconnected cellular telephone numbers by provider/carrier and the date of disconnection.

Plaintiff also requested the following documents:

- A list of disconnected cellular telephone numbers and the date of disconnection that were sent to ClairMail, Inc., and/or Monitise Americas, Inc., acting on behalf of Regions Bank, or directly to Regions Bank between February 2009 and March 21, 2013.

Plaintiff's counsel communicated with counsel for mBlox, Inc., Annette McGarry. Ms. McGarry refused to comply with the subpoena arguing that plaintiff was not entitled to pursue the subpoena because of this Court's December 23, 2014 Order. Plaintiff intends to file a motion for a rule to show cause why mBlox, Inc. should not be held in contempt for failing to comply with the subpoena depending on this Court's ruling on her motion to pursue additional discovery. That motion will provide further details regarding the subpoena. Plaintiff respectfully requests that she be allowed to continue pursuing the following information from mBlox, Inc.:

- The frequency with which each cellular telephone provider notifies mBlox, Inc. that particular cellular telephone number has been disconnected or reassigned and how often that information is made accessible to Regions and/or Monitise Americas, Inc.;

- What happened with plaintiff's cellular telephone number, including but not limited to: what texts did she receive; was her number ever reported as disconnected or reassigned; and if so, when.

This information has been requested from mBlox, Inc. through the subpoena.

*From T-Mobile/Metro PCS*

Plaintiff noticed a witness and document subpoena on plaintiff's cell phone carrier, T-Mobile/Metro PCS, on December 30, 2014. Specifically, plaintiff asked for the following responsive documents:

- Please provide all Metro PCS and/or T-Mobile records related to telephone number (352) 610-3147 between March 21, 2009 and March 21, 2013, including but not limited to the dates of deactivation and the dates of activation, the names and addresses of all the prior and current owners, and any notices provided to mBlox, Inc .regarding deactivation and/or change of ownership.

- Please provide any Metro PCS and/or T-Mobile records showing text messages received by (352) 610-3147 between October 1, 2012 and December 31, 2012.

- Please provide any Metro PCS and/or T-Mobile records showing text messages sent to (352) 610-3147 by Regions Bank and/or telephone number 800-734-4667 and/or short code 734265 (REGBNK).

The return date on the subpoena was January 13, 2015. Plaintiff has communicated with Metro PCS who indicated that they intend to comply with the subpoena within the next 30 days. Plaintiff will also pursue a motion for a rule to show cause if Metro PCS does not comply with the subpoena depending on this Court's ruling on her motion to pursue additional discovery.

Dated: February 2, 2015.

Respectfully submitted,

/s/ Micah S. Adkins
Micah S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM, P.C.
301 19th Street North, Suite 581
The Kress Building
Birmingham, Alabama 35203
Telephone: 205-458-1202
Facsimile: 205-208-9632
Email: MicahAdkins@ItsYourCreditReport.com


William Peerce Howard (admitted *pro hac vice*)
MORGAN & MORGAN, TAMPA, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tele: 813-223-5505
Fax: 813-223-5402
Email: BHoward@ForThePeople.com

Cathleen M. Combs (admitted *pro hac vice*)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle St., 18th Floor
Chicago, Illinois 60603
Telephone: 312-739-4200
Facsimile: 312-419-0379
Email: ccombs@edcombs.com
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 2nd day of October 2014, I filed the foregoing document with the CM/ECF system, which will electronically notify the following counsel of record of same:

Maibeth Porter

Joshua B. Baker

Maynard, Cooper & Gale, P.C.

2400 Regions/Harbert Plaza

1901 6th Ave. North

Birmingham, Alabama 35203


Robin L. McGrath

Edward J. Benz, III

Andrea J. Pearson

Howard Privette

PAUL HASTINGS LLP

1170 Peachtree Street, N.E., Suite 100

Atlanta, GA 30309


/s/ Micah S. Adkins
Of Counsel