# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SUEANNE SWANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:13-cv-00544-JHE |
| ) | |
| REGIONS BANK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

On June 2, 2015, the undersigned held a hearing for further argument on whether to permit additional discovery on the issue of ascertainability and whether plaintiff should be allowed to amend the proposed class definition in the complaint.

Over a year ago, in May 2014, after a conference with the parties, the undersigned permitted the parties to engage in limited discovery on two specific issues: (1) whether Regions Bank's system is an "automatic telephone dialing system" ("ATDS") as defined by the Telephone Consumer Protection Act and (2) whether there is an identifiable ("ascertainable") class. (Doc. 27 at 2). The parties represented, and the undersigned understood, these issues to be preliminary in nature. If the limited discovery showed *either* Regions Bank's systems was not a ATDS *or* the proposed class was not ascertainable, then there would be no need for this case to proceed to expensive, class discovery.

To this end, the parties conducted discovery and filed cross-motions for summary judgment on this ATDS issue. (Docs. 59 & 62). Those motions are fully briefed and have been taken under submission. The ascertainability issue has not proven to be as clear cut.

After an October 28, 2014 telephone status conference, the undersigned entered an order

requiring, *inter alia*, all discovery-related motions be filed by December 2, 2014. (Doc. 42). No such motions were timely filed. However, as instructed in the order, (*id.*), the parties filed a joint status report regarding limited discovery and the readiness to brief class certification on December 2, 2014. (Doc. 43). Although no discovery-related motions were timely filed, the parties discussed their relative positions in the joint status report. Late on December 3, 2014 (after 5PM), Plaintiff filed a motion for leave to file a supplemental status report, (doc. 45), which was allowed, (docs. 48 & 49), and a motion for leave to file motions for additional class discovery and to compel discovery, (doc. 46).

Simply put, the question is whether, at this point, Plaintiff should be allowed to pursue further discovery on the issue of whether there is an ascertainable class. Based on what the undersigned has read and heard, the issue of ascertainability cannot be easily separated from other class certification issues in this case. Although the plaintiff has not demonstrated she can ascertain a class, to cut off her discovery at this point in the litigation would be to do so based on only conjecture and speculation. This is not to say the undersigned does not have serious concerns about what the requested discovery will show or why Plaintiff did not make these requests known to the court at an earlier date. Nevertheless, in light of the interrelatedness of the ascertainability issue and the ultimate class certification issues, this is not the time for such an ultimate decision. Accordingly, while the plaintiff's motion for leave to file motions for additional discovery and to compel, (doc. 46) is **DENIED**, it is done so with the caveat that additional discovery will be allowed before any determination on ascertainability or class certification is made.[1]

The undersigned also heard arguments on the plaintiff's motion to amend, (doc. 54).

---

[1] Accordingly, the Clerk is **DIRECTED** to **TERM** the motion to strike the declaration of Conor Manton, (doc. 79), as **MOOT**.

While Regions Bank makes several seemingly persuasive arguments that the motion should be denied as futile, due to the posture of the case, it is premature to deny this amendment on those grounds. The undersigned could take one of two paths here. First, a ruling on the motion to amend could be stayed pending additional discovery. Second, as Regions Bank argues the proposed class definition makes no substantive change, the undersigned could allow the amendment and address Regions Bank's other concerns at the class certification stage.

To the extent Regions Bank argues the proposed amendment makes no substantive change, the plaintiff, as master of her complaint, may amend her class definition at this point to articulate it as she so chooses. No undue prejudice results. Accordingly, the plaintiff's motion to amend, (doc. 54), is **GRANTED**. The undersigned will consider the broader issue of whether there is a certifiable class after the plaintiff is permitted additional discovery.

As previously noted, the cross-motions for summary judgment have been taken under submission. At the hearing, Regions Bank reiterated its request that, if any additional discovery is permitted, it be stayed until after a ruling on these motions. Plaintiff agreed. Accordingly, discovery is **STAYED** pending a ruling on the ATDS issue.

If the ATDS issue is resolved in Plaintiff's favor, the parties will be ordered to meet and develop a proposed scheduling order for the remainder of this action and a scheduling conference will be set. The undersigned anticipates additional, but non-duplicative, discovery prior to briefing class certification.

DONE this 3rd day of June 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

3