# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

SUEANN SWANEY, on behalf of plaintiff
and the class defined below,

    Plaintiff,

v.

REGIONS BANK,

    Defendant.

CIVIL ACTION NO.
2:13-cv-00544-JHE

## ANSWER TO AMENDED CLASS ACTION COMPLAINT

COMES NOW Defendant, Regions Bank ("Regions") and answers Plaintiff's Complaint as follows:

## INTRODUCTION

1. Regions admits that Plaintiff purports to bring this action for the purposes stated in this paragraph and that Plaintiff alleges that Regions violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Regions, however, denies any allegation that it violated the TCPA and denies that Plaintiff is entitled to any recovery from Regions.

2. The averments of this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, Regions avers that

the terms of the TCPA speak for themselves and any attempt by Plaintiff to characterize them is denied.

## VENUE AND JURISDICTION

3.	The averments of this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, Regions is without sufficient information or knowledge to admit or deny the averments of this paragraph and demands strict proof thereof.

4.	The averments of this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, Regions admits that it does business within this District.

## PARTIES

5.	Regions is without sufficient information or knowledge to admit or deny the averments of this paragraph and demands strict proof thereof.

6.	Regions admits that it is a domestic corporation with its principal place of business at 1900 Fifth Avenue North, Birmingham, Alabama 35203.

## FACTS

7.	Regions is without sufficient information or knowledge to admit or deny the averments of this paragraph and demands strict proof thereof.

8.	Regions is without sufficient information or knowledge to admit or deny the averments of this paragraph and demands strict proof thereof.

9. Regions is without sufficient information or knowledge to admit or deny the averments of this paragraph and demands strict proof thereof.

10. Regions is without sufficient information or knowledge to admit or deny the averments of this paragraph and demands strict proof thereof.

11. Regions is without sufficient information or knowledge to admit or deny the averments of this paragraph and its subparts and demands strict proof thereof.

12. Regions is without sufficient information or knowledge to admit or deny the averments of this paragraph and demands strict proof thereof

13. Regions admits that, upon information and belief, the telephone number identified in this paragraph is a number for Regions' Customer Service Center.

14. The averments of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, Regions denies the averments of this paragraph.

15. Regions is without sufficient information or knowledge to admit or deny the averments of this paragraph and demands strict proof thereof.

16. Regions is without sufficient information or knowledge to admit or deny the averments of this paragraph and demands strict proof thereof.

17. Regions denies the averments of this paragraph, separately and severally, and demands strict proof thereof.

18. Regions denies the averments of this paragraph, separately and severally, and demands strict proof thereof.

19. Regions denies the averments of this paragraph, separately and severally, and demands strict proof thereof.

## COUNT I-TCPA

20. Regions' responses in paragraphs 1-19 are adopted herein by reference in response to this paragraph.

21. Regions avers that the terms of the TCPA speak for themselves and any attempt by Plaintiff to characterize them is denied.

22. Regions avers that the terms of the TCPA speak for themselves and any attempt by Plaintiff to characterize them is denied.

23. Regions denies the averments of this paragraph, separately and severally, and demands strict proof thereof.

## CLASS ALLEGATIONS

24. Regions admits that Plaintiff purports to bring a class action on behalf of the putative class identified in this paragraph under Fed. R. Civ. P. 23(a) and (b)(3), but denies that this action is appropriate for class action treatment under Fed. R. Civ. P. 23 and demands strict proof thereof.

25. Regions admits that Plaintiff purports to define a putative subclass as described in this paragraph, but denies that this action is appropriate for class action treatment under Fed. R. Civ. P. 23 and demands strict proof thereof.

26. Regions admits that Plaintiff purports to define a putative subclass as described in this paragraph, but denies that this action is appropriate for class action treatment under Fed. R. Civ. P. 23 and demands strict proof thereof.

27. Regions admits that, as of December 31, 2012, it had approximately 1,711 branch locations in 16 states. Regions denies the remaining averments of this paragraph, separately and severally, and demands strict proof thereof.

28. Regions denies the averments of this paragraph and its subparts, separately and severally, and demands strict proof thereof.

29. Regions denies that this action involves unlawful business practices. Regions is without sufficient information or knowledge to admit or deny the remaining averments of this paragraph and demands strict proof thereof.

30. Regions denies the averments of this paragraph, separately and severally, and demands strict proof thereof.

31. Regions avers that the cases cited in this paragraph speak for themselves and any attempt by Plaintiff to characterize them is denied. Regions

further avers that none of the cases cited in this paragraph support certification of a class in this case.

32. Regions denies the averments of this paragraph, separately and severally, and demands strict proof thereof.

33. The averments of this paragraph contain a request for relief to which no response is required. To the extent a response is required, Regions denies the Plaintiff is entitled to the relief requested.

Regions denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph and subparts following paragraph thirty-three.

## AFFIRMATIVE DEFENSES

### First Defense

Regions avers that Plaintiff's Complaint fails to state a claim under 47 U.S.C. § 227.

### Second Defense

Regions avers that Plaintiff lacks standing to assert a claim under 47 U.S.C. § 227 in that she is not the "called party" as contemplated by the statute.

### Third Defense

Regions avers that Plaintiff's claims are barred because any phone calls or texts message allegedly made to Plaintiff's cellular phone were made with prior express consent.

### Fourth Defense

Regions avers that Plaintiff's claims are barred because any text messages allegedly sent to Plaintiff's cellular phone were sent pursuant to a prior business relationship and/or in connection with a prior existing debt.

### Fifth Defense

Regions avers that Plaintiff's claims are barred because any text messages allegedly made to Plaintiff's cellular phone were commercial in nature and did not adversely affect privacy rights or transmit an unsolicited advertisement.

### Sixth Defense

Regions avers that Plaintiff's claims are barred because any text messages allegedly sent to Plaintiff's cellular phone do not support a claim under 47 U.S.C. § 227 based upon various FCC Rules and Regulations.

### Seventh Defense

Regions avers that Plaintiff's claims are barred because she was not charged for the allegedly violative text messages.

### Eighth Defense

Regions avers that Plaintiff's claims are barred by exemptions set forth in 47 U.S.C. § 227, *et seq.*

### Ninth Defense

Regions avers that Plaintiff's claims are barred and/or that she lacks standing to sue because she suffered no damages allegedly as a result of Regions' conduct.

### Tenth Defense

Regions avers that Plaintiff's claims are barred to the extent she did not mitigate her damages.

### Eleventh Defense

Regions avers that Plaintiff's claims are barred to the extent that any damages suffered by Plaintiff resulted from the acts or omissions of third parties not under Regions' direction or control.

### Twelfth Defense

Regions avers that Plaintiff's claims are barred because 47 U.S.C. § 227 is unconstitutionally vague and because it violates the First Amendment.

### Thirteenth Defense

Regions avers that Plaintiff's claims may not be properly maintained or certified as a class action and that Plaintiff has failed to allege adequately all of the elements necessary to establish a valid class action pursuant to Fed. R. Civ. P. 23.

### Fourteenth Defense

Plaintiff is not an appropriate class representatives because her claims are not typical of the claims of the other putative class members.

**Fifteenth Defense**

Plaintiff's claims are inappropriate for class treatment because there are no common questions of law and fact, and the alleged common questions do not predominate over questions affecting the individual members of the putative class, including but not limited to, whether the allegedly violative text messages were sent with prior express consent and whether the subject telephone number has been reassigned.

**Sixteenth Defense**

Plaintiff is not an adequate representative of the proposed class that Plaintiff seeks to represent.

**Seventeenth Defense**

The putative class is not sufficiently defined and is not ascertainable. The putative class is overbroad and indefinite and may include a substantial number of people who have no claim under the theory advanced by Plaintiff.

**Eighteenth Defense**

The identity of the putative class cannot be determined by the application of objective and/or precise criteria on a class-wide basis.

**Nineteenth Defense**

The putative class is not so numerous that joinder of all members is impracticable.

### Twentieth Defense

The putative class is an improper fail safe class and is unmanageable.

### Twenty-First Defense

The damages sought by the named Plaintiff on behalf of the putative class cannot be recovered without specific proof by each alleged class member that he or she has been injured and that he or she has met all conditions precedent to bringing suit.

### Twenty-Second Defense

Regions pleads the applicability of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.,* to any and all claims made against Regions that fall within any applicable arbitration provision with Regions' customers. This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims covered by an arbitration provision.

### Twenty-Third Defense

To avoid waiving any affirmative defense, Regions avers that Plaintiff's claims may be barred by the affirmative defenses stated in Fed. R. Civ. P. 8(c)(1), Fed. R. Civ. P. 12(b), or any one of them.

Respectfully submitted this the 19th day of June, 2015,

By: /s/ *Robin L. McGrath*
Maibeth J. Porter (ASB-3915-O40M)
Joshua B. Baker (ASB-5105-S72B)
OF COUNSEL
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 6th Ave. North
Birmingham, Alabama 35203
Telephone:  1(205) 254-1000
Facsimile:   1(205) 254-1999

Robin L. McGrath, Ga. Bar No. 493115 (admitted *pro hac vice*)
Edward J. Benz, III, Ga. Bar No. 344010
(admitted *pro hac vice*)
Andrea J. Pearson, Ga. Bar No. 409604
(admitted *pro hac vice*)
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, GA  30309
Telephone:1(404) 815-2400
Facsimile: 1(404) 815-2424

*Attorneys for Defendant Regions Bank*

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via the CM/ECF electronic filing system or via U.S. Mail on this the 19th day of June, 2015.

Michal S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM, P.C.
The Kress Building
301 19th Street North, Suite 581
Birmingham, Alabama 35203
Telephone: 205-458-1202
Facsimile: 205-208-9632
Email: MicahAdkins@ItsYourCreditReport.com
*Attorneys for Plaintiff*

William Peerce Howard
Morgan & Morgan, Tampa P.A.
One Tampa City Center
201 N. Franklin St., 13th Floor
Tampa, Florida 33602
Telephone: 1(813) 223-5505
Facsimile:  1(813) 223-5402
*Attorney for Plaintiff*

Cathleen M. Combs
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
Telephone: 1(312) 739-4200
Facsimile:  1(312) 419-0379
*Attorney for Plaintiff*

                                                _/s *Robin L. McGrath*_____
                                                       Robin L. McGrath