# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SUEANN SWANEY, on behalf of plaintiff and the class defined below,<br><br>    Plaintiff,<br><br>v.<br><br>REGIONS BANK,<br><br>    Defendant. | CIVIL ACTION NO.<br>2:13-cv-00544-JHE |

# DEFENDANT REGIONS BANK'S
# OBJECTIONS TO REPORT AND RECOMMENDATION

COMES NOW Defendant Regions Bank ("Regions") and, pursuant to Fed. R. Civ. P. 72(b)(2), submits these Objections to the July 13, 2015 Report and Recommendation (R&R) in which the Magistrate Judge recommended that the Court (i) grant Plaintiff SueAnn Swaney's motion for partial summary judgment that Regions' accused text alert system (the "Accused System")[1] is an Automatic Telephone Dialing System ("ATDS") under the Telephone Consumer Protection Act ("TCPA") and (ii) deny Regions' motion for summary judgment that Regions' system is not an ATDS under the TCPA. In support, Regions shows as follows:

## I. INTRODUCTION

For the reasons discussed herein, Regions objects to (i) the R&R's conclusion that "Swaney presents sufficient evidence to demonstrate the Accused System has the capacity to dial numbers without human intervention" and "[u]nder the FCC's interpretation of the relevant TCPA provisions, this is all that is required," (ii) the R&R's recommendation that Plaintiff's motion for partial summary judgment be granted, and (iii) the R&R's recommendation that Regions' motion for summary judgment be denied (Dkt. No. 117 at 13-14). As shown herein, both the TCPA and the FCC's interpretation thereof require that to be an ATDS, equipment ***must*** have the capacity to store or produce numbers using a random or sequential number generator – capacity missing from the Accused System – even though the equipment need not ever use such capacity for liability to attach.

With the utmost respect to the Magistrate Judge's analysis and opinion, the R&R's conclusion that an ATDS need only have "the capacity to dial numbers without human

---

[1] The relevant facts concerning the operation of the Accused System are set forth in the R&R. Other than incorrectly indicating that bank customers are eligible to register for mobile alerts by downloading the Regions' iPhone mobile app onto a mobile device, Regions does not dispute the findings of fact contained in the R&R. As the R&R recognizes, the Accused System sends text message alerts to bank customers who have requested to receive alerts when certain activity has taken place with their bank accounts (Dkt. No. 117 at 4-5).

1

intervention" appears to be based on an overly narrow interpretation of the FCC orders addressing the definition of ATDS. Indeed, as discussed in greater detail below, a 2015 FCC Order issued less than three weeks ago **confirms** that contrary to the conclusion in the R&R, to be an ATDS, equipment **must** have the capacity to store or produce numbers using a random or sequential number generator even if that capacity is never used.

Because there is no evidence to establish that the Accused System has the requisite capacity to be an ATDS, Regions requests that the Court reject the R&R and enter summary judgment in favor of Regions on the ground that the Accused System is not an ATDS.

## II. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In recommending summary judgment in favor of Plaintiff, the Magistrate Judge concluded that "all that is required" for equipment to be an ATDS under the TCPA is that the equipment have "the capacity to dial numbers without human intervention" (Dkt. No. 117 at 13). In reaching this conclusion, the R&R erroneously relies, in large part, on a 2003 FCC Order addressing whether "predictive dialers" fall within the statutory definition of ATDS (*id.*, citing *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, 18 FCC Rcd. 14014, at ¶129 (2003)). Although the R&R acknowledges that the Accused System is not a predictive dialer,[2] in applying the 2003 FCC Order to the Accused System, the R&R cites to three non-binding decisions out of the Southern District of Florida and the Northern District of California in which those courts applied the reasoning of the 2003 FCC Order to systems that were not predictive dialers (Dkt. No. 117 at 10). While the R&R acknowledged other district court decisions that did not apply the 2003 FCC Order outside of the context of predictive dialers, the R&R found those decisions to be "distinguishable" or "unpersuasive" (*id.* at 10-11).

---

[2] Specifically, the R&R concludes "[t]here is no predictive algorithm in the Accused System" (Dkt. No. 117 at 7).

One of the decisions the R&R distinguished is the 2013 decision from this Court, *Hunt v. 21st Century Mortgage Corp.*, No. 1:12-cv-2697-WMA, 2013 WL 5230061 (N.D. Ala. Sept. 17, 2013). In *Hunt*, this Court addressed the definition of ATDS under the TCPA and specifically distinguished between the statutory requirement that equipment have the *capacity* to store or produce numbers using a random or sequential number generator and the actual use of such capacity. In particular, the *Hunt* Court held that to be an ATDS, equipment *must* have the statutorily indicated capacity, but it need not use such capacity for liability to attach:

> To meet the TCPA definition of an 'automatic telephone dialing system,' a system **must** have the present capacity, at the time the calls were being made, to store or produce and call numbers from a number generator. . . . [A] defendant **can be liable** under 227(b)(1)(A) whenever it has such a system, **even if it does not make use of the automatic dialing capability** . . . .

*Id.* at *4. Notwithstanding that the *Hunt* case is a decision from this Court, the R&R relies instead on non-binding decisions from other jurisdictions, to conclude that the 2003 FCC Order *expanded* the definition of ATDS (Dkt. No. 117 at 8-9 ("in 2003, the FCC expanded that definition [of ATDS] . . . ."). It did so based on its determination that *Hunt* is distinguishable because (i) "it addresses a discovery motion as opposed to a motion for summary judgment" and (ii) "it neither addresses nor discusses the application of the 2003 FCC Order" (*id*. at 11).

The R&R then cites to a 2012 FCC Order to further support its conclusion (*id.* at 12). According to the R&R, the 2012 FCC Order establishes that equipment need not have the capacity to store or produce numbers using a random or sequential number generator to be an ATDS (*id.*). In particular, the 2012 FCC Order reads:

> Under the TCPA, the term 'automatic telephone dialing system' or 'autodialer' is defined as 'equipment which has the capacity -- (A) to store or produce telephone numbers to be called, **using a random or sequential number generator**; and (B) to dial such numbers.' Id. § 227(a)(1). The Commission has emphasized that this definition **covers any equipment that has the specified capacity to generate numbers and dial them without**

3

**human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists**. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14092, para. 133 (2003) (2003 TCPA Order). The Commission has, for example, concluded that the scope of that definition encompasses 'hardware [that], when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers,' in light of, among other things, its conclusion that 'the purpose of the requirement that equipment have the "capacity to store or produce telephone numbers to be called" is to ensure that the prohibition on autodialed calls not be circumvented.'

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-78, 27 FCC Rcd. 15391, 1539 n. 5 (Nov. 29, 2012) (emphasis added).

For the reasons discussed below, Regions respectfully submits that R&R has misapplied the FCC's orders to support an incorrect definition of ATDS under the TCPA.

### III. ARGUMENT AND CITATION OF AUTHORITY

**A. The FCC Has Recently Confirmed that An ATDS <u>Must</u> Have the Capacity to Store or Produce Numbers Using a Random or Sequential Number Generator.**

The TCPA explicitly defines ATDS to mean "equipment which has the **capacity**":

(A) to store or produce telephone numbers to be called, **using a random or sequential number** generator; and

(B) to dial such numbers.

47 U.S.C. §227(a)(1) (emphasis added).

Both in its motion for summary judgment and its opposition to Plaintiff's motion for summary judgment, Regions explained why the FCC Orders did not expand the statutory definition of ATDS or otherwise alter the TCPA's requirement, as acknowledged by this Court in the *Hunt* case, that to be an ATDS, equipment must have the capacity to store or produce numbers using a random or sequential number generator, even if that capacity is never used.

Specifically, Regions noted that in the 2012 FCC Order, the FCC recognized the TCPA's definition of ATDS "covers any equipment that has the **specified capacity** to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 FCC Rcd. 15391, l5391 n. 5 (2012) (emphasis added). The phrase "specified capacity" is a reference to the immediately preceding sentence regarding use of "a random number generator." That is, the 2012 FCC Order makes clear that as long as equipment has such capacity to store or generate numbers using a random or sequential number generator, it is still an ATDS even if it does not use that capacity but instead calls numbers "from calling lists."

Similarly, Regions noted that 2003 FCC Order addressing predictive dialers likewise required the specified capacity to exist, even though it need not be used. *See* Dkt. No. 90 at 15 citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, 18 FCC Rcd. 14014, 14091-92 (2003) (noting that the statutory definition "provides that, in order to be considered an 'automatic telephone dialing system,' the equipment need only have the "*capacity* to store or produce telephone numbers (emphasis added). . . ."). Notwithstanding the foregoing, the R&R expressly rejected any requirement that an ATDS have the capacity to store or generate numbers using a random number generator, finding instead that "[b]y all appearances, the FCC is longer concerned with whether equipment has the capacity to be programmed for sequential or random dialing when determining if it is an ATDS" (Dkt. No. 117 at 12).

However, in a Declaratory Ruling and Order released less than three weeks ago on July 10, 2015, the Federal Communications Commission stated just the opposite and confirmed that indeed an ATDS **must** have the capacity set forth in the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG

Docket No. 02-278, 2015 WL 4387780 (2015) (the "2015 FCC Order"). Specifically, in the 2015 FCC Order, the FCC:

> **reaffirm[ed]** our previous statements that dialing equipment generally has the **capacity** to store or produce, and dial **random or sequential numbers** (and thus meets the TCPA's definition of "autodialer") **even if it is not presently used for that purpose**, including when the caller is calling a set list of consumers. We also reiterate that predictive dialers, as previously described by the Commission satisfy the TCPA's definition of "autodialer" for the same reason.

*Id.* at ¶ 10 (emphasis added). *See also id.* ¶ 111 ("Even assuming that the equipment does not actually use a random or sequential number generator, the capacity to do so would make it subject to the TCPA"). In so ruling, the FCC noted that it "has already twice addressed the issue in 2003 and 2008, stating that autodialers need only have the 'capacity' to dial random and sequential numbers, rather than the 'present ability' to do so." *Id.* at ¶15. The 2015 FCC Order thus confirmed that "any equipment that has the requisite 'capacity' is an autodialer and is therefore subject to the TCPA." *Id.* That is, the 2015 FCC Order explicitly rejected the R&R's conclusion that "all that is required" to be an ATDS "[u]nder the FCC's interpretation of the relevant TCPA provisions" is that a system have "the capacity to dial numbers without human intervention."

**B.     There Is No Evidence that the Accused System has the Requisite Capacity.**

In this case, Plaintiff has not come forward with a shred of evidence to establish that the Accused System has the requisite "capacity" to store or produce and dial random or sequential numbers. Indeed, in its "Statement of Undisputed Facts," Plaintiff sets forth 28 purportedly undisputed facts, not a single one of which addresses the capacity of the Accused System (*see* Dkt. No. 59 at 2-5). To the contrary, Plaintiff's sole basis for seeking partial summary judgment is its assertion that through the Accused System "text messages are sent automatically, without human intervention" (*id*. at 5, ¶22; 7, and 10).

In addition, logic dictates against any conclusion that the Accused System has the capacity to dial random or sequential numbers. Specifically, the undisputed facts establish that text alerts can *only* be triggered in connection with an existing bank account and thereafter sent to a number registered to that account (Dkt. No. 117 at 4-5). It would simply be impossible for the Accused System to be modified or otherwise reconfigured to send mobile banking alerts regarding a customer's bank account to a random or sequentially generated number and continue to operate as a functioning text alert system.

Indeed, to perform its sole function of notifying registered bank customers of activity in connection with their bank accounts, text alerts can only be sent to the telephone numbers registered to the customer's account. While it is *theoretically* possible for the system to be modified to generate and store random or sequential numbers, the system could never by modified to send alerts to (*i.e.*, dial) those random/sequential numbers and still operate as a text alert system. To the contrary, any such theoretical modification would necessarily render the system completely inoperable because it would prevent the registered customer from receiving notification of the activity on his or her account, which is the whole purpose of the system. In its 2015 FCC Order, the FCC specifically noted that "there must be more than a theoretical potential that the equipment could be modified to satisfy the 'autodialer' definition." 2015 FCC Order, 2015 WL 4387780, at ¶18. Here, any possible argument by Plaintiff that the Accused System could be modified to satisfy the definition of ATDS is not only unsupported by evidence in the record, but would be nothing more than a "theoretical" argument given that any such modification would undermine the entire purpose of the system and would necessarily cause the system to cease to function for its intended purpose.

## IV. CONCLUSION

For the foregoing reasons, Regions respectfully requests that the Court reject the R&R's recommendation that partial summary judgment be entered in favor of Plaintiff and

further requests that the Court enter summary judgment in favor of Regions on the ground that Regions does not use an ATDS as defined by the TCPA.

Respectfully Submitted
Dated: July 27, 2015

By: /s/ *Robin L. McGrath*
Maibeth J. Porter (ASB-3915-O40M)
Joshua B. Baker (ASB-5105-S72B)
OF COUNSEL
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 6th Ave. North
Birmingham, Alabama 35203
Telephone: 1(205) 254-1000
Facsimile: 1(205) 254-1999

Robin L. McGrath, Ga. Bar No. 493115
(admitted *pro hac vice*)
Edward J. Benz, III, Ga. Bar No. 344010
(admitted *pro hac vice*)
Andrea J. Pearson, Ga. Bar No. 409604
(admitted *pro hac vice*)
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, GA 30309
Telephone: 1(404) 815-2400
Facsimile: 1(404) 815-2424

*Attorneys for Defendant*
*Regions Bank*

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via the CM/ECF electronic filing system or via U.S. Mail on this the 27th day of July, 2015.

Michal S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM, P.C.
The Kress Building
301 19th Street North, Suite 581
Birmingham, Alabama 35203
Telephone: 205-458-1202
Facsimile: 205-208-9632
Email: MicahAdkins@ItsYourCreditReport.com
*Attorneys for Plaintiff*

William Peerce Howard
Morgan & Morgan, Tampa P.A.
One Tampa City Center
201 N. Franklin St., 13th Floor
Tampa, Florida 33602
Telephone: 1(813) 223-5505
Facsimile: 1(813) 223-5402
*Attorney for Plaintiff*

Cathleen M. Combs
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
Telephone: 1(312) 739-4200
Facsimile: 1(312) 419-0379
*Attorney for Plaintiff*

                  /s *Robin L. McGrath*

                  Robin L. McGrath