# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SUEANN SWANEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:13-cv-00544-JHE |
| REGIONS BANK, | ) |
| Defendant. | ) |

## REGIONS BANK'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's Order of April 2, 2018, Defendant Regions Bank submits this supplemental brief setting forth the reasons that the D.C. Circuit's ruling in *ACA International, et. al, v. Federal Communications Commissions and United States of America*, Case No. 15-1211, 2018 WL 1352922 (D.C. Cir. Mar. 16, 2018) ("*ACA*"), dictates that the Court sustain Regions' objections to the Magistrate's Recommendation of summary judgment in favor of Plaintiff and enter summary judgment in favor of Regions on the ground that Regions' text alert system (the "Accused System") is not an Automatic telephone Dialing System ("ATDS") under the Telephone Consumer Protection Act ("TCPA").

## I.   RELEVANT BACKGROUND FACTS

**A.   The D.C. Circuit's Decision**

In *ACA*, the D.C. Circuit addressed, among other things, the FCC's interpretation of the term "capacity" as used in the TCPA's definition of ATDS. *Id.*  That definition requires equipment to have the "capacity" to do two things: (i) "store or produce numbers to be called, using a random or sequential number generator"; and (ii) "dial such numbers." 47 U.S.C. § 227(a)(1).  In a 2015 ruling, the FCC clarified that the term "capacity" is broad enough to encompass a device's "potential functionalities," which includes "features that can be added . . . through software changes or updates." *ACA*, 2018 WL 1352922 at *6.  According to the FCC, therefore, equipment "can possess the requisite 'capacity' to satisfy the statutory definition of an 'autodialer' even if, for example, it requires the addition of software to actually perform the functions described in the definition." *Id.*  Finding the FCC's interpretation to be "eye-popping" in its "sweep" and "utterly unreasonable in the breadth of its regulatory [in]clusion," the D.C. Circuit set aside that interpretation as "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." *Id.* at *4, 6, 8.

1

Accordingly, pursuant to the ruling in *ACA*, equipment is **not** an ATDS if it requires "software changes or updates" in order to "store or produce numbers to be called, using a random or sequential number generator" and "dial such numbers."

**B.     TCPA-Related Discovery**

From the outset of the case, the parties have disputed whether the Accused System qualifies as an ATDS under the TCPA. Regions has consistently asserted that the Accused System is not an ATDS because it has no capacity to store or produce numbers using a random or sequential number generator and dial such numbers, as required by the TCPA (Dkt. No. 63, p. 13). Plaintiff, on the other hand, has taken the position that the Accused System is an ATDS because the TCPA's definition of ATDS requires only that equipment dial numbers from a list without human intervention (Dkt. No. 59, pp. 8-9). Because TCPA liability rests on the resolution of this issue, the Magistrate allowed the parties to address this dispute as a "threshold" issue, providing the parties several months to pursue discovery on "whether Regions' system is an 'automatic telephone dialing system.'" (Dkt. No. 30).

During discovery, Plaintiff took a 30(b)(6) deposition of Monitise (the Accused System provider) directed to the operation, functionality, and features of the Accused System. Fully aware of Regions' position regarding the requisite capacity under the TCPA, Plaintiff chose not to pose a single question regarding the system's capacity to use a random or sequential number generator, nor did it ask about modifications that could be made to allow the system to have the required functionality (Dkt No. 63, p. 6). Plaintiff also submitted an expert report on the ATDS issue. In that report, Plaintiff's expert did not offer a single opinion regarding the system's capacity (present or potential) to use a random or sequential number generator (*id.*, p. 13). Instead, the expert opined that the "only thing to consider when determining whether or not this system meets the definition of an ATDS was to determine if the system either stores or produces

2

numbers (production of numbers with computers is done with a random or sequential number generator) and calls them automatically" (*id.*).

**C.     Pending Summary Judgment Motions**

At the close of ATDS discovery, both parties submitted motions for summary judgment on the ATDS issue. In its motion, Plaintiff acknowledged Regions' position "that 'under the TCPA to be an ATDS, equipment must have the capacity to store or produce numbers using a random or sequential generator," but concluded "[t]his is false" (Dkt. No. 86, p.3). According to Plaintiff, "an autodialer need not 'us[e] a random or sequential number generator' to be defined as an ATDS under the TCPA" (Dkt. No. 99, p. 2). Instead, Plaintiff asserted that the only relevant consideration is that "texts are sent, without human intervention, to a list of numbers" (Dkt. No., 86, p.5). Because "Regions' equipment meets this definition," Plaintiff sought summary judgment notwithstanding the absence of any evidence regarding the system's capacity (Dkt. No. 86, p.7). Regions, on the other hand, sought summary judgment in its favor specifically in light of Plaintiff's failure to show any evidence of "capacity" (Dkt. No. 63, p. 13) ("Plaintiff has come forward with no evidence to show that the Accused System has the present capacity to store or produce telephone numbers to be called using a random or sequential number generator.").

Before the stay, and notwithstanding the absence of evidence regarding the Accused System's "capacity," the Magistrate recommended that the Court grant Plaintiff's summary judgment motion[1] (Dkt. No. 34). That recommendation, however, was based on "the FCC's

---

[1] The Court sustained Regions' objections to the Magistrate's first recommendation, but on remand, the Magistrate again recommended granting Plaintiff's motion.  Regions filed objections to this second recommendation (Dkt. No. 135), but due to the stay, the Court has yet to rule on them.

3

2015 Order [that] specifically contemplates the 'addition of software' – i.e., reprogramming – in determining the capacity," an interpretation the D.C. Circuit has now set aside (*id.*, p. 3).

## II. ARGUMENT

Based on the evidence of record, there is no dispute that, as presently designed, the Accused System does not have the ability to store or produce numbers to be called using a random or sequential number generator and to dial those numbers. Indeed, the only numbers to which texts are presently able to be sent are cell phone numbers associated with a Regions bank account that have been provided to Regions by a bank customer, and even then, only when a "triggering" event has occurred on the account (Dkt. No. 63, pp. 2, 3, 6). None of these numbers have been randomly or sequentially generated (either by the Accused System or elsewhere). Moreover, the texts sent are not generic in nature, but are specific both to the customer's account and to the triggering event (*id.*, p. 1). As currently designed, therefore, there is nothing in the system that could possibly initiate the sending of generically applicable texts to randomly or sequentially generated numbers.

Moreover, there is a complete dearth of evidence in the record regarding what changes, if any, could be made that would allow the system to store or produce randomly or sequentially generated numbers and actually dial those numbers. Thus, even if the *ACA* decision left open the possibility that courts could still interpret "capacity" to allow for *some* type of equipment modification, Plaintiff has simply not come forward with *any* evidence (despite being given every opportunity to pursue discovery) regarding modifications that would have to be made to the Accused System such that Plaintiff could possibly satisfy such an interpretation.[2]

---

[2] Plaintiff has tacitly admitted that software would have to be added to the Accused System to provide it with the requisite functionality, although in doing so Plaintiff attempted to shift the burden to Regions to disprove the System's capacity in light of its failure to come forward with evidence of the System's

4

Because Plaintiff has failed its burden of showing disputed issues of fact regarding the Accused System's "capacity" to store or produce randomly or sequentially generated numbers and dial those numbers, Regions is entitled to summary judgment that the Accused System is not an ATDS.

### III. CONCLUSION

Because the Magistrate's recommendation for entry of summary judgment in favor of Plaintiff is based entirely on that portion of the FCC's 2015 decision that has now been set aside, the Court should sustain Regions' objections to that recommendation. Additionally, given Plaintiff's failure to come forward with any evidence to show that the Accused System has the capacity to store or produce numbers to be called using a random or sequential number generator and dial those numbers, the Court should grant Regions' Motion for Summary Judgment.

Respectfully submitted this 16th day of April, 2018.

>
> /s/ Joshua B. Baker
> Maibeth Porter (ASB-3915-O40M)
> Joshua B. Baker (ASB-5105-S72B)
> OF COUNSEL
> Maynard, Cooper & Gale, P.C.
> 2400 Regions/Harbert Plaza, 1901 6th Ave. North
> Birmingham, Alabama 35203
> Telephone: (205) 254-1000 / Fax: (205) 254-1999
>
> Robin L. McGrath (GBN 93115)
> (admitted *pro hac vice*)
> Duane Morris LLP
> 1075 Peachtree Street NE, Suite 2000
> Atlanta, Georgia 30309-3929
> Telephone: (404) 253-6922 / Fax: (404) 745 0806
> rlmcgrath@duanemorris.com
>
> ***Attorneys for Defendant***
> ***Regions Bank***

---

capacity (Dkt. No. 99, p. 7) ("Regions has not, and cannot, establish that, when 'paired with certain software' its Text Alert System could not 'store or produce numbers to be called[] using a random or sequential number generator.'").

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via the CM/ECF electronic filing system or via U.S. Mail on this the 16th day of April, 2018:

Micah S. Adkins (ASB-8639-I48A)
The Adkins Firm, P.C.
Two Perimeter Park South
Suite 405 E
Birmingham, Alabama 35243
*Attorney for Plaintiff*

William Peerce Howard
The Consumer Protection Firm, PLLC
210-A South Macdill Avenue
Tampa, Florida 33609
*Attorney for Plaintiff*

John Allen Yanchunis, Sr.
Morgan & Morgan, Tampa P.A.
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, Florida 33602
*Attorney for Plaintiff*

Cathleen M. Combs
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
*Attorney for Plaintiff*

                                                */s/ Joshua B. Baker*
                                                OF COUNSEL