FILED

2018 Apr-16  AM 11:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SUEANN SWANEY, on behalf of plaintiff
and the class defined below,

     Plaintiff,

                               CASE NO.:  2:13-CV-00544-JHE

-vs-

REGIONS BANK,

     Defendant.

_____/

**PLAINTIFF'S MEMORANDUM OF LAW ON THE EFFECT OF THE _ACA_ DECISION
ON DEFENDANT REGIONS BANK'S OBJECTIONS TO MAGISTRTATE JUDGE'S
SUPPLEMENTAL REPORT AND RECOMMENDATION [DOC. 135]**

As the Court is aware, the U.S. Magistrate Judge assigned to this case, the Honorable Judge John H. England III, has issued two Reports and Recommendations in this case, both of which found  Plaintiff to be entitled to summary judgment in her favor.  The first of these reports (Doc. #117), issued on July 13, 2015, was rendered on the Monday that immediately followed the Friday release of the 2015 FCC Order and quite clearly reflected a lack of opportunity to take into account the 2015 FCC Order.  Recognizing this, this Court directed that a supplemental report be prepared addressing the standards set forth in 2015 FCC Order.  (Doc. #121).  This Supplemental Report found that the 2015 FCC Order supported essentially the same conclusions that were reached in the original report.  (Doc. #134).  Following a hearing before this Court, this case was subsequently stayed to await review of the 2015 FCC Order by the D.C. Circuit Court.

The D.C. Circuit has now completed its review of the 2015 FCC Order by releasing its opinion in _ACA International v. Fed. Communications Commission_, No. 15-1211, 2018 WL 1352922, (D.C. Cir. Mar. 16, 2018), and, while this opinion invalidated certain portions of the

2015 FCC Order, it has not changed the fact that  Plaintiff is entitled to summary judgment. Indeed, as will be further explained below, the D.C. Circuit Court's opinion has actually strengthened  Plaintiff's position substantially by confirming Judge England's interpretation of the now-operative 2003 FCC Order.  Furthermore, as mentioned above,  Plaintiff was found to be entitled to summary judgment by Judge England both under the standards that pre-dated the 2015 FCC Order (in the original R&R) and those that resulted from the order (in the Supplemental R&R).   Plaintiff's summary judgment arguments thus never relied upon the validity of the 2015 FCC order.

Turning to an analysis of the *ACA International* opinion, it is important to note that the D.C. Circuit Court''s reasons for invalidating the Automatic Telephone Dialing System ("ATDS") portions of the 2015 FCC Order offer little solace to Regions.  Indeed, the principal concern of the D.C. Circuit was that the 2015 FCC Order adopted "an expansive interpretation of 'capacity' having the apparent effect of embracing any and all smartphones: the device routinely used by the vast majority of citizens to make calls and send messages (and for many people, the sole phone equipment they own)."  *ACA Int'l* 2018 WL 1352922, at *5.  The D.C. Circuit's misgivings about including common consumer devices within the ambit of the TCPA are quite obviously of little assistance to Regions, as the accused ATDS that it operates is hardly a ubiquitous consumer item such as a smartphone but rather an industrial[1] device that is used to send over **nineteen million (19,000,000) texts per month**.  Furthermore, the D.C. Circuit's suggested a neat and tidy solution to this smartphone problem, namely a regulatory exemption for smartphones.  *See id*. at *8 (proposing that the FCC could "fashion exemptions preventing a

---

[1]      To illustrate the scale of automation inherent to Regions' ATDS, Regions would need to employ 8 people capable of sending out one text every second, of every minute, 24 hours a day, for 31 days to actually send out over 19,000,000 texts in a month.  Furthermore, it can be inferred that Regions has sent texts a mind boggling 2 billion times (2,052,000,000) since March 21, 2009.

result under which every uninvited call or message from a standard smartphone would violate the statute").  Regions quite obviously would not benefit from any such exemption.

Aside from the smartphone issue, the D.C. Circuit Court's other concern was that the 2015 FCC Order sent mixed messages regarding the applicable standards for an ATDS. Specifically, the D.C. Circuit stated the following:

> While the 2015 ruling indicates in certain places that a device must be able to generate and dial random or sequential numbers to meet the TCPA's definition of an autodialer, it also suggests a competing view: that equipment can meet the statutory definition even if it lacks that capacity. The Commission reaffirmed its 2003 ruling insofar as that order had found predictive dialers to qualify as ATDSs. 2015 Declaratory Ruling, 30 FCC Rcd. at 7972-73 ¶¶ 12-14. And in the 2003 order, the Commission had made clear that, while some predictive dialers cannot be programmed to generate random or sequential phone numbers, they still satisfy the statutory definition of an ATDS. 2003 Order, 18 FCC Rcd. at 14,091 ¶ 131 n.432; id.at 14,093 ¶ 133. By reaffirming that conclusion in its 2015 ruling, the Commission supported the notion that a device can be considered an autodialer even if it has no capacity itself to generate random or sequential numbers (and instead can only dial from an externally supplied set of numbers). The 2015 ruling correspondingly expresses that "predictive dialers" can differ from other "dialers that utilize random or sequential numbers instead of a list of numbers." 2015 Declaratory Ruling, 30 FCC Rcd. at 7973.
>
> So which is it: does a device qualify as an ATDS only if it can generate random or sequential numbers to be dialed, or can it so qualify even if it lacks that capacity? The 2015 ruling, while speaking to the question in several ways, gives no clear answer (and in fact seems to give both answers). It might be permissible for the Commission to adopt either interpretation. But the Commission cannot, consistent with reasoned decisionmaking, espouse both competing interpretations in the same order.

ACA Int'l, 2018 WL 1352922, at *11-12.  As can be seen from the above excerpt, the D.C. Circuit Court's fundamentally had no quarrel with the regulatory framework that existed prior to the 2015 FCC order, namely the 2003 FCC Order's "clear" pronouncement that, "while some predictive dialers cannot be programmed to generate random or sequential phone numbers, they still satisfy the statutory definition of an ATDS."  *Id.*  Indeed, the court specifically suggested that this interpretation fell within the discretion of the FCC, noting that "it might be permissible

for the Commission to adopt either interpretation." *Id.*  Rather, the D.C. Circuit Court's problem was with the FCC's 2015 Order, and that problem was that the 2015 Order "espouse[d][two]competing interpretations in the same order."

In light of the *ACA International* decision, the 2003 FCC Order has once again become of pivotal importance in this case, as it was what was principally relied upon by Judge England in his initial Report and Recommendation to conclude that  Plaintiff was entitled to summary judgment and has now returned to being the operative law in light of the invalidation of the relevant portions of the 2015 FCC Order.  *See Envtl. Def. v. Leavitt*, 329 F. Supp. 2d 55, 64 (D.D.C. 2004) ("When a court vacates an agency's rules, the vacatur restores the status quo before the invalid rule took effect and the agency must initiate another rulemaking proceeding if it would seek to confront the problem anew.").  Significantly, as was shown in the excerpt above, the *ACA International* opinion confirmed Judge England's conclusion that the 2003 FCC Order "determined that predictive dialers are within the definition of an ATDS, even though they may not 'store or produce telephone numbers to be called, using a random or sequential number generator,' as set forth in the text of the TCPA." (Doc. #117, p. 9).  This reflects a **wholesale rejection** of Regions' **principal argument against summary judgment** in this case, namely its contention that "to be an ATDS, equipment must have the capacity to store or produce numbers using a random or sequential number generator, even if that capacity is never used." (Doc. #118, pp. 4-5).  Thus, to the extent that the Court had expressed concern that Judge England had applied the "wrong standard" (Doc. 121) in his initial report, any doubts that may have existed have now been eliminated by the *ACA International* decision.  As such,  Plaintiff is entitled to summary judgment for the reasons stated in Judge England's initial report (Doc. #117) even moreso than was the case when that report was first issued.

In summation, Judge England's initial report (Doc. #117) was spot one in its well reasoned conclusion that Plaintiff is entitled to summary judgment. Furthermore, the *ACA International* decision has only confirmed the validity of Judge England's interpretation in that report of the now-operative relevant FCC authority that existed prior to the 2015 FCC order. Plaintiff therefore respectfully requests that the Court follow Judge England's recommendation and grant summary judgment in Plaintiff's favor.

Respectfully submitted,

*/s/William Peerce Howard (admitted pro hac vice)*
William "Billy" Peerce Howard, Esquire
Florida Bar No.: 010330
THE CONSUMER PROTECTION FIRM
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*

John Yanchunis (admitted *pro hac vice*)
MORGAN & MORGAN TAMPA, P.A.
One Tampa City Center
201 N. Franklin St., 13th Floor
Tampa, Florida 33602
Telephone:     813-221-6573
Facsimile:     813-222-4719
jyanchunis@forthepeople.com
*Counsel for Plaintiff*

Micah S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM, P.C.
The Kress Building
301 19th Street North, Suite 581
Birmingham, Alabama 35203
205-458-1202 Direct
205-208-9632 Fax

E-Mail: MicahAdkins@ItsYourCreditReport.com

Cathleen M. Combs (admitted *pro hac vice*)
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
20 S. Clark St., Suite 1500
Chicago, IL 60603
Telephone:     312-739-4200
Facsimile:     312-419-0379
E-mail: ccombs@edcombs.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system to all parties of record.

Respectfully submitted,

*/s/William Peerce Howard (admitted pro hac vice)*
William "Billy" Peerce Howard, Esquire
Florida Bar No.: 010330
THE CONSUMER PROTECTION FIRM
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*