FILED
2018 May-22 AM 11:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SUEANNE SWANEY,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | |
| } | Case No.: 2:13-cv-00544-JHE |
| **REGIONS BANK,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION AND ORDER

In this case, Plaintiff Sueanne Swaney sued Defendant Regions Bank alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. The matter came before the court on the parties' cross motions for summary judgment on a single issue: whether Defendant's system qualifies as an "Automatic Telephone Dialing System" ("ATDS") as defined by the TCPA.

On July 13, 2015, the Magistrate Judge issued a Report and Recommendation that Plaintiff's motion for summary judgment be granted, and that Defendant's motion for summary judgment be denied. The Magistrate Judge reasoned that Defendant's system qualified as an ATDS because it has the "capacity to dial numbers without human intervention" regardless of any showing that it has the capacity to store or produce telephone numbers using a random or sequential number generator. In reaching this conclusion, the Magistrate Judge relied on language from a 2003 FCC decision which concluded that, in order to be considered an ATDS, the "equipment need only have the "capacity to store or produce telephone numbers." (Doc. #

117); *see In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, 18 FCC Rcd. 14014, at ¶129 (2003) (the "2013 FCC Order").

Defendant objected to the Magistrate Judge's Report and Recommendation. (Doc. # 118). This court sustained Defendant's objection in part and referred the case back to the Magistrate Judge to consider the issue presented in the parties' respective motions in light of an intervening 2015 decision from the FCC. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, 2015 WL 4387780 (2015). In his Supplemental Report and Recommendation, in light of the 2015 FCC Order, the Magistrate Judge again recommended that Plaintiff's motion for partial summary judgment be granted, and Defendant's motion for summary judgment be denied. (Doc. # 134).

The FCC's 2015 Order was then reviewed by the D.C. Circuit Court, and this case was stayed pending the decision on that review of the 2015 FCC Order. (Doc. # 139). The D.C. Circuit has now issued its decision regarding the 2015 FCC Order. *ACA International v. Fed. Communications Commission*, 885 F.3d 687 (D.C. Cir. 2018). The parties have submitted supplemental briefing on the effect of that decision. (Docs. # 147 – 150).

In *ACA International*, the D.C. Circuit invalidated certain portions of the 2015 FCC Order, but not the portion of the Order reaffirming the FCC's 2003 determination that, "while some predictive dialers cannot be programmed to generate random or sequential phone numbers, they still satisfy the statutory definition of an ATDS." 885 F.3d at 702 (quoting the 2013 FCC Order). In its 2003 Order, the FCC concluded that the defining characteristic of an ATDS is "the capacity to dial numbers without human intervention." 2003 FCC Order at 14092. In light of *ACA International*, that proposition still stands. 885 F.3d at 702.

Defendant's principal argument against summary judgment in this case is that "to be an ATDS, equipment must have the capacity to store or produce numbers using a random or sequential number generator, even if that capacity is never used." (Doc. #118 at 4-5). But that argument cannot be squared with the continuing validity of the 2003 FCC Order. "To determine whether a dialer is a predictive dialing system, and therefore an ATDS, 'the primary consideration ... is whether human intervention is required at the point in time at which the number is dialed.'" *Strauss v. CBE Grp., Inc.*, 173 F. Supp. 3d 1302, 1309 (S.D. Fla. 2016), *reconsideration denied*, 2016 WL 4402270 (S.D. Fla. June 8, 2016) (quoting *Brown v. NRA Grp., LLC*, 2015 WL 3562740, at *2 (M.D. Fla. June 5, 2015) (citation omitted)); *see also Legg v. Voice Media Grp., Inc.*, 20 F.Supp.3d 1370, 1374 (S.D. Fla. 2014) (explaining that "defining characteristic" of ATDS is "capacity to dial numbers without human intervention"). Here, Plaintiff presented sufficient evidence to demonstrate that the system at issue has the capacity to dial numbers (*i.e.,* send text messages) without human intervention. Therefore, the Magistrate Judge's recommendation that Plaintiff is entitled to partial summary judgment on this issue of whether the Defendant's system is an ATDS under the TCPA is due to be adopted.

After careful consideration of the record in this case and the Magistrate Judge's Reports and Recommendations, Defendant's objections are **OVERRULED**. The court hereby **ADOPTS** the Reports of the Magistrate Judge. (Docs. # 117, 134). The court further **ACCEPTS** the recommendations of the Magistrate Judge. It is therefore **ORDERED** as follows:

1. Plaintiff's Motion for Partial Summary Judgment (Doc. # 59) is **GRANTED**. Defendant's Motion for Summary Judgment (Doc. # 62) is **DENIED**.

2. This matter is **REFERRED** to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this May 22, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE