FILED

2019 Nov-12  PM 05:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

SUEANN SWANEY, on behalf of
Plaintiff and the class defined below,

      Plaintiff,                   CIVIL ACTION NO. 2:13-cv-00544-JHE

v.                             Class Action

REGIONS BANK,

      Defendant.

_____/

---

### PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

---

Plaintiff, SueAnn Swaney ("**Plaintiff**" or "**Class Representative**"), respectfully submits this Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class and Incorporated Memorandum of Law in Support.

## I.      INTRODUCTION

This case involves alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) ("**TCPA**"), which prohibits the use of automatic telephone dialing systems ("**ATDS**") to call or text cellular telephones unless the caller has the "prior express consent" of the called party to make such calls.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  Plaintiff alleges that Defendant, Regions Bank ("**Defendant**" or "**Regions**") violated the TCPA by sending text messages to cellular telephone numbers through the use of an ATDS without the prior express consent of consumers

1

who are the current holders of the cellular telephone numbers.  Defendant denies any liability and has asserted substantial defenses.

## II.   BACKGROUND

### A.   Nature of the Claims and Procedural History

Ms. Swaney filed this action on March 21, 2013, accusing Regions of violating the TCPA by sending text alert messages to her cell phone without consent.  On April 15, 2013, Regions filed a motion to stay (Doc. 6), which, on June 7, 2013, was granted, awaiting the Eleventh Circuit Court of Appeals' decision in *Breslow v. Wells Fargo Bank, N.A.*, Case No. 12-14564, to resolve the "called party" issue.  After extending the stay on several occasions, by order of May 9, 2014, the Court lifted the stay in light of the Eleventh Circuit's holding on the "called party" issue in *Osorio v. State Farm Bank, F.S.B.*, No. 13-10951, 2014 WL 1258023 (11th Cir. Mar. 28, 2014), and the Court permitted "limited discovery on (a) whether Regions' system is an 'automatic telephone dialing system.'"  (Doc. 27).  On February 9, 2015, both parties filed cross motions for summary judgment, (Docs. 59 and 62), as to whether the accused system constitutes an ATDS under the TCPA.  On July 13, 2015, Magistrate Judge England issued a Report and Recommendation that Plaintiff's motion for summary judgment (Doc. 59) be granted, and that Defendant's motion for summary judgment (Doc. 62) be denied.  (Doc. 117) ("R&R").

On November 18, 2015, this Court entered a Memorandum Opinion and Order, recognizing that the Magistrate Judge's R&R did not address the FCC's recently released ruling, *In re Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961 (2015) ("2015 FCC Order') and referred the matter back to the Magistrate Judge for further proceedings.  (Doc. 121).

On April 14, 2016, Magistrate Judge England entered his Supplemental Report and Recommendation. (Doc. 134) ("Supplemental R&R"), which found that the system at issue was an ATDS under the TCPA. Thus, Magistrate Judge England again recommended that Plaintiff's motion for partial summary judgment be granted and that Regions' motion for summary judgment be denied. On April 27, 2016, Regions filed its Objections to the Supplemental R&R. (Doc. 135). Also on April 14, 2016, Magistrate Judge England entered an order denying Regions' motion for another stay, (Doc. 133), to which Regions also objected. (Doc. 136).

Following a hearing, on May 13, 2016, the Court stayed this matter for a second time "pending a ruling by the D.C. Circuit Court of Appeals in *ACA Int'l v. FCC*, Case No. 15-1211 (the lead case in Consolidated Appeals) reviewing the FCC's 2015 Order." (Doc. 139). As directed by that Order, on April 23, 2018, the parties filed a status report upon a decision adjudicating the *ACA* case. (Doc. 145). Pursuant to the Court's briefing schedule (Doc. 146), the parties submitted supplemental arguments "addressing the effect of the *ACA* decision" on the still pending objections to the Supplemental R&R. (Docs. 147–150).

On May 22, 2018, this Court overruled Regions' objections and directed summary judgment be entered in Plaintiff's favor on the ATDS issue. (Doc. 153 at 3–4) (hereinafter "Summary Judgment Order"). Regions then sought reconsideration of the Summary Judgment Order, (Doc. 156), which, on August 6, 2018, was denied (Doc. 168). The order denying reconsideration also directed certain limited discovery to proceed and further directed a status report be filed on December 10, 2018. (Doc. 168). Pursuant to the parties' December 10, 2018 status report (Doc. 171), the Court directed that a further report be filed on or before February 11, 2019, detailing the status of the case, discovery, and mediation, and including a Rule 26(f) discovery plan. (Doc. 172).

Following the parties' submission of the February Status Report (Doc. 175) and Discovery Plan (Doc. 176), the Court entered a Scheduling Order on February 19, 2019.  (Doc 177).

As noted in the parties' February Status Report (Doc. 175), the parties' engaged in a mediation with Mediator Rodney Max on July 30, 2019.  At all times, the parties' negotiations were adversarial, non-collusive, and conducted at arm's length.  The mediation was successful and resulted in a settlement which has been memorialized in the Class Action Settlement Agreement ("**Settlement**"), attached as **Exhibit A** hereto, presently before this Court for consideration.

### B.   Summary of the Settlement Terms

Following mediation, the parties, through their respective counsel, turned to the task of memorializing the terms of the settlement, and the form and content of the class notice and related Settlement documents.  Plaintiff and Defendant finalized the terms and details of the Settlement.  Following is a summary of the Settlement's material terms.

**1.   The Settlement Class.**  The Settlement Class is an opt-out class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  It is defined to include:

> all persons who (a) received a text message from Regions between January 24, 2011 and the present, (b) without their prior express consent in that the called (i.e. texted) party was not the intended recipient or the recipient had previously informed Regions that it had the wrong number. Excluded from the Settlement Class are (a) any persons who signed a release of Regions related to such conduct in exchange for consideration; (b) any officers, directors or employees, or immediate family members of the officers, directors or employees, of Regions or any entity in which Regions has a controlling interest; (c) any legal counsel or employee of legal counsel for Regions; and (d) the presiding Judge in the Action, as well as the Judge's staff and their immediate family members.

Settlement ¶ 1.35 (cited to herein after as "S.A."), ("**Settlement Class**").[1]

---

[1] All capitalized terms used herein will have the meaning attributed to them in the Settlement Agreement unless otherwise defined herein.

**2.     Monetary, Prospective and Other Relief for the Benefit of the Class.**   The

Settlement requires the establishment of a common fund in the amount of $2,805,200 to be funded

by Defendant on a non-reversionary basis ("**Settlement Fund**").   S.A. ¶¶ 1.38, 3.1.   Class

Members who submit a valid and timely claim form will receive a check for $50.00.   S.A. ¶ 3.3(a).

If the funds available to pay claims in the amount of $50.00 to each Class Member who files a

claim after such funds are reduced by the payment of the Service Award and the Fee Award are

insufficient to pay claims in the amount of $50.00 each, the claims of those class members who

file a claim shall be reduced and paid on a *pro rata* basis.   *Id.*   If an amount greater than $50,000

remains in the Settlement Fund after the initial distribution to Settlement Class Members who file

a valid claim, then the Settlement Administrator shall distribute the remaining Settlement Fund to

Settlement Class Members who cashed their Benefit Check from the previous round of distribution

on a *pro rata* basis after all costs associated with the second distribution are paid from the

remaining Settlement Fund.   S.A. ¶ 3.3(b).[2]   Settlement Class Members who are eligible to receive

a second distribution shall not be entitled to receive more than the maximum that he or she could

have received under the TCPA for a single text message violation.   *Id.*

**3.     Class Release**.   In exchange for the benefits conferred by the Settlement, all Class

Members who do not opt out will be deemed to have released all claims against the Released

Parties, whether known or unknown, under the TCPA arising out of or related to any text messages

received from Defendant during the Class Period, including, but not limited to, claims asserted in

the Action or arising out of the facts and circumstances asserted in the Action.   S.A. ¶ 5.1.

---

[2] If an amount less than $50,000 remains in the Settlement Fund after the initial distribution to Settlement Class Members who file a valid claim, then such amount shall be distributed to the Cy Pres Recipient or Recipients approved by the Court. S.A. ¶ 3.3 Defendant recommends the United Way of Central Alabama, Inc., as the *cy pres* recipient. S.A. ¶ 1.14.

**4.    The Notice Plan.**  The notice plan is designed to provide the best notice practicable. The parties propose American Legal Claim Services, LLC as the settlement administrator ("**Settlement Administrator**"), a highly experienced and well-regarded notice and class administrator.  S.A. ¶ 1.34.  The administrative fees, costs, and expenses of the Settlement Administrator ("Settlement Administration Expenses") shall be paid exclusively by Defendant as such expenses are incurred, separate and apart from the Settlement Fund, except to the extent a second distribution to Class Members will be required, which will be paid from the Settlement Fund.  *See* S.A. ¶¶ 1.33, 1.38, 3.1, 3.3, 6.2.

The notice plan is comprised of direct mail notice, a Settlement Website, a toll-free telephone number, and a form of supplemental notice either by telephone or internet.  S.A. § 6. The Settlement Administrator will conduct research to identify the owners of the cell phones contained on the Class List.  The Settlement Administrator will then compare the results of such research to the names and addresses associated with these numbers as contained in Defendant's records. Where the research and the records do not match, the individual identified by the Settlement Administrator as associated with the number on the Class List will receive notice.

The Settlement Administrator will also set up and administer a Settlement Website devoted to this case, that Class Members can utilize to obtain information about the case, including settlement documents and claim forms, and to submit claim forms.  S.A. ¶ 6.2(c).  Defendant will also provide the notification required by the Class Action Fairness Act, 28 U.S.C. § 1715, to the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United States, and any other required government officials.  S.A. ¶ 6.3.

**5.    Class Representative Service Award.**  Class Counsel will seek, and Defendant will not oppose, a Service Award of up to $10,000.00 for Plaintiff (or in another lesser amount if

set by the Court). The payment of a Service Award is neither a condition for the settlement nor is Plaintiff's approval of the settlement conditioned upon the receipt of a Service Award.  If the Court approves the Service Award, the Service Award will be paid from the Settlement Fund.  The Service Award will be in addition to the relief Plaintiff will otherwise be entitled to under the terms of the Settlement.  The Service Award will compensate the Class Representative for her time and efforts in prosecuting this Action, and for representing the Class Members.  S.A. ¶ 13.2.

**6.      Attorneys' Fees, Costs and Expenses.**  Class Counsel will seek up to 30% of the Settlement Fund for their attorneys' fees, in addition to reimbursement of the litigation costs and expenses incurred in this Action, all of which shall be paid from the Settlement Fund subject to approval from the Court.  S.A. ¶ 13.1.  The parties negotiated these attorneys' fees, costs and expenses only after reaching agreement on all the material terms of the Settlement.  Declaration of John Yanchunis, attached hereto as **Exhibit B**, at ¶ 15 (hereinafter "Yanchunis Decl.").  In the event the Court grants preliminary approval of the Settlement, Class Counsel will file a motion seeking fees, costs and expenses, and propose that they do so no later than fifty (50) days after the Preliminary Approval Order has been entered.

In addition to seeking preliminary approval of the Settlement, Plaintiff also seeks conditional certification of a nationwide class for purposes of providing the Class with notice of the Settlement and an opportunity to opt-out, object, or otherwise be heard.  The Settlement satisfies all criteria for preliminary settlement approval under Eleventh Circuit law and is fair, reasonable and adequate.

## III.    ANALYSIS

### A.  Certification of the Settlement Class is Appropriate

Prior to granting preliminary approval of a proposed settlement, the Court should first determine that the proposed Settlement Class is appropriate for certification. *See* MANUAL FOR COMPLEX LITIG., § 21.632 (4th ed. 2004)); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Class certification is proper if the proposed class, proposed class representative, and proposed class counsel satisfy the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a). Fed. R. Civ. P 23(a)(1)–(4); *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001). Additionally, where (as in this case) certification is sought under Rule 23(b)(3), the plaintiff must demonstrate that common questions of law or fact predominate over individual issues and that a class action is superior to other methods of adjudicating the claims. Fed. R. Civ. P. 23(b)(3); *Amchem*, 521 U.S. at 615–16. District courts are given broad discretion to determine whether certification of a class action lawsuit is appropriate. *Walco Investments, Inc. v. Thenen*, 168 F.R.D. 315, 323 (S.D. Fla. 1996).

"Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem Products, Inc.*, 521 U.S. at 620.

### 1. The Proposed Settlement Class Meets All of the Requirements of Rule 23(a).

#### a. The Settlement Class Satisfies the Numerosity Requirement.

The first prerequisite to class certification is numerosity, which requires "the class [be] so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). "While 'mere allegations of numerosity are insufficient,' Rule 23(a)(1) imposes a 'generally low hurdle,' and 'a plaintiff need not show the precise number of members in the class.'" *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 684 (S.D. Fla. 2013) (citation omitted). While the exact size of the putative class need not be specified, "'generally less than twenty-one is

inadequate, more than forty adequate; with numbers between varying according to other factors.'" *Cox v. Am. Cast. Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (quoting 3B Moore's Federal Practice para. 23.05[1] n.7 (1978)).

In the present case, Defendant has identified approximately 65,000 unique cell phone numbers that the Settlement Administrator will evaluate as potential class members through additional research. Yanchunis Decl. ¶ 16. Thus, the numerosity requirement is easily satisfied.

### b.      The Settlement Class Satisfies the Commonality Requirement.

The second prerequisite to class certification is commonality, which "requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution–which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2545 (2011) (citation omitted). The commonality requirement presents a low hurdle, as commonality does not require that all questions of law and fact raised be common. *Beaty v. Cont'l Auto. Sys. U.S., Inc.*, CV-10-S-2440-NE, 2012 WL 12895014, at *4 (N.D. Ala. Feb. 6, 2012). "[F]or purposes of Rule 23(a)(2) '[e]ven a single [common] question' will do." *Dukes*, 131 S. Ct. at 2556.

"Rather, the test for commonality 'is qualitative rather than quantitative—that is, there need be only a single issue common to all members of the class.'" *Beaty*, 2012 WL 12895014, at *4 (quoting 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions, § 3.10, at 3-50 (3d ed. 1992)); *see also, e.g.*, *Williams v. Mohawk Indus., Inc*., 568 F.3d 1350, 1355 (11th Cir. 2009).

Here, the commonality requirement of Rule 23(a)(2) is readily satisfied. There are many questions of law and fact common to the Settlement Class that focus on Defendant's common practice of causing text messages to be sent on its behalf to Settlement Class Members on their

cellular telephones.  *See Manno*, 289 F.R.D. at 685.  Plaintiff has alleged numerous questions of fact and law common to the Class, including, among others:

1. Whether Defendant or third parties acting on behalf of Defendant used an automatic telephone-dialing system to send text messages to the cellular telephone numbers assigned to Plaintiff and Settlement Class Members;

2. Whether Defendant is subject to the TCPA;

3. Whether Defendant or third parties acting on its behalf obtained valid prior express consent from Plaintiff and Settlement Class Members to send text messages to their cellular telephones using an automatic telephone-dialing system; and

4. Whether Defendant's conduct violates the TCPA.

### c.  The Settlement Class Satisfies the Typicality Requirement.

The next prerequisite to certification, typicality, "measures whether a significant nexus exists between the claims of the named representative and those of the class at large." *Hines v. Widnall*, 334 F.3d 1253, 1256 (11th Cir. 2003); Fed. R. Civ. P. 23(a)(3).  A class representative's claims are typical of the claims of the class if they "arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc*., 741 F.2d 1332, 1337 (11th Cir. 1984); *see also Cooper v. Southern Co*., 390 F.3d 695, 714 (11th Cir. 2004) ("Neither the typicality nor the commonality requirement mandates that all putative class members share identical claims, and . . . factual differences among the claims of the putative members do not defeat certification.").  Simply put, when the same course of conduct is directed at both the named plaintiff and the members of the proposed class, the typicality requirement is met. *Kennedy v. Tallant*, 710 F.2d 711, 717 (11th Cir. 1983).

Here, the typicality requirement is satisfied for the same reasons that Plaintiff's claims meet the commonality requirement.  Specifically, Plaintiff and Settlement Class Members were each subjected to the same conduct – Defendant or third parties acting on its behalf sent text messages to their cellular telephones without their prior express consent to do so.  Thus, typicality is met.

### d. The Settlement Class Satisfies the Adequacy Requirement.

Rule 23(a)(4) requires that the class representative "not possess interests which are antagonistic to the interests of the class." 1 Newberg on Class Actions § 3:21. Additionally, the class representative's counsel "must be qualified, experienced, and generally able to conduct the litigation." *Id.*; *Amchem*, 521 U.S. at 625-26. At the preliminary stage of the approval process, there is nothing to suggest that this requirement has not been satisfied. The Class Representative is a member of the Settlement Class and she does not possess any interests antagonistic to the Settlement Class. Ms. Swaney supports the Settlement and has been devoted to this litigation for the better part of a decade. *See* Yanchunis Decl. ¶ 20. In addition, Proposed Class Counsel are experienced in class action litigation, including TCPA actions, and have submitted documentation establishing their skills and experience in handling class litigation around the country and in this District. *See* Yanchunis Decl. ¶ 21, and its Composite Exhibit 1, enclosing resumes of Proposed Class Counsel. Accordingly, the requirements of Rule 23(a) are satisfied.

### 2. The Proposed Settlement Class Meets the Predominance and Superiority Requirements.

In addition to meeting the prerequisites of Rule 23(a), the proposed Settlement Class must also meet one of the three requirements of Rule 23(b). *In re Checking Account Overdraft Litig.*, 286 F.R.D. 645, 650 (S.D. Fla. 2012). Here, Plaintiff seeks certification under Rule 23(b)(3), which requires that (i) questions of law and fact common to members of the class predominate over any questions affecting only individuals, and that (ii) the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). "'It is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions.'" *James D. Hinson Elec. Contracting Co., Inc. v. BellSouth Telecommunications, Inc.*, 275 F.R.D. 638, 644 (M.D. Fla.

2011) (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004)).  The "inquiry into whether common questions predominate over individual questions is generally focused on whether there are common liability issues which may be resolved efficiently on a class-wide basis." *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 700 (S.D. Fla. 2004).  The proposed Settlement Class readily meets these requirements.

### a. Common Questions of Law and Fact Predominate.

Rule 23(b)(3)'s predominance requirement focuses primarily on whether a defendant's liability is common enough to be resolved on a class basis, *see Dukes,* 131 S. Ct. at 2551-57, and whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623.  "Common issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." *Carriuolo v. GM Co*., 823 F.3d 977, 985 (11th Cir. 2016); *see also Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.,* 601 F.3d 1159, 1179 (11th Cir. 2010) (noting that "[t]he relevant inquiry [is] whether questions of liability to the class . . . predominate over . . . individual issues relating to damages. . . .").  Predominance does not require that all questions of law or fact be common, but rather, that a significant aspect of the case "can be resolved for all Settlement Class Members of the class in a single adjudication." *Tornes v. Bank of America, NA* (*In re Checking Account Overdraft Litig*.), 275 F.R.D. 654, 660 (S.D. Fla. 2011).  When "'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (quoting 7AA C. Wright, A. Miller, & M. Kane,

Federal Practice and Procedure § 1778, pp. 123–124 (3d ed. 2005)).

Common issues readily predominate here because the central liability question in this case — whether Defendant sent or caused text messages to be sent to the cellular telephones of Settlement Class Members using an ATDS and without their consent — can be established through generalized evidence, although Defendant denied such evidence was present here.  *See Klay v. Humana, Inc.*, 382 F.3d 1241, 1264 (11th Cir. 2004) ("When there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position, the predominance test will be met.")

Because the claims are being certified for purposes of settlement, there are no issues with manageability, and resolution of thousands of claims in one action is far superior to individual lawsuits and promotes consistency and efficiency of adjudication.  *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there be no trial.").

### b. A Class Action Is the Superior Method for Adjudicating This Controversy.

Finally, a class action is superior to other methods available to fairly, adequately, and efficiently resolve the claims of the proposed Settlement Class.  As courts have historically noted, "[t]he class action fills an essential role when the plaintiffs would not have the incentive or resources to prosecute relatively small claims in individual suits, leaving the defendant free from legal accountability."  *In re Checking*, 286 F.R.D. at 659.  At its most basic, "[t]he inquiry into whether the class action is the superior method for a particular case focuses on 'increased efficiency.'"  *Agan*, 222 F.R.D. at 700 (quoting *Sikes v. Teleline, Inc.*, 281 F.3d 1350, 1359 (11th

Cir. 2002)).

Factors the Court may consider are: (A) the interests of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class.  As noted earlier, any perceived difficulties managing the Settlement Class need not be considered in this settlement context.  *Amchem*, 521 U.S. at 620; *Sullivan v. DB Invs., Inc.*, 667 F.3D 273, 302-03 (3d Cir. 2011) (holding that potential variances in different states' laws would not defeat certification of a settlement-only class because trial management concerns were not implicated by a settlement-only class, as opposed to a litigated class).  A class action settlement is superior to other means of resolution because a settlement affording Settlement Class Members an opportunity to receive compensation benefits *all* parties.

Here, resolution of thousands of claims in one action is far superior to individual lawsuits, because it promotes consistency and efficiency of adjudication.  *See* Fed. R. Civ. P. 23(b)(3).  Indeed, absent class treatment in the instant case, each Settlement Class Member will be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials conducted at enormous expense to both the judiciary and the litigants.  Moreover, there is no indication that Members of the Settlement Class have an interest in individual litigation or an incentive to pursue their claims individually, given the small amount of damages likely to be recovered, relative to the resources required to prosecute such an action.  *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 700 (S.D. Fla. 2004) (class actions are "particularly appropriate where . . . it is

necessary to permit the plaintiffs to pool claims which would be uneconomical to litigate individually").  Additionally, the proposed Settlement will give the parties the benefit of finality, and because this case has now been settled, pending Court approval, the Court need not be concerned with issues of manageability relating to trial.  *See Amchem*, 521 U.S. at 620 ("[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case . . . would present intractable management problems. . . .").

The Court should certify the Settlement Class, as the superiority requirement is satisfied, along with all other Rule 23 requirements.

### B.  Plaintiff's Counsel Should Be Appointed as Class Counsel.

Under Rule 23, "a court that certifies a class must appoint class counsel . . .[who] must fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1).  In making this determination, the court must consider the proposed class counsel's (1) work in identifying or investigating potential claims, (2) experience in handling class actions or other complex litigation and the types of claims asserted in the case, (3) knowledge of the applicable law, and (4) resources committed to representing the class.  Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

As discussed above, and as fully explained in Class Counsels' resumes, attached as Composite Exhibit 1 to the Yanchunis Decl., proposed Class Counsel have extensive experience prosecuting similar class actions and other complex litigation.  Further, proposed Class Counsel have diligently investigated and prosecuted the claims in this matter, have dedicated substantial resources to the investigation of those claims, and have successfully negotiated the Settlement of this matter to the benefit of Plaintiff and the proposed Settlement Class.  Yanchunis Decl. ¶ 21. Accordingly, the Court should appoint John Allen Yanchunis Sr., Patrick A. Barthle II, and Jonathan B. Cohen, of Morgan & Morgan Complex Litigation Group; William "Billy" Peerce Howard of the Consumer Protection Firm, PLLC; Micah S. Adkins of the Adkins Firm PC; and

Cathleen M. Combs of Edelman Combs Latturner & Goodwin LLC as Class Counsel.

### C. The Settlement Is Fundamentally Fair, Reasonable, Adequate and Warrants Preliminary Approval.

After determining that a proposed settlement class is appropriate for certification, courts consider whether the proposed settlement itself warrants preliminary approval.  Recent revisions to Rule 23(e)—effective on December 1, 2018—standardize the analysis needed at the preliminary approval stage.  The Advisory Committee also noted, however, that "[t]he goal of this amendment is not to displace any factor" previously considered in any given Circuit.  *See also, e.g.*, 4 Newberg on Class Actions § 13:58 (5th ed.) ("[V]arious pre-existing legal factors not captured by amended Rule 23(e)(2)'s list of factors may prove relevant in particular cases.").  Under either set of standards, the Settlement here is fair, reasonable, and adequate and should be preliminarily approved.

### 1. The Settlement Satisfies Amended Rule 23(e) for Preliminary Approval

Amended Rule 23(e)(1) provides that notice should be given to the class, and hence, preliminary approval should be granted, where the Court "will likely be able to" (i) finally approve the settlement under Amended Rule 23(e)(2), and (ii) certify the class for settlement purposes. Fed. R. Civ. P. 23(e)(1)(B)(i)–(ii); *see also id.* 2018 Amendment Advisory Committee Notes.  As explained above in section III.A, the Class here meets the criteria for certification of a settlement class, including all aspects of numerosity, commonality, typicality, adequacy, and predominance. Rule 23(e)(1)(B)(ii) is therefore met.

As to Rule 23(e)(1)(B)(i), final approval is proper under the amended rule upon a finding that the settlement is "fair, reasonable, and adequate" after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e).  The Court will "likely be able to" finally approve this Settlement and thus preliminary approval should be granted.

### a.  Adequacy of Representation and Arm's Length Negotiation

As an initial matter, and as explained above, Plaintiff and Class Counsel have adequately represented the Class.  *See supra* section III.A.1.d.  Moreover, the Settlement was negotiated at arm's length using experienced mediator Rodney Max.  Yanchunis Decl. ¶ 15.  Subsections (A) and (B) of Rule 23(e)(2) are therefore met.

### b.  Adequacy of Relief

The relief offered by the Settlement is adequate considering the risks of continued litigation. Although Plaintiff is confident in the merits of her claims, the risks involved in prosecuting a class action through trial cannot be disregarded.  Plaintiff's claims would still need to succeed on a motion for class certification, and likely survive an appeal thereof.

As discussed above, pursuant to the Settlement, a Settlement Fund of $2,805,200 will be created, plus costs of notice and administration will be separately funded by Defendant and will not diminish the relief provided to the Class.  Settlement Class Members who submit timely and valid claim forms will each receive a check for $50.00, which can be increased or decreased up to a potential cap of the maximum statutory amount for a single text message under the TCPA, based on the *pro rata* share of the Settlement Fund.  S.A. ¶ 3.3.  As set forth in the attached chart of

17

recently approved TCPA Class Settlements, this relief is consistent with the relief provided to class members, as approved by courts, in similar TCPA class actions across the country.  *See* Recently Approved TCPA Class Settlements Chart, attached hereto as **Exhibit C**.

The Settlement relief will be distributed via a straight-forward claims process utilizing an easy to understand and use claim form.  S.A. § 4.  Checks for approved claims will then be mailed and postmarked as soon as practicable, but no later than sixty (60) days after the Effective Date.  S.A. ¶ 3.3(a).

Attorneys' fees, costs, and expenses were negotiated separate, apart, and after reaching agreement on the Class relief.  Yanchunis Decl. ¶ 15.  Plaintiff will seek attorneys' fees of up to thirty percent (30%) of the Settlement Fund, plus any reasonable out-of-pocket costs and litigation expenses incurred by Class Counsel.  S.A. ¶ 13.1.  Attorneys' fees, costs, and expenses, in whatever amount set by the Court, are to be paid as soon as possible after the Effective Date.  S.A. ¶ 13.1.[3]

Nevertheless, and despite the strength of the Settlement, Plaintiff is pragmatic in her awareness of the various defenses available to Defendant, as well as the risks inherent to continued litigation.  For example, Defendant has consistently denied liability, repeatedly challenging the existence of an ATDS and this Court's rulings regarding same, argued that class certification was inappropriate, and undoubtedly would appeal those rulings at the proper time.  Moreover, this matter has been pending for over six years, undergoing several stays in light of unresolved questions of law, FCC orders, appeals of those FCC orders, and anticipated—yet still forthcoming—potential changes in FCC guidance.  The vagaries of FCC action, appeals of that action, and stays of related litigation (like this one), could not be more apparent than in this case.

---

[3] There are no Rule 23(e)(3) agreements to be disclosed here.  *See* Fed. R. Civ. P. 23(e)(2)(C)(iv).

The Settlement avoids such further delay.  And it avoids the possibility that new FCC guidance might undermine Plaintiff's claims in this case.

Accordingly, the relief provided by the Settlement is fair, reasonable, and adequate especially when considering the inherent costs, risks, and delay were this matter to proceed. Subsection (C) of Rule 23(e)(2) is therefore met.

### c.   The Settlement Treats Each Respective Class Member Equitably

The last requirement of the new Rule 23(e) is that the Settlement "treats class members equitably relative to each other."  Fed. R. Civ. P. 23(e)(2)(D).  Here, the Settlement treats all Class Members equitably relative to one another because all Class Members who received an unconsented-to text are eligible for compensation in the amount of $50 following submission of a claim form.  S.A. ¶ 3.3.  Depending on the claims, that amount can increase *pro rata* up to the maximum that he or she could have received under the TCPA for a single text message.  *Id.*

### 2.   The Settlement Also Satisfies Historic Factors for Preliminary Approval

The historical procedure for review of a proposed class action settlement is a well-established two-step process.  ALBA & CONTE, 4 NEWBERG ON CLASS ACTIONS, §11.25, at 38–39 (4th ed. 2002).  The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval."  *Id.* (quoting MANUAL FOR COMPLEX LITIG., §30.41 (3rd ed. 1995)); *Fresco v. Auto Data Direct, Inc.*, No. 03-cv-61063, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007).  "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason."  *Smith v. Wm. Wrigley Jr. Co.*, No. 09-cv-60646, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010).  Moreover, settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel

support a preliminary finding of fairness.  *See* MANUAL FOR COMPLEX LITIG. at §30.42. ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

Further, there is a strong judicial and public policy favoring the voluntary conciliation and settlement of complex class action litigation.  *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits"); *Warren v. City of Tampa*, 693 F. Supp. 1051, 154 (M.D. Fla. 1998), *aff'd,* 893 F. 2d 347 (11th Cir. 1998). This is because class action settlements ensure class members a benefit, as opposed to the "mere possibility of recovery at some indefinite time in the future."  *In re Domestic Air Transport.*, 148 F.R.D. 297, 306 (N.D. Ga. 1993); *see also*, *e.g.*, *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002) (finding that the policy favoring settlement is especially relevant in class actions and other complex matters, where the inherent costs, delays and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain).  Thus, while district courts have discretion in deciding whether to approve a proposed settlement, deference should be given to the consensual decision of the parties.  *Warren*, 693 F. Supp. at 1054 ("affording great weight to the recommendations of counsel for both parties, given their considerable experience in this type of litigation").

Here, there should be no question that the proposed Settlement is "within the range of possible approval."  As explained above, the process used to reach the Settlement was exceedingly fair and overseen by an experienced neutral.  The Settlement is the result of intensive, arm's length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues in these cases.  *See Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1384

(S.D. Fla. 2007) (concluding that class settlement was not collusive in part because it was overseen by "an experienced and well-respected mediator"); *Lipuma v. American Express Co*., 406 F. Supp. 2d 1298, 1318-19 (S.D. Fla. 2005)) (approving class settlement where the "benefits conferred upon the Class are substantial, and are the result of informed, arms-length negotiations by experienced Class Counsel").  Moreover, this resolution was reached following fairly extensive litigation in the matter, including cross-motions for summary judgment regarding the ATDS issue.

As discussed above, the relief provided by the Settlement is significant, especially considering the risks and delay further litigation would entail, including the potentiality that the FCC issues new guidance on the ATDS or "called party" issue.

Thus, the Settlement is due to be preliminarily approved under the historic factors too.

### D. The Form and Method of Class Notice Are Adequate and Satisfy the Requirements of Rule 23.

"Rule 23(e)(1)(B) requires the court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)."  MANUAL FOR COMPL. LITIG. § 21.312 (internal quotation marks omitted).  The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).  To satisfy this standard, "[n]ot only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt out of the action."  *Twigg v. Sears, Roebuck & Co*., 153 F.3d 1222, 1227 (11th Cir. 1998) (internal quotation marks omitted); *see also* MANUAL FOR COMPL. LITIG., § 21.312 (listing relevant information).

The notice plan here satisfies all of these criteria and is designed to provide the best notice practicable.  Foremost, the notice plan is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the case, class certification (for settlement purposes), the terms of the Settlement, Class Counsel's Application for Attorneys' Fees, Costs and Expenses, and the Class Representative's Service Award, Class Members' rights to opt-out of or object to the Settlement, as well as the other information required by Fed. R. Civ. P. 23(c)(2)(B).  Additionally, the notice plan is comprised of both direct mail notice and a Settlement Website.

The proposed form of notice, attached to the Settlement as its Exhibit 4, satisfies all the criteria above.  The notice plan provides for direct, individual notice via U.S. Mail.  Skip tracing will be performed for returned mail and direct mail notice as needed.  Also, notice will be provided to Settlement Class Members online through the dedicated Settlement website that the Settlement Administrator will maintain.  *See* S.A. ¶ 6.2(c).  Finally, Defendant will provide the notification required by the Class Action Fairness Act, 28 U.S.C. § 1715, to the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United States, and any other required government officials.  *Id.* ¶ 6.3.

Therefore, the notice and notice plan satisfy all applicable requirements of the law, including, but not limited to, Rule 23 of the Federal Rules of Civil Procedure and applicable Due Process.  The Court should therefore approve the notice plan and the form and content of the notice attached to the Settlement as its Exhibit 4.

### E.  The Court Should Schedule a Final Approval Hearing.

The last step in the preliminary approval process is to schedule a Final Approval Hearing, at which the Court will hear evidence and argument necessary to make its final evaluation of the Settlement.  The Court will determine at or after the Final Approval Hearing whether the

Settlement should be approved; whether to enter the Final Judgment and Order of Dismissal with Prejudice under Rule 23(e); and whether to approve Class Counsel's Application for attorneys' fees, costs and expenses, and request for Service Award for the Class Representative.  Plaintiff and Class Counsel request that the Court schedule the Final Approval Hearing at a date convenient for the Court, and no sooner than one hundred and thirty (130) days after the filing of this Motion for Preliminary Approval, in compliance with the provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  Plaintiff and Class Counsel will file the motion for Final Approval at least ten (10) business days before the Final Approval Hearing and the application for attorneys' fees, costs and expenses, and request for Service Awards within 50 days after the Preliminary Approval Order has been entered.  S.A. §§ 11, 13.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter an order: (1) certifying, for settlement purposes, the proposed Settlement Class, pursuant to Rules 23(a), (b)(3) and (e) of the Federal Rules of Civil Procedure; (2) granting Preliminary Approval of the Settlement; (3) approving the notice plan set forth in the Settlement and the form and content of the notice attached as Exhibit 4 thereto; (4) approving and ordering the opt-out and objection procedures set forth in the Settlement; (5) appointing Plaintiff Sueann Swaney as Class Representative; (6) appointing John Allen Yanchunis Sr., Patrick A. Barthle II, and Jonathan B. Cohen, of Morgan & Morgan Complex Litigation Group; William "Billy" Peerce Howard of the Consumer Protection Firm, PLLC; Micah S. Adkins of the Adkins Firm PC; and Cathleen M. Combs of Edelman Combs Latturner & Goodwin LLC as Class Counsel; (7) appointing American Legal Claim Services, LLC as the Settlement Administrator, and (8) scheduling a Final Approval Hearing at a date convenient for the Court, and in compliance with the provisions of the Class

Action Fairness Act of 2005, 28 U.S.C. § 1715. A Proposed Order Preliminarily Approving Class

Settlement and Providing for Class Notice is attached the Settlement as its Exhibit 5.


Dated:  November 12, 2019                    Respectfully submitted,



/s/  John A. Yanchunis
John A. Yanchunis (admitted *pro hac vice*)
Patrick A. Barthle II (admitted *pro hac vice*)
Jonathan B. Cohen (admitted *pro hac vice*)
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4747
jyanchunis@forthepeople.com
jcohen@forthepeople.com

William "Billy" Peerce Howard
(admitted *pro hac vice*)
THE CONSUMER PROTECTION FIRM
4030 Henderson Boulevard
Tampa, FL, 33629
Telephone: (813) 500-1500
Facsimile:  (813) 435-2369
Billy@TheConsumerProtectionFirm.com

Micah S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM, P.C.
The Kress Building
301 19th Street North, Suite 581
Birmingham, AL 35203
Telephone: (205) 458-1202
Facsimile: (205) 208-9632
MicahAdkins@itsyourcreditreport.com

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark

EDELMAN, COMBS, LATTURNER &
GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this November 12, 2019, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification of this filing

to all attorneys of record in this matter.

*/s/ John Yanchunis*
John Yanchunis