FILED

2019 Nov-12  PM 05:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

# CLASS ACTION SETTLEMENT AGREEMENT

This class action settlement agreement ("Agreement" or "Settlement Agreement") is entered into as of July 30, 2019 by and among Sueann Swaney ("Plaintiff"), individually and on behalf of the class of persons she seeks to represent (the "Settlement Class" defined below), and Regions Bank ("Defendant"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle this Action (defined below) and the Released Claims (defined below) with prejudice, upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.     On March 21, 2013, Plaintiff filed a putative class action complaint (the "Complaint") against Defendant. The Complaint alleged that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by sending text messages to Plaintiff and members of the putative class to which they did not consent.

B.     This Action has been actively litigated. The Parties have engaged in wide-ranging discovery, extensively investigated the facts and issues related to the allegations asserted in the Action, and briefed a dispositive motion on whether the system at issue constituted an ATDS.

C.     Based on their respective discovery and investigatory efforts and the information available to them, the Parties were well versed in the underlying facts and the law, and they had sufficient information to negotiate the terms of this Settlement Agreement.

D.     This Settlement Agreement resulted from good faith, arm's-length settlement negotiations before Mr. Rodney Max, an experienced and well-regarded mediator chosen by the Parties. The Parties held separate pre-mediation conference calls with the mediator and submitted

detailed mediation submissions to Mr. Max setting forth their respective views as to the strengths of their respective cases. On July 30, 2019, the Parties participated in a full-day mediation session in Miami, Florida with Mr. Max that resulted in this Settlement Agreement.

E. Plaintiff believes that the claims asserted in the Action have merit.

F. Defendant denied and continues to deny Plaintiff's allegations in the Complaint and maintains that it complied with the TCPA and all applicable laws. Defendant further maintains that if this Action were to be litigated, the Action would not be appropriate for class treatment.

G. The Parties are entering into this Agreement to avoid the expense, time, and risk associated with the continued pursuit of the claims, as well as the defense of the Action through dispositive motions, class certification, trial, and any subsequent appeals. The Parties and their respective counsel have considered the uncertainty, difficulty, and delays inherent in litigation, especially in this complex class action. Therefore, the Parties believe it is desirable that this Action and the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant to the terms set forth herein. Plaintiff and Plaintiff's counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate for the Settlement Class, and that it is in the best interests of the Settlement Class to settle the Released Claims pursuant to the terms and provisions of this Agreement.

H. Neither the fact of Settlement, this Agreement, nor any consideration thereof, nor any actions taken to implement the terms of this Agreement are intended to be, nor may they be, deemed or construed to be an admission or concession of liability or of the validity of any claim or of any point of law or fact based upon, arising out of, relating to, or otherwise in connection with the allegations asserted or that could have been asserted in this Action.

- 2 -

I.     The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of the disputed allegations, facts, and claims alleged or that could have been alleged in this Action. The Parties further understand, acknowledge, and agree that this Settlement Agreement, including all terms hereof, shall be inadmissible as evidence against any of the Parties in any proceeding whatsoever except any such proceeding to enforce the terms of this Settlement Agreement. The Parties further understand, acknowledge, and agree that this Settlement Agreement is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement. The Parties desire and intend to effect a full, complete, and final settlement and resolution of all existing disputes and claims based upon, arising out of, related to, or otherwise in connection with the allegations in this Action, as set forth herein.

IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their undersigned respective counsel, and in consideration of the benefits flowing from the Settlement Agreement, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice under the terms and conditions of this Agreement. This Settlement Agreement is subject to final approval by the Court after a hearing or hearings as provided for in this Settlement Agreement. Neither Party admits or concedes any liability or damages based upon, arising out of, related to, or otherwise in connection with the allegations asserted in this Action.

## AGREEMENT

As used in this Agreement and the exhibits attached hereto, the terms set forth below shall have the meanings set forth below. The singular of a term shall include the plural of the term, and

- 3 -

the plural of a term shall include the singular of the term. A masculine, feminine, or neuter pronoun shall include each of the other genders.

## 1. DEFINITIONS

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1 **"Action"** means the matter of *Swaney v. Regions Bank*, Civil Action No. 2:13-cv-00544-JHE, currently pending in the United States District Court for the Northern District of Alabama.

1.2 **"Agreement"** or **"Settlement Agreement"** means this Class Action Settlement Agreement.

1.3 **"Attorneys' Fees and Costs"** means all fees, costs, and litigation expenses to be awarded to Class Counsel, if any, as per this Settlement Agreement pursuant to the Fee and Cost motion. The Attorneys' Fees and Costs shall be paid exclusively from the Settlement Fund.

1.4 **"Benefit Check"** means the negotiable instrument to be sent to the Settlement Class Members by the Settlement Administrator pursuant to this Settlement Agreement.

1.5 **"CAFA Notice"** means the notice contemplated by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be provided by the Settlement Administrator pursuant to this Settlement Agreement.

1.6 **"Cash Benefit"** means the cash payment to a Settlement Class Member from the Settlement Fund pursuant to this Settlement Agreement.

39648126v9

1.7 **"Claim Deadline"** means the post-mark date no later than one hundred and twenty

(120) calendar days after entry of the Preliminary Approval Order, or such other date as may be

ordered by the Court.

1.8 **"Claim Form"** means the claim form attached hereto as <u>Exhibit 1</u>, which shall be

posted to the Settlement Website, and will be available via mail to Settlement Class Members upon

request.

1.9 **"Class Counsel"** means:

John Allen Yanchunis, Sr.
Jonathan Betten Cohen
Patrick A. Barthle II
MORGAN & MORGAN COMPLEX LITIGATION GROUP
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 275-5272

William Peerce Howard
THE CONSUMER PROTECTION FIRM, PLLC
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 500-1500

Micah S. Adkins
THE ADKINS FIRM PC
1025 Westhaven Blvd., Suite 220
Franklin, TN 37064
Telephone: (615) 370-9659

Cathleen M. Combs
EDELMAN COMBS LATTURNER & GOODWIN LLC
20 S. Clark St., Suite 1500
Chicago, IL 60603
Telephone: (312) 739-4200

1.10 **"Class List"** means the list of phone numbers which has been produced by the

Defendant to Class Counsel.

39648126v9

1.11 **"Class Notice"** means any type of notice that has been or will be provided to the Settlement Class pursuant to this Agreement and any additional notice that might be ordered by the Court, including, but not limited to, the Postcard Notice, Claim Form, and the Long Form Notice.

1.12 **"Class Representative"** or **"Plaintiff"** means Sueann Swaney.

1.13 **"Court"** means the Honorable R. David Proctor of the United States District Court for the Northern District of Alabama.

1.14 **"Cy Pres Recipient"** means any third party nominated by the Court to receive the amounts left from any uncashed Benefit Checks. Defendant would recommend the United Way of Central Alabama, Inc., 3600 8th Avenue S., P.O. Box 320189, Birmingham, AL 35232; phone (205) 251-5131; EIN 63 0288846 as the Cy Pres Recipient.

1.15 **"Defendant's Counsel"** means:

Steven D. Allison
Samrah R. Mahmoud
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: (949) 622-2700

Maibeth J. Porter
Joshua B. Baker
MAYNARD COOPER & GALE PC
1901 6th Avenue North
Suite 2400
Birmingham, AL 35203
Telephone: (205) 254-1000

1.16 **"Effective Date"** means the last date by which all of the following events have occurred: (i) the Court entering the Final Approval Order and Judgment without material change; and (ii) the expiration of thirty-five (35) days following entry of the Final Approval Order and

- 6 -

Judgment without any appeal, or, in the instance of an appeal or motion to accept jurisdiction of an appeal of the Final Approval Order and Judgment, entry of an order affirming the Final Approval Order and Judgment without material change or denying jurisdiction of an appeal, and all appeals have been exhausted; and (iii) the Final Approval Order and Judgment has become Final.

1.17 **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs and litigation expenses awarded by the Court to Class Counsel. The Fee Award shall be paid exclusively from the Settlement Fund.

1.18 **"Fee and Cost Motion"** means that written motion by which Plaintiff or Class Counsel request the Court award Attorneys' Fees and Costs and the Service Award.

1.19 **"Final"** means the Final Approval Order and Judgment has been entered in the Action and one (1) business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Approval Order and Judgment; (ii) if there is an appeal or appeals of any matter, topic, ruling, order, or issue in the Action, other than an appeal or appeals solely with respect to the Fee Award, the date of final dismissal or completion of such appeal or appeals in a manner that finally affirms and leaves in place the Final Approval Order and Judgment; or (iii) the Court, following the resolution of any appeal or appeals of any matter, topic, ruling, order, or issue in the Action, other than an appeal or appeals solely with respect to the Fee Award, enters a further order or orders approving the Settlement without material modification of the terms set forth herein, and no further appeal is taken from such order(s) or, in the event any further appeal is taken from such order(s), any such appeal results in the affirmation of such order(s). Neither the pendency of the Fee and Cost Motion,

- 7 -

nor any appeal pertaining solely to a decision on the Fee and Cost Motion, shall in any way delay or preclude the Final Approval Order and Judgment from becoming Final.

1.20    **"Final Approval Hearing"** means the hearing before the Court, scheduled to take place no sooner than one hundred and thirty (130) days after entry of the Preliminary Approval Order, at which: (i) the Parties shall request and the Court shall consider final approval of the Settlement, final certification of the Settlement Class, and entry of the Final Approval Order and Judgment; (ii) the Court shall consider any timely objection to this Settlement and all responses thereto; (iii) the Court shall consider the Fee and Cost Motion; and (iv) the Court shall dismiss the Action with prejudice.

1.21    **"Final Approval Order and Judgment"** means the Court's final approval of this Settlement Agreement through an order, substantially in the form of Exhibit 2 attached hereto without material change, to be entered by the Court through the entry of an order following the Final Approval Hearing in which the Court grants final approval of this Settlement Agreement, finally certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal of the Action with prejudice. The form of the Final Approval Order and Judgment is a material term of this Settlement Agreement.

1.22    **"Service Award"** means the payment to the Class Representative pursuant to this Settlement Agreement. The Service Award shall be paid exclusively from the Settlement Fund.

1.23    **"Long Form Notice"** means the notice of this Settlement Agreement and Final Approval Hearing, which is to be provided to the Settlement Class in accordance with this Agreement and substantially in the form of Exhibit 3 hereto, or in such similar form as may be ordered by the Court. The Long Form Notice shall be made available on the Settlement Website.

- 8 -

1.24 **"Objection/Exclusion Deadline"** means the date no later than seventy-five (75) calendar days after entry of the Preliminary Approval Order, or such other date as may be ordered by the Court, by which (i) a written objection to this Settlement Agreement must be filed in the Action, or (ii) a Request for Exclusion must be postmarked. The Objection/Exclusion Deadline shall be posted to the Settlement Website described in this Settlement Agreement.

1.25 **"Parties"** means Plaintiff, the Settlement Class, and Defendant.

1.26 **"Postcard Notice"** means the postcard notice that is to be provided to the Settlement Class in accordance with this Agreement and substantially in the form of Exhibit 4 hereto, or in such similar form as may be ordered by the Court.

1.27 **"Preliminary Approval Order"** means the Court's preliminary approval of this Settlement through entry of a Court order, substantially in the form of Exhibit 5 attached hereto without material modification, in which the Court: (i) preliminarily approves the terms and conditions of this Settlement Agreement as fair and reasonable; (ii) approves the manner and form of Class Notice; (iii) approves of and authorizes the dissemination of Class Notice to the Settlement Class; (iv) directs the manner in which and deadline by which Settlement Class Members may submit a Request for Exclusion; (v) appoints the Settlement Administrator; and (vi) schedules a Final Approval Hearing. The Form of the Preliminary Approval Order is a material term of this Settlement Agreement.

1.28 **"Release"** means the releases set forth in Section 5 of this Settlement Agreement.

1.29 **"Released Parties"** means Defendant and its respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, affiliates, shareholders, members, managers, partners, principals, representatives, employees, and agents, and any service providers

- 9 -

for the Regions' text alerting system, including Fiserv, Inc. f/k/a Monitise PLC f/k/a Clairmail Inc., and each of its subsidiaries, and Sinch f/k/a MBlox.

1.30  **"Releasing Parties"** means Plaintiff and each Settlement Class Member, and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, employees, and any other person acting on their behalf.

1.31  **"Request for Exclusion"** means the written submission submitted by any person in the Settlement Class to opt out of the Settlement pursuant to this Settlement Agreement.

1.32  **"Settlement"** means the settlement contemplated by this Agreement, including all exhibits attached hereto.

1.33  **"Settlement Administration Expenses"** means any and all fees, costs, and expenses incurred by the Settlement Administrator, including, but not limited to, such fees, costs, and expenses incurred in disseminating Class Notice and CAFA Notice, publishing Class Notice, creating, administering, maintaining, and hosting the Settlement Website, and providing Benefit Checks and Cash Benefits to Settlement Class Members. Settlement Administration Expenses shall be paid exclusively by Defendant as such expenses are incurred, unless provided otherwise within this agreement.

1.34  **"Settlement Administrator"** means American Legal Claim Services, LLC.

1.35  **"Settlement Class"** means all persons who (a) received a text message from Regions between January 24, 2011 and the present, (b) without their prior express consent in that the called (i.e. texted) party was not the intended recipient or the recipient had previously informed Regions that it had the wrong number. Excluded from the Settlement Class are (a) any persons

- 10 -

who signed a release of Regions related to such conduct in exchange for consideration; (b) any officers, directors or employees, or immediate family members of the officers, directors or employees, of Regions or any entity in which Regions has a controlling interest; (c) any legal counsel or employee of legal counsel for Regions; and (d) the presiding Judge in the Action, as well as the Judge's staff and their immediate family members.

1.36    **"Settlement Class Member"** means Plaintiff and any person who is in the Settlement Class and who has not timely submitted a valid Request for Exclusion by the Objection/Exclusion Deadline pursuant to this Settlement Agreement.

1.37    **"Settlement Class Recovery"** means the amount of the Settlement Fund available for distribution to the Settlement Class Members, after payment of any Fee Award for any Attorneys' Fees and Costs and any Service Award.

1.38    **"Settlement Fund"** means the common fund of Two Million, Eight Hundred and Five Thousand and Two Hundred Dollars ($2,805,200) which will be the total aggregate amount that Defendant shall be obligated to pay pursuant to the terms of this Settlement Agreement, exclusive of Settlement Administration Expenses. The Settlement Fund shall be used to pay any and all: (i) Settlement Class Recovery to Settlement Class Members; (ii) Fee Award for Attorneys' Fees and Costs; (iii) Service Award; and (iv) Cy Pres Recipients, if any.

1.39    **"Settlement Website"** means the internet website to be created, operated, maintained, and hosted by the Settlement Administrator pursuant to this Settlement Agreement.

1.40    **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any and all rules and regulations promulgated thereunder.

- 11 -

2.    **NO ADMISSION OF LIABILITY OR ELEMENTS OF CLASS CERTIFICATION**

2.1    **Defendant's Denial of Wrongdoing or Liability**. Defendant has asserted and continues to assert many defenses in this Action and has expressly denied and continues to deny any fault, wrongdoing, or liability whatsoever based upon, arising out of, relating to, or otherwise in connection with the conduct alleged in the Action. Defendant expressly denied and continues to deny fault, wrongdoing, or liability whatsoever, as well as the validity of each of the claims and prayers for relief asserted in the Action. Defendant expressly acknowledges and agrees that neither the fact of, nor any provision contained in, this Settlement Agreement, nor any of the implementing documents or actions taken under them, nor Defendant's willingness to enter into the Settlement and this Agreement, nor the content or fact of any negotiations, communications, and discussions associated with the Settlement and this Agreement shall constitute or be construed as an admission by or against Defendant or any of the Released Parties of any fault, wrongdoing, violation of law or liability whatsoever, the validity of the claims or allegations in the Action, any infirmity of any defenses asserted by the Defendant in the Action, or that any equipment used by Defendant was an "automated telephone dialing system" under the TCPA.

3.    **SETTLEMENT RELIEF**

3.1    **Settlement Fund.** Defendant agrees to deposit a total amount of Two Million, Eight Hundred and Five Thousand and Two Hundred Dollars ($2,805,200) into the Settlement Fund, which Settlement Fund shall be established and maintained by the Settlement Administrator for the benefit of the Settlement Class, Class Representative, and Class Counsel. The Settlement Fund is to be established and maintained for the explicit purpose of issuing and/or paying the Settlement Class Recovery, Benefit Checks, and Cash Benefits with respect to all Settlement Class

- 12 -

Members, any Service Award to the Class Representative, any Fee Award for Attorneys' Fees and Costs to Class Counsel, and any other expenditure authorized by the Court. Defendant shall fund the Settlement Fund within thirty days of the entry of the Final Approval Order.

3.2    All of the monies deposited by Defendant into the Settlement Fund shall be placed into an interest bearing escrow account established and maintained by the Settlement Administrator at a financial institution selected by Class Counsel. The interest generated on the monies deposited by Defendant into the Settlement Fund shall, if any, accrue to the benefit of the Settlement Class and shall be added to the Settlement Fund.

3.3    **Payments From The Settlement Fund**

a.    As soon as practicable, but no later than sixty (60) days after the Effective Date or such other date after the Effective Date as the Court may order, the Settlement Administrator shall pay from the Settlement Fund the Settlement Class Recovery to all Settlement Class Members who file a valid claim pursuant to this Settlement Agreement the sum of $50.00. If the funds available to pay claims in the amount of $50.00 to each class member who files a claim after such funds are reduced by the payment of the Service Award and the Fee Award are insufficient to pay claims in the amount of $50.00 each, the claims of those class members who file a claim shall be reduced and paid on a *pro rata* basis.

b.    If an amount greater than $50,000 remains in the Settlement Fund after the initial distribution to Settlement Class Members who file a valid claim, then the Settlement Administrator shall distribute the remaining Settlement Fund to Settlement Class Members who cashed their Benefit Check from the previous round of distribution on a *pro rata* basis after all costs associated with the second distribution are paid from the remaining Settlement Fund. In no

- 13 -

event shall a Class Member receive more than the maximum that he or she could have received under the TCPA for a single text message. If an amount less than $50,000 remains in the Settlement Fund after the initial distribution to Settlement Class Members who file a valid claim, then such amount shall be distributed to the Cy Pres Recipient or Recipients approved by the Court. Further, if a second distribution is made per the above terms and there are funds remaining in the Settlement Fund after such distribution, the remaining funds shall be distributed to the Cy Pres Recipient or Recipients.

## 4. CLAIMS PROCESS AND DETERMINATION FOR ELIGIBILITY FOR COMPENSATION FROM CLASS SETTLEMENT RECOVERY

4.1 As described in the Class Notice, any Settlement Class Member who seeks distribution from the Settlement Class Recovery as described in this Settlement Agreement must complete, sign, and return a Claim Form to the Settlement Administrator, which Claim Form shall be attached to the notice and also available on the settlement website or by contacting the Settlement Administrator via the settlement website, the toll free number available on the notice, or by mail. The Claim Form must be postmarked before the Claims Deadline, and sent to the address stated in the Class Notice. Any Settlement Class Member who fails to timely return a completed and signed Claim Form by the Claims Deadline shall not be eligible to participate in any distribution from the Settlement Class Recovery as described in this Settlement Agreement. Settlement Class Members who timely return a valid completed Claim Form will receive distribution(s) from the Settlement Class Recovery as described herein.

4.2 The Settlement Administrator shall review all submitted Claim Forms to determine if such forms were signed, timely postmarked, and otherwise comply with any requirement set

- 14 -

forth in this Agreement. The Settlement Administrator shall review all submitted Claim Forms to determine if the submitting person is eligible for distribution from the Settlement Class Recovery under this Agreement by confirming that the submitting person's identity and/or information is reflected on the Class List. As necessary, the Settlement Administrator may contact such submitting persons to gather additional or omitted information in order to determine their eligibility for distribution(s) from the Settlement Class Recovery.

5.    **RELEASES**

5.1    **Released Claims.** Plaintiff and each member of the Class identified on the Class List and not opting out, and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, and employees, do hereby release and forever discharge Defendant and its respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, affiliates, shareholders, members, managers, partners, principals, representatives, employees, and service providers, including Fiserv, Inc. f/k/a Monitise PLC f/k/a Clairmail Inc., and each of its subsidiaries, and Sinch f/k/a MBlox, from any claims, controversies, losses, liabilities, liens, demands, causes of actions, suits, damages (whether actual, statutory, trebled, exemplary, or punitive), fines, fees (including attorney's fees), expenses, and obligations, whether known or unknown, fixed or contingent, claimed or unclaimed, direct or indirect, individual or representative, under the TCPA arising out of or related to any text messages received from Defendant during the Class Period, including, but not limited to, claims asserted in the Action or arising out of the facts and circumstances asserted in the Action.

- 15 -

## 6.    NOTICE TO THE CLASS

6.1    Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause Class Notice to be disseminated to all persons in the Settlement Class as provided herein. Such Class Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure.

6.2    Class Notice was developed in consultation with the Settlement Administrator and includes:

a.    *Reverse Append.* The Settlement Administrator will conduct research to identify the owners of the cell phones contained on the Class List. The Settlement Administrator will then compare the results of such research to the names and addresses associated with these numbers as contained in Defendant's records. Where the research and records match, the person so identified will not receive notice. Where the research and the records do not match, the individual identified by the Settlement Administrator as associated with the number on the Class List will receive notice.

b.    *Mailed Notice.* Subject to the approval of the Court, within twenty-eight (28) calendar days following entry of the Preliminary Approval Order, the Settlement Administrator shall cause a "double" Postcard Notice (i.e., Postcard Notice with a tear-off claims form that class members can mail back) to be mailed first-class U.S. mail, return service requested, to the names and addresses associated with the telephone numbers of the Settlement Class as reflected in the Class List, substantially in the form provided in Exhibit 4 hereto. The Settlement Administrator shall perform investigations deemed appropriate by the Settlement Administrator in an attempt to identify complete and current address information for each person in the Settlement Class. The Settlement Administrator shall promptly re-mail any Postcard Notice returned as non-

- 16 -

deliverable with a forwarding address. For all other returned mail, the Settlement Administrator shall perform data searches of the U.S. Postal Services National Change of Address database and/or any other reasonably available databases available to the Settlement Administrator, and perform any other reasonable steps to obtain current address information for any Postcard Notice returned to the Settlement Administrator, and shall re-mail such Postcard Notice at least one additional time to the most current address information obtained by the Settlement Administrator. All costs associated with the Postcard Notice, including, but not limited to, all costs of research, address determination and confirmation, data searches, and printing, publishing, mailing, and re-mailing shall be considered Settlement Administration Expenses to be paid by Defendant separate and apart from the Settlement Fund.

        c.    *Settlement Website.* Following entry of the Preliminary Approval Order, but prior to the date of the mailing of the Postcard Notice pursuant to this Settlement Agreement, the Settlement Administrator shall create, maintain, operate, and host a dedicated Settlement Website to assist in the administration of this Settlement. The Settlement Website shall provide persons in the Settlement Class access to copies of the Complaint, this Agreement with all exhibits referenced herein, Class Notice, including, but not limited to, the Long Form Notice and Claim Form, the Motion for Preliminary Approval, and the Preliminary Approval Order. All costs associated with the creation, operation, maintenance, and hosting of the Settlement Website, including the preparation of all documents provided therein, shall be considered Settlement Administration Expenses to be paid by Defendant. This website will also be where Settlement Class Members can file claims, although any Settlement Class Member will also be able to request a paper copy of a claim form.

d.       *Toll-Free Telephone Number.* The Settlement Administrator shall establish a toll-free telephone number with IVR to provide general information about the Settlement. The toll-free telephone number shall be active beginning on the date on which the transmittal of Class Notice commences through the Distribution Date.

e.       *Supplemental Notice.* The Settlement Administrator shall assist in supplemental notice for the Settlement Agreement either by internet or by print publication.

6.3      **CAFA Notice**. Defendant's Counsel, through the Settlement Administrator, shall be responsible for serving the required CAFA Notice(s) within ten (10) calendar days after filing the motion seeking the Preliminary Approval Order. Defendant's Counsel shall take all steps to ensure the Settlement Administrator has contracted in writing to retain such documents and records in accordance with this Settlement Agreement.

6.4      **Declaration of Compliance**. The Settlement Administrator shall prepare and execute a declaration attesting to compliance with the Class Notice requirements of this Agreement and the Preliminary Approval Order. Such declaration shall be provided to Class Counsel and Defendant's Counsel and filed with the Court no later than ten (10) calendar days prior to the Final Approval Hearing.

## 7.      SETTLEMENT ADMINISTRATION

7.1      The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by completing its duties in a rational, reasonable, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under the Settlement and this Agreement. The Settlement Administrator shall maintain all such records as are required by the Court and

- 18 -

39648126v9

applicable law in accordance with its normal business practices, including, but not limited to, a summary of work performed by the Settlement Administrator, including an accounting of all amounts paid from the Settlement Fund to Settlement Class Members. Such records shall be provided to Class Counsel and Defendant's Counsel upon reasonable request. Without limiting the foregoing, the Settlement Administrator shall receive objections and Requests for Exclusion forms, and upon such receipt shall promptly provide copies of such objections and Requests for Exclusion forms to Class Counsel and Defendant's Counsel.

7.2    The Settlement Administrator shall be responsible for all matters relating to the administration of this Settlement, including, but not limited to:

a.    Performing a reverse append on the Class List;

b.    Preparing and completing Class Notice;

c.    Obtaining complete address information for Settlement Class Members, including new addresses for any returned Class Notice, Benefit Checks, or any other documents;

d.    Creating, operating, maintaining, and hosting a Settlement Website, from which Settlement Class Members can access copies of the Complaint, this Agreement, Class Notice, the Preliminary Approval Order, and other pertinent documents, materials, and information about this Settlement;

e.    Acting as a liaison between Settlement Class Members and the Parties;

f.    Issuing and mailing Benefit Checks;

g.    Preparing and sending all notices required under CAFA;

h.    Preparing and providing a declaration to Class Counsel and Defendant's Counsel prior to the submission of the Plaintiff's Motion for Final Approval of the Class Action

Settlement: (i) attesting to its compliance with the provisions of this Settlement Agreement concerning Class Notice; and (ii) listing each Settlement Class Member who timely and validly submitted a Request for Exclusion opting out of the Settlement as described in Section 12 of this Settlement Agreement;

   i.  Maintaining a toll-free number with IVR service;

   j.  Assist in providing supplemental notice; and

   k.  Performing any other tasks reasonably required to effectuate the Settlement and this Agreement, including, but not limited to, all responsibilities, obligations, and tasks referenced in any Section of this Agreement.

  7.3  In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member as it relates to the Settlement.

## 8.  EFFECTIVE DATE

  8.1  The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events has occurred and shall be the date upon which the last (in time) of the following events occurs:

   a.  This Agreement has been signed by Defendant, Class Counsel, and Defendant's Counsel;

   b.  The Court has entered the Preliminary Approval Order;

   c.  The Court has entered the Final Approval Order and Judgment, following Class Notice, as provided in the Preliminary Approval Order, and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure;

- 20 -

d.     The expiration of thirty-five (35) days following entry of the Final Approval Order and Judgment without any appeal, or, in the instance of an appeal or motion to accept jurisdiction of an appeal of the Final Approval Order and Judgment, entry of an order affirming the Final Approval Order and Judgment without material change or denying jurisdiction of an appeal, and all appeals have been exhausted; and

e.     The Final Approval Order and Judgment has become Final, as defined in this Settlement Agreement.

## 9.     TERMINATION OF SETTLEMENT

9.1     The Parties' willingness to enter into this Agreement and to agree to the certification of a conditional settlement class is dependent upon achieving finality in this Action and avoiding the uncertainties, risks, costs, and delays associated with this Action. Accordingly, the Parties shall each have the unilateral right to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement by providing written notice to the Court and all other Parties hereto within twenty (20) business days of any Party's actual notice of any of the following events:

a.     the Court rejects, materially modifies, materially amends or changes, or declines to issue a Preliminary Approval Order or a Final Approval Order and Judgment with respect to the Settlement;

b.     an appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated without material change by the Court on remand;

c.     any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or this

- 21 -

Settlement Agreement in a way that Plaintiff or Defendant reasonably considers material, unless such incorporation, deletion, modification, amendment, or change is accepted in writing by all Parties;

      d.      the Effective Date of the Settlement does not occur for any reason;

      e.      the Final Approval Order does not become Final;

      f.      more than 3% of the individuals who receive direct notice of Settlement choose to opt out of the proposed Settlement; or

      h.      any other ground for termination provided elsewhere in this Settlement Agreement occurs.

## 10. PRELIMINARY APPROVAL ORDER

10.1 **Preliminary Approval Order.** Promptly following the execution of this Agreement, Class Counsel shall submit this Agreement together with all exhibits referenced herein to the Court, and shall apply to the Court, and Defendant's Counsel shall file a notice joining such application or otherwise not opposing such application, for entry of the Preliminary Approval Order in the form of Exhibit 5 hereto. The proposed Preliminary Approval Order shall, among other things:

      a.      preliminarily approve this Settlement Agreement (subject to the Final Approval Hearing) as fair and reasonable;

      b.      appoint Plaintiff's undersigned counsel as Class Counsel;

      c.      appoint Plaintiff as the Class Representative;

      d.      appoint American Legal Claim Services, LLC as the Settlement Administrator;

39648126v9

e.    set a schedule for proceedings concerning final approval of this Settlement, including, but not limited to, scheduling a Final Approval Hearing date, which shall be scheduled no earlier than one hundred and thirty (130) days after entry of the Preliminary Approval Order;

f.    approve the manner and form of Class Notice and authorize same for dissemination in accordance with this Agreement;

g.    approve the manner in which and deadline by which persons in the Settlement Class may submit a Request for Exclusion;

h.    schedule a Final Approval Hearing;

i.    provide, pending entry of a Final Approval Order and Judgment, that the Parties shall cooperate in seeking orders that no person in the Settlement Class shall commence or continue any action, in any capacity, against Defendant or any other Released Parties asserting any of the Released Claims;

j.    issue a stay in the Action, other than such proceedings as are related to this Settlement Agreement; and

k.    provide Defendant has made no admissions of liability or fault in relation to the negotiation or execution of this Settlement Agreement or any document based upon, arising out of, related to, or otherwise in connection therewith.

The Preliminary Approval Order shall further authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Settlement Agreement and its implementing documents, including, but not limited to, all exhibits hereto, so long as such amendments, modifications, and expansions are consistent in all

- 23 -

material respects with the proposed terms of the Final Approval Order and Judgment as set forth in Exhibit 2 to this Settlement Agreement.

## 11.    FINAL APPROVAL AND JUDGMENT ORDER

11.1    No later than ten (10) calendar days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court and serve on Defendant's Counsel a declaration as described in this Settlement Agreement.

11.2    Upon all conditions precedent to the Settlement having been satisfied, including, but not limited to, the issuance of the Preliminary Approval Order, not later than ten (10) calendar days prior to the Final Approval Hearing:

a.    All Parties will request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit 2 hereto;

b.    Class Counsel shall file a memorandum of points and authorities in support of a motion seeking the Final Approval Order and Judgment; and

c.    Class Counsel and/or Defendant's Counsel may file a memorandum addressing any objections submitted regarding the Settlement as described in this Settlement Agreement.

11.3    At the Final Approval Hearing, the Court will consider the proposed Final Approval Order and Judgment, which shall, among other things:

a.    certify the Settlement Class for settlement purposes only;

b.    find that the Court has personal jurisdiction over all Settlement Class Members;

- 24 -

c.     find that the Court has subject matter jurisdiction over the Action and the Released Claims such that the Court may approve this Agreement and all exhibits hereto;

d.     find final approval of this Settlement Agreement and the Settlement to be fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members, and that each Settlement Class Member shall be bound by this Settlement Agreement, including the Released Claims and the covenant not to sue as described in Section 5 of this Settlement Agreement, and that this Settlement Agreement should be and is approved;

e.     direct the Parties and their counsel to implement this Agreement according to its terms and provisions;

f.     declare this Agreement to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff, the Settlement Class Members, and the Releasing Parties;

g.     find that the Class Notice as described in this Agreement satisfies the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and all applicable rules of the Court, constitutes the best practicable notice under the circumstances, constitutes notice that is reasonably calculated to apprise the Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing, and is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Settlement.

h.     find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering and implementing the Agreement;

- 25 -

i. dismiss the Action, including, without limitation, all Released Claims against the Released Parties, on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

j. approve and incorporate the releases described in Section 5 of this Agreement, make such releases effective as of the date of entry of the Final Approval Order and Judgment, and forever discharge the Released Parties from the Released Claims as described in Sections 5.1 of this Agreement;

k. without affecting the finality of the Final Approval Order and Judgment, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of this Settlement Agreement; and

l. permanently enjoin each Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendant or any of the Released Parties.

11.4 If the Court refuses to issue the Final Approval Order and Judgment in substantially the same form as Exhibit 2, then the Settlement and this Agreement in its entirety shall become null and void, unless the Parties promptly agree in writing to proceed with the Settlement and this Agreement consistent with the change or modification under which the Settlement and this Agreement is otherwise rendered null and void. In the event the Settlement and this Agreement becomes null and void, the Parties shall be restored without prejudice to their respective litigation positions in the Action prior to execution of this Agreement.

## 12. OPT-OUTS AND OBJECTIONS

12.1 **Opting Out.** The Class Notice shall contain information about how a person in the Settlement Class may opt-out of the Settlement (*i.e.*, a request to be excluded from the Settlement

- 26 -

Class) by mailing a Request for Exclusion by first-class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as specified in the Class Notice. Such Request for Exclusion shall clearly indicate the name, address, telephone number, the name and case number of the Action, a clear and unequivocal statement that the person wishes to be excluded from the Settlement Class, and the signature of such person or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person. Each written request for exclusion can only request exclusion for the named individual; mass or class exclusions are not permissible.

12.2 **Objections.** The Class Notice shall contain information about how a person in the Settlement Class who does not properly and timely submit a Request for Exclusion pursuant to this Settlement Agreement, may object to the Settlement by filing a written objection with the Court by the Objection/Exclusion Deadline, with a copy served on the Settlement Administrator, at the address provided in the Class Notice, which written objection must contain the following:

      a.    the full name, address, telephone number, and personal signature of the objecting Settlement Class Member;

      b.    the specific reasons for the objecting Settlement Class Member's objection to the Settlement, and a detailed statement of the factual and legal basis for such objections;

      c.    the identity of all witnesses, including the witness's name and address, and a summary of such witness's proposed testimony, who the objecting Settlement Class Member may call to testify at the Final Approval Hearing, and describe and produce copies of all evidence such objecting Settlement Class Member may offer at the Final Approval Hearing;

- 27 -

d. a statement identifying the number of class action settlements objected to by the Settlement Class Member in the last three years, and listing those cases by case name and number, and

e. a statement whether the objecting Settlement Class Member and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing. Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which such counsel has represented an objector. If the objecting Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Fairness Hearing, the written objection must include a detailed statement of the specific legal and factual basis for each and every objection and a detailed description of any and all evidence the objecting Settlement Class Member may offer at the Final Fairness Hearing, including copies of any and all exhibits that the objecting Settlement Class Member may introduce at the Final Fairness Hearing.

## 13. CLASS COUNSEL'S FEE AWARD AND COST REIMBURSEMENT; SERVICE AWARD.

13.1 **Attorneys' Fees and Costs.** On or before fifty (50) days after the Preliminary Approval Order has been entered, Class Counsel shall file with the Court a motion seeking an award of Attorneys' Fees and Costs to be paid exclusively from the Settlement Fund, which Fee and Cost Motion shall be subject to approval by the Court. The Fee and Cost Motion may seek up to thirty percent (30%) of the Settlement Fund, plus any reasonable out-of-pocket costs and litigation expenses incurred by Class Counsel in this Action. Defendant shall not oppose this

39648126v9

request, but nothing in this Agreement requires Defendant or Defendant's Counsel to take any affirmative position with respect to such request. The Fee and Cost Motion shall be noticed to be heard at or before the Final Approval Hearing. The Settlement Administrator shall disburse any Fee Award of Attorneys' Fees and Costs, including any out-of-pocket costs incurred by Class Counsel in this Action, to Class Counsel as soon as possible after the Effective Date.

13.2    **Service Award.** On or before fifty (50) days after the Preliminary Approval Order has been entered, the Class Representative shall file with the Court a request, to be paid exclusively from the Settlement Fund, seeking a Service Award of up to Ten Thousand Dollars ($10,000) in recognition of the time and efforts invested by the Class Representative on behalf of the Settlement Class in this Action. Defendant shall not oppose this request, but nothing in this Agreement requires Defendant or Defendant's Counsel to take any affirmative position with respect to such request.

## 14.    MISCELLANEOUS PROVISIONS

14.1    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise reasonable efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order and Judgment, and to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

39648126v9

14.2    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.

14.3    The Parties have relied upon the advice and representation of their respective counsel concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

14.4    Unless the context of this Agreement requires otherwise, the plural includes the singular, the singular includes the plural, and "including" has the inclusive meaning of "including without limitation." The words "hereof," "herein," "hereby," "hereunder," and other similar terms of this Agreement refer to this Agreement as a whole and not exclusively to any particular provision of this Agreement. All pronouns and any variations thereof will be deemed to refer to masculine, feminine, or neuter, singular, or plural, as the identity of the person or persons may require.

14.5    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

14.6    Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

14.7    Each counsel or other Party executing this Settlement Agreement, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and

- 30 -

represents that such Party has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

14.8    This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

14.9    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, representatives, and assigns of the Parties, the Settlement Class Members, and the Released Parties.

14.10   This Agreement, the exhibits hereto, and the terms and conditions herein constitute the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and inducements contained in this Agreement.

14.11   This Agreement shall be governed by the laws of the United States and, to the extent there is no applicable federal law, the laws of the state of Alabama.

14.12   This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by all of the Parties and approved by the Court.

14.13   Unless otherwise stated herein, any notice to the Parties required or provided under this Agreement shall be in writing and may be sent by electronic mail, overnight delivery by a national recognized courier service (*i.e.,* UPS, FedEx, or the equivalent), or hand delivery as follows:

> a.    If to Class Counsel:

39648126v9

John Allen Yanchunis, Sr.
Jonathan Betten Cohen
Patrick A. Barthle II
MORGAN & MORGAN COMPLEX LITIGATION GROUP
201 N Franklin St 7th Floor
Tampa, FL 33602
Telephone: (813) 275-5272

William Peerce Howard
The Consumer Protection Firm, PLLC
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 500-1500


      b.    If to Defendant's Counsel:

Steven D. Allison
Samrah R. Mahmoud
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: (949) 622-2700

Maibeth J. Porter
Joshua B. Baker
MAYNARD COOPER & GALE PC
1901 6th Avenue North
Suite 2400
Birmingham, AL 35203
Telephone: (205) 254-1000

14.14   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

14.15   The Court shall retain exclusive and continuing jurisdiction over this Agreement and over all Parties and Settlement Class Members to interpret, effectuate, enforce, and implement

- 32 -

this Agreement. The Court shall have exclusive jurisdiction to resolve any disputes involving this Agreement.

14.16   No Party will make public statements about the Settlement (including specifically the amount of the Settlement), except to the extent contained in materials available to the public in the Court's files.

39648126v9

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**Class Counsel, For Plaintiff and the Settlement Class:**

Date: 11/12/2019

**For Defendant:**

Regions Bank
Authorized Representative

Clair Maloney Gammill, SVP
Printed Name and Title

Date: Nov. 12, 2019

**Defendant's Counsel:**

Date: Nov. 12, 2019

- 34 -

# Exhibit 1

# PROOF OF CLAIM FORM

In re: **_Swaney v Regions Bank_**          Case No.  **2:13-cv-00544-JHE**

You may file a claim online at www. Complete the steps below to Submit a Claim under the Settlement described in the Notice. You must complete and return this Claim Form postmarked no later than **____ (insert the date of 120 days after entry of prelim app order)** to be eligible to receive a payment under this Settlement. Your response will be verified against records produced in this case.

*Please print clearly in capital block letters using blue or black ink, one letter per box, as shown.*  `A B C 1 2 3`

FIRST NAME                                                                                                          MI

LAST NAME                                                                                                     SUFFIX

MAILING ADDRESS

CITY                                                                              STATE          ZIP

EMAIL ADDRESS

CURRENT PHONE NUMBER                    NOTICE ID (if known; found on post card notice)
( ___ ) ___ – ___

If you received a post card notice informing of your right to file a claim, the phone number on which you may have received texts is listed on that notice.
CELL PHONE NUMBER at which texts were received (if known)
( ___ ) ___ – ___

_**I received a text to my cellular phone from Regions Bank which I did not consent to receive in that I was not the intended recipient, or I had previously informed Regions it had the wrong number.**_  *I certify that the statements herein are true to the best of my knowledge, and that I am not submitting multiple claim forms in this Settlement.*

SIGNATURE (required)                                      DATE (MM-DD-YYYY)
___ – ___ – 2 0 ___

After you complete and sign this Claim Form, return it by U.S.P.S First-Class mail to the Settlement Administrator, **postmarked no later than (insert the date of 120 days after preliminary approval order is entered)**, at the following address:
**Swaney v Regions Bank Settlement Administrator**
**PO BOX 23680**
**JACKSONVILLE, FL 32241-3680**

*Do not mail a paper claim form if you submitted a claim online.*
*If your address changes after submitting your claim, send email or letter with change of address to [insert email address] or the above mailing address.*

*Administrator Use Only - Do not write below this line*

Docket                    Postmark                    Received

# 308

39808609v3v 1.0

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SUEANN SWANEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **2:13-CV-00544-JHE** |
| | ) | |
| **REGIONS BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**[PROPOSED]**
**FINAL APPROVAL ORDER AND JUDGMENT**

The Parties in this class action lawsuit have moved for final approval of their proposed class settlement. The Court preliminarily approved the Settlement Agreement on _____, 2019, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** final approval of the Settlement, finding specifically as follows:

## I.      Jurisdiction

1.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.[1]

## II.      Rule 23 Requirements

2.      Under Federal Rule of Civil Procedure 23, the Court certifies the following "Settlement Class":

> All persons who (a) received a text message from Regions between January 24, 2011 and the present, (b) without their prior express

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

consent in that the called (i.e. texted) party was not the intended recipient or the recipient had previously informed Regions that it had the wrong number. Excluded from the Settlement Class are (a) any persons who signed a release of Regions related to such conduct in exchange for consideration; (b) any officers, directors or employees, or immediate family members of the officers, directors or employees, of Regions or any entity in which Regions has a controlling interest; (c) any legal counsel or employee of legal counsel for Regions; and (d) the presiding Judge in the Action, as well as the Judge's staff and their immediate family members.

3.  Pursuant to Rule 23(a) Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; and (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class.

4.  Pursuant to Rule 23(b)(3), the Court finds that: (A) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (B) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

### III.  Class Representative and Class Counsel

5.  Under Federal Rule of Civil Procedure 23, Sueann Swaney is hereby appointed as Class Representative.

6.  The following are hereby appointed as Class Counsel:

John Allen Yanchunis, Sr.
Jonathan Betten Cohen
Patrick A. Barthle II
MORGAN & MORGAN COMPLEX LITIGATION GROUP
201 N Franklin St 7th Floor
Tampa, FL 33602
Telephone: (813) 275-5272

William "Billy" Peerce Howard
THE CONSUMER PROTECTION FIRM, PLLC
4030 Henderson Blvd.

Tampa, FL 33629
Telephone: (813) 500-1500

Micah S. Adkins
THE ADKINS FIRM PC
1025 Westhaven Blvd.
Suite 220
Franklin, TN 37064
Telephone: (615) 370-9659

Cathleen M. Combs
EDELMAN COMBS LATTURNER & GOODWIN LLC
20 S Clark St Suite1500
Chicago, IL 60603
Telephone: (312) 739-4200

## IV.    Notice and Opt-outs.

7.      The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the

Settlement Administrator provided the best notice practicable under the circumstances, including

individual notice to all Class members who could be identified through reasonable effort.

8.      The Court finds that Defendant properly and timely notified the appropriate state

and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005

("CAFA"). *See* 28 U.S.C. § 1715.

9.       All persons who made timely and valid requests for exclusion are excluded from

the Settlement Class and are not bound by this Final Approval Order and Judgment.  The list of

persons submitting notices seeking exclusion from the Settlement Class, submitted by Plaintiff is

hereby accepted as the list of persons who have made timely and valid requests for exclusion.

## V.      Final Approval of the Settlement.

10.     Federal Rule of Civil Procedure 23(e)(2) requires the Court to determine whether

the Settlement Agreement is "fair, reasonable, and adequate," and in doing so the Court must

consider whether: (1) the Class Representative and Class Counsel have adequately represented the

Class; (2) the Settlement was negotiated at arm's length; (3) the relief provided for the Class is

adequate; and (4) the Settlement treats Class Members equitably relative to each other. The terms of the Settlement Agreement are approved. The Settlement is in all respects fair, reasonable, adequate and proper, and in the best interest of the Settlement Class. In reaching this conclusion the Court has considered all of the factors set forth in Rule 23(e)(2).

11. Pursuant to the Settlement Agreement, the Defendant has agreed to pay $2,805,200 to create the Settlement Fund. Amounts awarded to Class Counsel and a Service Award to the Class Representative will be paid from the Settlement Fund. Class Members who file a valid claim pursuant to the Settlement Agreement will receive the sum of $50.00. If the funds available to pay claims in the amount of $50.00 to each class member who files a claim after such funds are reduced by the payment of the Service Award and the Fee Award are insufficient to pay claims in the amount of $50.00 each, the claims of those class members who file a claim shall be reduced and paid on a *pro rata* basis.

12. If an amount greater than $50,000 remains in the Settlement Fund after the initial distribution to Settlement Class Members who file valid claims, then the Settlement Administrator shall distribute the remaining Settlement Fund to Settlement Class Members who cashed their Benefit Check from the previous round of distribution on a *pro rata* basis after all costs associated with the second distribution are paid from the remaining Settlement Fund. In no event shall a Class Member receive more than the maximum that he or she could have received under the TCPA for a single text message. Any funds remaining in the Settlement Fund after applicable distributions to Class Members per the terms of the Settlement Agreement will be distributed by the Settlement Administrator as directed by the Court following submission(s) from the parties regarding appropriate *Cy Pres* recipient(s).

13. The Court has read and considered the papers filed in support of the Motion,

including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and the Defendant.  The Court has also read and considered any written objections filed by Settlement Class Members. [[Alternatively: "The Court has not received any objections from any person regarding the Settlement."]]  The Court held a hearing on _____, 2020, at which time the parties [and objecting Settlement Class Members] were afforded the opportunity to be heard in support of or in opposition to the Settlement.  Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on _____, 2019, and that ninety (90) days has passed without comment or objection from any governmental entity.

14.    The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class.  This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

15.    The Settlement Administrator shall take all reasonable steps necessary to ensure that the settlement is effectuated in a manner consistent with the Settlement Agreement.

16.    The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder.  The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

17.    The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

18.     On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other

capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

19.     The Court further orders that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

20.     Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

## VI.     Attorneys' Fees, Attorney Expenses and Class Representative's Service Award

21.     The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $_____ in attorneys' fees and _____ in costs and expenses. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement

Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the Notice specifically and clearly advised the Class that Class Counsel would seek the award.

22.     The Court approves the Service Award of $_____ for Class Representative and specifically finds that amount to be reasonable in light of the service performed by the Class Representative for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

23.     Neither this Final Approval Order and Judgment as to the Defendant, nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

The Clerk is hereby **DIRECTED** to enter this Final Approval Order and Judgment.

DATED: _____, 2020                    _____
                                                  Honorable R. David Proctor
                                                  United States District Court

# Exhibit 3

# If a text from Regions Bank was directed to your cellphone and you were not the intended recipient or you had previously informed Regions Bank it had the wrong number, you could get a payment from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Defendant Regions Bank ("Regions") has agreed to pay $2,805,200 into a fund from which eligible persons or entities who file claims will receive cash awards.

- The settlement resolves a lawsuit involving allegations that Regions sent text messages to class members in violation of the Telephone Consumer Protection Act.

- Court-appointed lawyers for the class ("Class Counsel") will ask the Court for up to thirty percent (30%) of the settlement fund as fees and to reimburse them for the out-of-pocket expenses they paid to investigate the facts, litigate the case, and negotiate the settlement.

- Regions denies all allegations of wrongdoing in the lawsuit. As part of the proposed settlement, Regions does not admit to any wrongdoing and continues to deny the allegations against it.

- The two sides disagree on whether Plaintiff and the class could have won at trial.

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY DATE**[INSERT DATE 120 DAYS AFTER PRELIMINARY APPROVAL ORDER ENTERED ON DOCKET] | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY DATE**[INSERT DATE 75 DAYS AFTER PRELIMINARY APPROVAL ORDER ENTERED ON DOCKET] | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Regions about the legal claims released in this case. |
| **OBJECT BY DATE**[INSERT DATE 75 DAYS AFTER PRELIMINARY APPROVAL ORDER ENTERED ON DOCKET] | Write to the Court explaining why you don't like the settlement. |
| **ATTEND A HEARING ON DATE** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up the right to ever be part of any other lawsuit against Regions about the legal claims released in this case. |

# BASIC INFORMATION

The purpose of this Notice is to let you know that a proposed settlement has been reached in the above class action lawsuit. You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it. In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are a class, or class members. One court resolves the issues for all class members, except those who exclude themselves from the class. Here, the class representative alleges that Regions violated the Telephone Consumer Protection Act ("TCPA") by sending text messages to cellular telephones through the use of an automatic telephone dialing system ("ATDS") without prior express consent in that the texted party either was not the intended recipient or the recipient had previously informed Regions it had the wrong number. The Court has certified a class for settlement purposes only (the "Settlement Class"). U.S. District Court Judge R. David Proctor (the "Court") oversees this class action. Regions denies that it did anything wrong and denies that this case would be certified as a class action in litigation.

# THE SETTLEMENT

The Court did not decide in favor of Plaintiff or Regions on Region's liability under the TCPA. Instead, both sides agreed to a settlement of the claims in the complaint to avoid the cost of a trial, the risk and uncertainty of proceeding forward in the case, and to provide compensation for class members. The class representative and her attorneys believe that the settlement is in the best interests of the Settlement Class.

# WHO IS IN THE SETTLEMENT CLASS?

You are in the "Settlement Class" if you received a text message from Regions between January 24, 2011 and the present, without your prior express consent in that you were either not the intended recipient or had previously informed Regions it had the wrong number. If you received notice of this claim via post-card it is because your number was texted by Region's text alerting and banking system during that time period and you may fall into the above category of individuals. If you have questions about whether you are part of the Settlement Class, you may call 1-XXX-XXX-XXXX or visit www.XXX.com for more information.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

Regions has agreed to pay $2,805,200 to be divided among all Settlement Class Members who submit a valid Claim Form, after any attorneys' fees, costs, and expenses awarded to Class Counsel, and a service award to the class representative, have been deducted. Class Counsel anticipates that Class Members who submit timely claims will receive approximately $50. However, if the amount of the Settlement Fund is insufficient to pay $50 to each class member, payments will be reduced proportionally (by a percentage), i.e. *pro rata*. In other words, your payment will depend on the number of Claim Forms that Settlement Class Members submit and the amount of the Settlement Fund which is available to pay claims.

If, after all payments are processed, an amount greater than $50,000 remains in the Settlement Fund after the initial distribution to Settlement Class Members who filed a valid claim, then the Settlement Administrator shall distribute the remaining Settlement Fund to Settlement Class Members who cashed their payment checks in the previous round of distribution on a *pro rata* basis after all costs associated with

the second distribution are paid from the remaining Settlement Fund. In no event shall a Class Member receive more than the maximum that he or she could have received under the TCPA for a single text message. If an amount less than $50,000 remains in the Settlement Fund after the initial distribution to Settlement Class Members who filed a valid claim, then such amount shall be distributed to a Cy Pres Recipient or Recipients approved by the Court. Further, if a second distribution is made per the above terms and there are funds remaining in the Settlement Fund after such distribution, the remaining funds shall be distributed to the Cy Pres Recipient or Recipients.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

To qualify for payment, you must submit a Claim Form by [INSERT DATE 120 DAYS AFTER PRELIMINARY APPROVAL ORDER ENTERED ON DOCKET]. There are multiple ways to submit a Claim Form. You may have received a paper Claim Form by mail as an attachment to a postcard that provided notice of this settlement. A paper Claim Form is also available upon request by calling the settlement administrator at 1-XXX-XXX-XXXX. Read the instructions on the Claim Form carefully, fill out the form, sign it, and mail it postmarked no later than [INSERT DATE 120 DAYS AFTER PRELIMINARY APPROVAL ORDER ENTERED ON DOCKET]. You may also submit a Claim Form online by going to the Settlement Website at www.XXX.com and following the directions found there. You also may download a paper Claim Form on the Settlement Website or call the Settlement Administrator at 1-XXX-XXX-XXXX. Claim Forms sent by mail must be postmarked by [INSERT DATE 120 DAYS AFTER PRELIMINARY APPROVAL ORDER ENTERED ON DOCKET and mailed to:

XXXXX
Settlement Administrator
P.O. Box. XXXX
City, State Zip Code

The Court will hold a hearing on [INSERT DATE OF FINAL APPROVAL HEARING] to decide whether to approve the settlement. If the settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take more than a year. Please be patient.

Unless you exclude yourself, you are staying in the Settlement Class and you will be a Settlement Class Member. That means you can't sue, continue to sue, or be part of any other lawsuit against Regions regarding the TCPA arising out of or related to any text messages received from Regions during the Class Period, including, but not limited to, claims asserted in the Action or arising out of the facts and circumstances asserted in the Action. If the settlement is approved and becomes final and not subject to appeal, then you and all Class Members release all "Released Claims" against all "Released Parties." It also means that all of the Court's orders will apply to you and legally bind you. The Settlement Agreement (available at www.XXX.com) describes the claims you are releasing (the "Released Claims") and against whom you are releasing claims ("Released Parties") in detail, so read it carefully. To summarize, the release includes, but is not limited to, TCPA claims arising out of or related to any text messages received from Regions during the Class Period.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Regions, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class. To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the

*Swaney v. Regions Bank*, Civil Action No. 2:13-cv-00544-JHE settlement. You must sign the letter and include a statement that you wish to be excluded from this action. Please be sure to include your name, address and telephone number and signature. You must mail your exclusion request postmarked no later than **[INSERT DATE 75 DAYS AFTER PRELIMINARY APPROVAL ORDER ENTERED ON DOCKET]** to the following address:

XXXXXX
Settlement Administrator
P.O. Box XXXX
City, State Zip Code

You cannot exclude yourself on the phone or by fax or email. If you ask to be excluded, you will not get any payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

## THE LAWYERS REPRESENTING YOU

The Court has appointed John Allen Yanchunis, Sr., Jonathan Betten Cohen, and Patrick A. Barthle II of Morgan & Morgan Complex Litigation Group; William Peerce Howard of The Consumer Protection Firm, PLLC; Cathleen M. Combs of Edelman Combs Latturner & Goodwin LLC and Micah Adkins of The Adkins Firm PC to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be personally charged by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. Class Counsel will ask the Court to approve payment of up to 30% of the $2,805,200 Settlement Fund. Class Counsel will also seek recovery of their actual expenses incurred in the litigation. These payments would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel also will request a service award of $10,000 for the named Plaintiff to compensate her for her time and effort in pursuing this case on the Class's behalf. The Court may award less than these amounts.

## OBJECTING TO THE SETTLEMENT

If you are a Settlement Class member and you do not exclude yourself from the Settlement Class, you can object to the settlement if you don't like any part of it. You may give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Swaney v. Regions Bank*, Civil Action No. 2:13-cv-00544-JHE. You must make your objection in writing and file it with the Court. The written objection must (a) contain information sufficient to allow the parties to confirm that you are a member of the Settlement Class, including your full name, address, telephone number, and signature; (b) include a statement of your specific objections, as well as any witness testimony and documents that you would like the Court to consider; and (c) the name and contact information of any attorney you intend to have assert your objections before the Court. You must file the objection with the Court no later than **[INSERT DATE 75 DAYS AFTER PRELIMINARY APPROVAL ORDER ENTERED ON DOCKET]**

*Swaney v. Regions Bank*
Civil Action No. 2:13-cv-00544-JHE
Clerk of the Court for Judge R. David Proctor
Hugo L. Black United States Courthouse
1729 5th Avenue North Birmingham, AL 35203

Also send your objection to the Settlement Administrator, P.O. Box XXXX, City, State Zip Code. Objecting simply means telling the Court that you don't like something about the settlement. You can object only if

you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold the final fairness hearing at X:00 x.m. on Month XX, XXXX, before the Honorable R. David Proctor, Hugo L. Black United States Courthouse, 1729 5th Avenue North Birmingham, AL 35203. The purpose of the hearing is for the Court to determine whether the settlement is fair, reasonable, adequate, and in the best interests of the Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including those related to the amount requested by Class Counsel for attorneys' fees, costs, and expenses, and the service award to the class representative. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**Note:** The date and time of the fairness hearing is subject to change by Court Order. Any changes will be posted on the Settlement website, XXX

## DO I HAVE TO ATTEND THE HEARING?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time, and meets the other criteria described above and in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to. If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement Agreement. If you filed an objection and intend to appear at the hearing, you must state your intention to do so in your objection. To speak, you must state that in your objection. Be sure to include your name, address, telephone number, that you are a Class Member, and your signature. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Regions about the legal issues released in this case.

## GETTING MORE INFORMATION

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You may review the Settlement Agreement on the Settlement Website at www.XXX.com. You can also get a copy of the Settlement Agreement by writing to any of the Court-appointed attorneys. You can call 1-XXX-XXX-XXXX toll free; write to Swaney TCPA Settlement, P.O. Box XXXX, City, State Zip Code; or visit the website at www.XXX.com, where you will find answers to common questions about the settlement, a Claim Form, plus other information to help you determine whether you are a member of the Settlement Class.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR REGIONS BANK WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

# Exhibit 4

Swaney v Regions Bank
c/o Settlement Administrator
PO Box 23459
Jacksonville, FL 32241-3459

PRSRT FIRST CLASS
U.S. POSTAGE
PAID
MAILED FROM
ZIP CODE 32216
PERMIT NO 584

You were identified as someone who is associated with **INSERT PHONE NUMBER**, a cellular number that may have been texted by Region's system between January 24, 2011 and the present, without prior express consent. If this is your cell phone number, then you may be a member of the Settlement Class.

**Note:** You **Must** File a Valid Claim to Receive Payment
www.Insert

*(Continued below)*

\*8131—ΦX—008638\*

Postal Service: Please do not mark barcode
<<noticeid>> – <<pin>>

1 * 1
<<fname>> <<lname>>
<<attn>>
<<addrline1>>
<<addrline2>>
<<addrline3>>
<<addrcity>> <<addrstate>> <<addrzip>>
<<country>>

**A proposed settlement (the "Settlement") has been reached in a class action lawsuit,** *Swaney v. Regions Bank,* **Civil Action No. 2:13-cv-00544-JHE**

The lawsuit alleges that Regions Bank ("Regions") texted cell phones of class members without their prior express consent in that the class members were not the intended recipient or had previously informed Regions it had the wrong number in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Regions denies that it violated any laws or that it did anything wrong. Plaintiff and Regions have agreed to the Settlement to avoid the burden, expense, risk and uncertainty of continuing the lawsuit.

**Who is included in the Settlement Class?** The Settlement Class includes persons in the United States who received a text message from Regions between January 24, 2011 and the present, without prior express consent in that the person was either not the intended recipient or had previously informed Regions it had the wrong number.

**How much money can I get?** If the Court approves the Settlement, every Settlement Class Member who submits a valid Claim Form by [DATE] will be entitled to an equal payment from the $2,805,200 Settlement Fund after any attorneys' fees, costs, and expenses, and service awards have been deducted. Class counsel estimates that each payment will be approximately $50. Your actual payment amount, however, will depend on how many Settlement Class Members submit valid Claim Forms.

**When will the Settlement be finally approved?** The Court will hold a Final Approval Hearing (the "Hearing") at [DATE] and Time at the U.S. District Court, Northern District of Alabama, Judge R. David Proctor, Hugo L. Black United States Courthouse, 1729 5th Avenue North Birmingham, AL 35203. At the Hearing, the Court will consider whether to approve: the proposed Settlement as fair, reasonable, and adequate; Class Counsel's request of up to thirty percent (30%) of the Settlement Fund in attorneys' fees in addition to their costs and expenses; and

39770120v3

a $10,000 service award to the Class Representative. The Court will also hear any timely filed objections to the Settlement. If approval is denied, reversed on appeal, or does not become final, the case will continue, and claims will not be paid. *(Continued on reverse side.)*

**What are my legal rights?** If you meet the above criteria and wish to receive a payment from the settlement, you **must** file a claim at www.Insert or return the attached claim form.

If you do not want to be legally bound by the Settlement, you may "opt out" (exclude yourself) from the Settlement. If you opt out, you will not receive a payment, and you will not release any claims. You will be free to pursue whatever legal rights you may have at your own risk and expense. To exclude yourself from the Settlement, you must mail a request for exclusion to: *Swaney v. Regions Bank* Settlement Administrator, PO BOX XXXXX, Jacksonville, FL 32241, which must be postmarked by **[DATE[INSERT DATE 75 DAYS AFTER PRELIMINARY APPROVAL ORDER ENTERED ON DOCKET]** that includes your full name, address, telephone number or numbers, a statement that you wish to be excluded from the settlement, and your signature.

You may also object to the Settlement by submitting a written objection entitled *Swaney v. Regions Bank,* Civil Action No. 2:13-cv-00544-JHE, to the Clerk of the Court for Judge R. David Proctor, Hugo L. Black United States Courthouse, 1729 5th Avenue North Birmingham, AL 35203. The objection must be postmarked by **[DATE[INSERT DATE 75 DAYS AFTER PRELIMINARY APPROVAL ORDER ENTERED ON DOCKET].** Also send your objection to the Settlement Administrator. The detailed notice available at the website explains how to object to the Settlement.

**Want more information?** The Settlement Agreement and other relevant documents are available at www.INSERT. Pleadings and documents filed in Court may be reviewed or copied in the office of the Clerk. Please do not call the Court, the Judge or Regions Bank regarding whether to accept the Settlement. They cannot give you advice on your options.

---

*Please use this section to file a claim or file online at: www.Insert*

<<noticeid>>                                                    <<keylline>>

☐ 1) Check Box if name & address on front are correct. If not please correct below (please print).

NAME_____

ADDRESS_____

CITY, STATE, ZIP_____

2) Enter EMAIL ADDRESS_____

3) Certify By signing below, I certify that I received a text to my cellular phone: xxx-xxx-xxxx from Regions Bank which I did not consent to receive in that I was not the intended recipient or I had previously informed Regions it had the wrong number. I further certify this information is true to the best of my knowledge and that I am not submitting multiple claim forms.

Signature:_____ Date:_____

PLACE
STAMP
HERE

*SWANEY V REGIONS BANK SETTLEMENT ADMINISTRATOR*
PO BOX XXXXX
JACKSONVILLE, FL   32241

# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SUEANN SWANEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **2:13-CV-00544-JHE** |
| | ) | |
| **REGIONS BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**[PROPOSED]**
**PRELIMINARY APPROVAL ORDER**

Plaintiff has moved for preliminary approval of a proposed class settlement which would resolve Plaintiff's class action claims brought under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.* Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** preliminary approval of the Settlement, and directs notice be sent to the Class, finding specifically as follows.[1]

**I.    Jurisdiction**

1.    The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

**II.    Rule 23 Requirements**

2.    Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined as follows:

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

All persons who (a) received a text message from Regions between January 24, 2011 and the present, (b) without their prior express consent in that the called (i.e. texted) party was not the intended recipient or the recipient had previously informed Regions that it had the wrong number. Excluded from the Settlement Class are (a) any persons who signed a release of Regions related to such conduct in exchange for consideration; (b) any officers, directors or employees, or immediate family members of the officers, directors or employees, of Regions or any entity in which Regions has a controlling interest; (c) any legal counsel or employee of legal counsel for Regions; and (d) the presiding Judge in the Action, as well as the Judge's staff and their immediate family members.

3.      The Court preliminarily finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the class representative are typical of the claims of the Settlement Class Members; and (d) the class representative will fairly and adequately represent the interests of the Settlement Class Members

4.      The Court further preliminarily finds that the prerequisites for class certification under Rule 23(b)(3) have been satisfied in that (A) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (B) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### III.    Preliminary Approval of the Settlement

5.      Rule 23(e)(1)—amended in December 2018—now provides that notice should be given to the class, and hence, preliminary approval should only be granted, where the Court "will likely be able to" finally approve the settlement under Amended Rule 23(e)(2) and certify the class for settlement purposes. Fed. R. Civ. P. 23(e); *see also id.* 2018 Amendment Advisory Committee Notes.  Final approval is proper under the amended rule upon a finding that the

settlement is "fair, reasonable, and adequate."

      6.     Pursuant to the Settlement Agreement, the Defendant has agreed to pay $2,805,200 to create the Settlement Fund. Amounts awarded to Class Counsel and a Service Award to the Class Representative will be paid from the Settlement Fund. Class Members who file a valid claim pursuant to the Settlement Agreement will receive the sum of $50.00. If the funds available to pay claims in the amount of $50.00 to each class member who files a claim after such funds are reduced by the payment of the Service Award and the Fee Award are insufficient to pay claims in the amount of $50.00 each, the claims of those class members who file a claim shall be reduced and paid on a *pro rata* basis.

      7.     If an amount greater than $50,000 remains in the Settlement Fund after the initial distribution to Settlement Class Members who file valid claims, then the Settlement Administrator shall distribute the remaining Settlement Fund to Settlement Class Members who cashed their Benefit Check from the previous round of distribution on a *pro rata* basis after all costs associated with the second distribution are paid from the remaining Settlement Fund. In no event shall a Class Member receive more than the maximum that he or she could have received under the TCPA for a single text message. Any funds remaining in the Settlement Fund after applicable distributions to Class Members per the terms of the Settlement Agreement will be distributed by the Settlement Administrator as directed by the Court following submission(s) from the parties regarding appropriate *Cy Pres* recipient(s). Defendant has recommended that the United Way of Central Alabama, Inc. be the designated *Cy Pres* recipient.

      8.     The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiff's motion papers and briefs, and the declarations of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement

appears to be the result of serious, informed, non-collusive negotiations conducted with experienced mediator, Rodney Max. The Court further observes that the Settlement Agreement is the product of almost six years of litigation, including cross motions for summary judgment, supplemental briefing on those cross motions, and objections to and motions for reconsideration of, the findings resulting therefrom. *See, e.g.*, (Doc's 59, 62, 117, 121, 134, 135, 147–150, 153, 156, 160, 168). Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, and the record in this case, the Court finds that the Settlement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

### IV. Class Representative and Class Counsel

9. The Court preliminarily appoints Plaintiff Sueann Swaney as the Class Representative.

10. Under Rule 23(g), the following attorneys and firms are preliminarily appointed as Class Counsel:

> John Allen Yanchunis, Sr.
> Jonathan Betten Cohen
> Patrick A. Barthle II
> MORGAN & MORGAN COMPLEX LITIGATION GROUP
> 201 N. Franklin St., 7th Floor
> Tampa, FL 33602
> Telephone: (813) 275-5272
>
> William "Billy" Peerce Howard
> THE CONSUMER PROTECTION FIRM, PLLC
> 210-A South MacDill Avenue
> Tampa, FL 33609
> Telephone: (813) 500-1500

Micah S. Adkins
THE ADKINS FIRM PC
1025 Westhaven Blvd., Suite 220
Franklin, TN 37064
Telephone: (615) 370-9659

Cathleen M. Combs
EDELMAN COMBS LATTURNER & GOODWIN LLC
20 S. Clark St., Suite 1500
Chicago, IL 60603
Telephone: (312) 739-4200

## V.    Notice and Administration

11.     The Court appoints American Legal Claim Services LLC to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

12.     The Court has carefully considered the notice program set forth in the Settlement Agreement.  The Court finds that the notice program constitutes the best notice practicable under the circumstances and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process.

13.     The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed on or before **(INSERT DATE 28 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL ORDER).**  Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

14.     All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid by Defendant separate and apart from the Settlement Fund, as provided by the Settlement Agreement.

## VI.    Claims and Exclusions

15.    Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

16.    A member of the Settlement Class wishing to file a claim or to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and must be received no later than **(INSERT DATE 75 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL ORDER)** by the Settlement Administrator at the address specified in the Notice.  In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, telephone number, the name and case number of this Action, a clear and unequivocal statement that the person wishes to be excluded from the Settlement Class, and the signature of such person or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

17.    Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendant or any of the other Released Parties.

18.    All Settlement Class Members who do not timely and validly request exclusion

shall be bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendant or any of the other Released Parties.

19.     The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

## VII.     Objections

20.     Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the Service Award to the Class Representative must file with the Court and submit to the Settlement Administrator a written statement that includes: his or her full name; address; the telephone number(s) that he or she maintains was texted; the personal signature of the objecting Settlement Class Member; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; a statement of whether he or she intends to appear at the Final Approval Hearing; and a statement identifying the number of class action settlements objected to by the Settlement Class Member in the last three years, and listing those cases by case name and number.  The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the Service Award to the Class Representative only if, on or before **(INSERT DATE 75 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL ORDER)** such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

21.     A Settlement Class Member who has timely filed a written objection as set forth

above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a Service Award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

22.    Any member of the Settlement Class who does not opt-out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

## VIII.    Motion for an Award of Attorneys' Fees, Costs and a Service Award.

23.    Any motion for a Service Award to the Class Representative as well as any motion for an award of attorneys' fees and expenses must be filed on or before **(INSERT DATE 50 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL ORDER)**.

## IX.    Final Approval Hearing

24.    A Final Approval Hearing is will be held before the Court on **(Date No Sooner than 130 days after entry of preliminary approval order)** for the following purposes:

(a)    to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)     to consider the motion for an award of attorneys' fees and expenses of Class Counsel;

(e)     to consider the motion for a Service Award to the Class Representative;

(f)     to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g)     to rule upon such other matters as the Court may deem appropriate.

25.     On or before ten (10) days prior to the Final Approval Hearing, Class Counsel shall file and serve a motion for final approval.

26.     The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class.  At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

27.     For clarity, the deadlines the Parties shall adhere to are as follows:

| **Class Notice completed by:** | **28 days after entry of Preliminary Approval Order** | **[[DATE]]** |
|---|---|---|
| **Service Award and Fee Motion:** | **50 days after entry of Preliminary Approval Order** | **[[DATE]]** |

| | | |
|---|---|---|
| **Objection/Exclusion Deadline:** | **75 days after entry of Preliminary Approval Order** | **[[DATE]]** |
| **Claim Deadline:** | **120 days after entry of Preliminary Approval Order** | **[[DATE]]** |
| **Final Approval Submissions:** | **10 Days Before Final Approval Hearing** | **[[DATE]]** |
| **Final Approval Hearing:** | **No Sooner Than 130 days after Preliminary Approval Order** | **[[DATE]]** |

28.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## X.     Further Matters

29.     All discovery and other pretrial proceedings and deadlines in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

30.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding

in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

31.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.


DATED: _____, 2019          _____
                                        Honorable R. David Proctor
                                        United States District Court