FILED

2019 Nov-12  PM 05:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

SUEANN SWANEY, on behalf of
Plaintiff and the class defined below,

      Plaintiff,               CIVIL ACTION NO. 2:13-cv-00544-JHE

v.                              Class Action

REGIONS BANK,

      Defendant.

_____/

## DECLARATION OF JOHN A. YANCHUNIS

I, John A. Yanchunis, pursuant to 28 U.S.C. §1746, declare as follows:

1.      I am an attorney duly admitted to practice law in the state of Florida.

2.      I am one of the attorneys representing Plaintiff in this matter and seeking appointment as Class Counsel. I submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. The facts herein stated are true, of my own personal knowledge, and if called to testify to such facts, I could and would do so competently.

3.      I began the practice of law following the completion of a two-year clerkship with the Honorable Carl O. Bue, Jr., United States District Judge, Southern District of Texas, Houston Division. The vast majority of my practice, spanning more than 37 years, has concentrated on complex litigation, including consumer class actions for over 20 of those years. I have represented consumers in class action cases, including as co-lead counsel in the successful prosecution and settlement of two of the largest class action cases in the United States: *Fresco v. Automotive Directions, Inc.*, No. 03-61063-JEM, and *Fresco v. R.L. Polk*, No. 07-cv-60695-JEM (S.D. Fla.).

My role as lead counsel in these cases is particularly noteworthy as these cases were filed against the world's largest data and information brokers, including Experian, R.L. Polk, Acxiom, Reed Elsevier (which owns Lexis/Nexis), and other companies to protect the important privacy rights of consumers.

4.     My partner Jonathan Cohen and I also represented a class of consumers in *Zyburo v. NCSPlus, Inc*., No. 12-Cv-6677, a TCPA action before Judge Jed S. Rakoff in the Southern District of New York, which was certified, on a contested motion for class certification, as a class action on September 15, 2014.  The case was successfully settled on the eve of trial, and a Final Judgment approving the class settlement was entered on June 29, 2015.  In addition, my partner Mr. Cohen and I represented a class of consumers in *Swift v. Bank of America Corp., et al.*, No. 14-cv-01539, a TCPA action in which a class settlement was approved by the Middle District of Florida on July 20, 2016, *Black-Brown v. Terminix Int'l Co. Ltd. Partnership*, No. 16-cv-23607, another TCPA action in which a class settlement was approved by the Southern District of Florida on February 23, 2018, and *Preman v. Pollo Operations, Inc*., No. 16-cv-00443, an additional TCPA action in which a class settlement was approved by the Middle District of Florida on November 21, 2018.  These experiences have given me the necessary background to assess the issues and Settlement in this case.

5.     I presently serve and have served in the past as lead, co-lead, or class counsel in numerous class actions across the country in a wide variety of areas affecting consumers, including, but not limited to, antitrust, defective products, life insurance, annuities and unfair and deceptive acts and practices. I also serve as lead counsel or co-lead counsel in several multi-district class cases in federal courts across the United States, including likely the largest class case ever filed involving potentially 2.8 billion users of Yahoo's services.

6. As a result of my experience in litigation against the insurance industry, including class litigation, I served as lead counsel for the insurance regulators for the state of Florida in connection with their investigations of a number of insurance companies and brokers regarding allegations of price fixing, bid rigging, undisclosed compensation and other related conduct, and negotiated a number of settlements with insurance companies and brokers who were the subject of those investigations. These investigations resulted in the recovery of millions of dollars for Florida policyholders and the implementation of changes to the way insurance is sold in Florida and throughout the United States.

7. I also have significant trial experience and over the years I have tried many cases. One case in particular, an insurance coverage case filed in 1991 by The Celotex Corporation and its subsidiary, Carey Canada, Inc., where, during the 17 years that case was pending, I was lead trial counsel for seven of the 42 insurance companies sued at the inception of the case. While five of those seven insurance companies settled at various times in the case, two of my insurance company clients did not settle and eventually prevailed at trial. The case was tried in three phases and took almost 200 trial days over several years. I continued to represent and successfully defended those clients through appeals.

8. We filed this matter on behalf of Ms. Swaney on March 21, 2013, accusing Regions of violating the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) ("TCPA"), by sending text alert messages to her cell phone without consent.

9. Soon thereafter, the case was subject to several stays pending resolution of various issues either by the Eleventh Circuit Court of Appeals, the FCC, or the D.C. Circuit Court of Appeals.

10.     Specifically, following Regions' April 15, 2013, motion (Doc. 6), this matter was stayed on June 7, 2013, pending the Eleventh Circuit Court of Appeals' decision in *Breslow v. Wells Fargo Bank, N.A.*, Case No. 12-14564, to resolve the "called party" issue. That stay was lifted on May 9, 2014, in light of the Eleventh Circuit's holding on the "called party" issue in *Osorio v. State Farm Bank, F.S.B.*, No. 13-10951, 2014 WL 1258023 (11th Cir. Mar. 28, 2014). Limited discovery ensured thereafter related to "whether Regions' system is an 'automatic telephone dialing system.'" (Doc. 27). On February 9, 2015, both parties filed cross motions for summary judgment on the ATDS issue, (Docs. 59 and 62). On July 13, 2015, Magistrate Judge England issued a Report and Recommendation that Plaintiff's motion for summary judgment be granted, and that Defendant's motion for summary judgment be denied. (Doc. 117) ("R&R").

11.     On November 18, 2015, this Court entered an order recognizing that the Magistrate Judge's R&R did not address the FCC's recently released ruling, *In re Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961 (2015) ("2015 FCC Order') and referred the matter back to the Magistrate Judge for further proceedings. (Doc. 121). On April 14, 2016, Magistrate Judge England entered his Supplemental Report and Recommendation. (Doc. 134) ("Supplemental R&R"). The Supplemental R&R persisted in its finding that the Defendant's system was an ATDS, even in light of the 2015 FCC Order, thus, again recommended that Plaintiff's motion for partial summary judgment be granted. On April 27, 2016, Regions filed its Objections to the Supplemental R&R. (Doc. 135). Also on April 14, 2016, Magistrate Judge England entered an order denying Regions' motion for another stay (Doc. 133), to which Regions also objected. (Doc. 136).

12.     Following a hearing, on May 13, 2016, the Court stayed this matter for a second time "pending a ruling by the D.C. Circuit Court of Appeals in *ACA Int'l v. FCC*, Case No. 15-1211 (the lead case in Consolidated Appeals) reviewing the FCC's 2015 Order."  (Doc. 139).

13.     As directed by that Order, on April 23, 2018, the parties filed a status report upon a decision adjudicating the *ACA* case.  (Doc. 145).  Pursuant to the Court's briefing schedule (Doc. 146), the parties submitted supplemental arguments "addressing the effect of the *ACA* decision" on the still pending objections to the Supplemental R&R.  (Docs. 147–150).

14.     On May 22, 2018, this Court overruled Regions' objections and directed summary judgment be entered in Plaintiff's favor.  (Doc. 153 at 3–4) (hereinafter "Summary Judgment Order").  Regions then sought reconsideration of the Summary Judgment Order, (Doc. 156), which, on August 6, 2018, was denied (Doc. 168).

15.     The parties' engaged in a mediation with Mediator Rodney Max on July 30, 2019. At all times, the parties' negotiations were adversarial, non-collusive, and conducted at arm's length.  During this session, the parties set forth and discussed their respective positions on the merits of the putative class claims and the potential for a settlement that would involve class-wide relief.  The parties exchanged offers and counteroffers and negotiated the points of each vigorously.  The parties ultimately reached an agreement in principle on the material terms of a class action settlement during this mediation. Attorneys' fees, costs, expenses and the service award to the named Plaintiff were not discussed or negotiated until after the parties had reached an agreement on the framework and material terms of the Settlement.  Thereafter, the parties focused their efforts on documenting the terms of the settlement, which were ultimately memorialized in the Class Action Settlement Agreement ("Settlement"), attached to the Motion for Preliminary Approval.

16.     During the mediation process, I was informed that the Class consists of approximately 65,000 unique cell phone numbers, which the Settlement Administrator will evaluate as potential class members through additional research.

17.     Throughout the settlement process, proposed Class Counsel, including myself, carefully weighed with Plaintiff: (1) the benefits to the Class Representative and the Class under the terms of this Settlement, which provides significant relief to the Class; (2) the attendant risks and uncertainty of litigation, an assessment I felt confident I could make based on my trial experience, as well as the difficulties and delays inherent in such litigation, including the challenges to certification of a class, both at the trial court level and at the appellate level if we were successful in obtaining an order certifying the class; (3) the desirability of consummating the present Settlement to ensure that the Class receives a fair and reasonable Settlement; and (4) providing Plaintiff and Class Members prompt relief, in light of the years of stays already encountered and the possibility of further FCC action at any time.

18.     In the Settlement, the parties agreed to a resolution of this action that would involve the certification, for settlement purposes only, of a nationwide class of consumers described with greater particularity in the Settlement. The Settlement is subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the Settlement, which, if finally approved, will result in certification of the Class and dismissal of the action with prejudice. It is my opinion that the Settlement achieves a result which is fair, reasonable and adequate.

19.     Although I believe we had a compelling case, Plaintiff would have faced significant obstacles in going all the way to, and through, trial.  In its defense of this matter, Defendant articulated several arguments in opposition to certification, including significant hurdles regarding

ascertainability of the Class.  While I believe that Plaintiff could have overcome these challenges, this Court and the appellate court may not have agreed with me.

20.     Throughout my involvement in the Litigation, Class Counsel have maintained contact with Plaintiff regarding the prosecution of this Litigation. After Plaintiff chose to initiate this Litigation, she reviewed the complaint and other documents, and has made herself available as needed.  We have discussed this Litigation, the issues involved in the Litigation, and the overall strategy together. We have also consulted with Plaintiff regarding the settlement parameters to resolve this Litigation.  Plaintiff has been at the helm of this Litigation at all times.  Despite the significant passage of time during the pendency of this case, Plaintiff was, and continues to be, focused on the advancement of the interests and claims of the Class over her own interest, and she has always been concerned about obtaining a result that was best for the Class.  Ms. Swaney fully supports the Settlement.

21.     Proposed Class Counsel are all experienced in class action litigation, including TCPA actions, having handled class litigation around the country and in this District.  Proposed Class Counsel have diligently investigated and prosecuted the claims in this matter, have dedicated substantial resources to the investigation of those claims, and have successfully negotiated the Settlement of this matter to the benefit of Plaintiff and the proposed Settlement Class.  A copy of resumes and biographical descriptions of the qualifications of the attorneys proposed as Class Counsel is attached as Composite Exhibit 1.

22.     For the above reasons, it is my considered opinion as a seasoned and experienced class action lawyer that the terms of the proposed Settlement in this case are fair, reasonable, and adequate and should be approved by this Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of November, 2019 at Tampa, Florida.

_/s/ John A. Yanchunis, Esq._
John A. Yanchunis, Esq.

# Composite Exhibit 1

# Patrick A. Barthle II

Admitted to Florida Bar, 2012

## EMPLOYMENT

Morgan & Morgan Complex Litigation Group, National Consumer Class Action Section, Tampa, Florida, Attorney (August 2015 – Present)

United States District Court, Middle District of Florida, Judicial Law Clerk for the Hon. Mary S. Scriven (Sept. 2013 – Aug. 2015)

Greenberg Traurig, LLP, Tampa Fla., Associate Attorney (Sept. 2012 – Sept. 2013)

## EDUCATION

University of Florida, B.A., History and Criminology, *cum laude*, 2009. Member, Phi Beta Kappa Honor Society; President, St. Augustine Catholic Student Center.

Washington and Lee University School of Law - J.D., *summa cum laude*, 2012. Member, Order of the Coif; Member, Phi Alpha Delta Legal Honor Society; Lead Articles Editor, Wash. & Lee Law Review; President, W&L Law Families.

## RECENT SPEAKING ENGAGEMENTS

| | |
|---|---|
| NetDiligence Cyber Risk Forum.<br>Panelist: Unauthorized Use of Personal Data | June 2018, Philadelphia, PA |
| American Association for Justice: Advanced 30(b)(6) Seminar.<br>Speaker - 30(b)(6): Data Breach Cases | Nov. 2018, Washington, D.C. |
| HarrisMartin's Marriott Data Breach Litigation Conference.<br>Panelist: Damage Models and Settlements in Data Breach Cases | Jan. 2019, Miami, FL |
| Mass Torts Made Perfect, 2019 Fall Seminar.<br>Speaker – The Common Issues Class: Rule 23(c)(4) | Oct. 2019, Las Vegas, NV |

# REPRESENTATIVE RELEVANT CASES

Mr. Barthle actively assisted in the prosecution of the following class action matters:

- *Torres v. Wendy's Int'l., LLC*, No. 6:16-cv-210 (M.D. Fla.) (data breach class action, appointed as Class Counsel, final approval granted)
- *Walters v. Kimpton Hotel & Rest. Grp., LLC*, No. 3:16-cv-5387-VC (N.D. Cal.) (data breach class action, final approval granted)
- *Fulton-Green v. Accolade, Inc*., 2:18-cv-00274-GEKP (E.D. Pa.) (data breach class action, final approval granted)
- *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.) (data breach class action, final approval granted)
- *John Doe v. Tampa General Hospital*, No. 14-CA-012657 (Fla. 13th Cir. Ct.) (data breach class action, final approval granted)
- *Finerman v. Marriott Ownership Resorts*, No. 3:14-cv-1154-TJC-MCR (M.D. Fla.) (consumer fraud class action, final approval granted)
- *Grasso v. Electrolux Home Products, Inc*., No. 8:16-cv-00911-CEH-TGH (M.D. Fla.) (product defect and consumer fraud class action, final approval granted)
- *Hughley et al. v. University of Central Florida*, No 2016-CA-001654-0 (Fla. 9th Cir. Ct.) (data breach class action, final approval granted)
- *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-md-02752-LHK (N.D. Cal.) (data breach class action, preliminary approval granted)
- *In re Equifax, Inc. Customer Data Sec. Breach Litigation*, 1:17-md-02800 (N.D. Ga.) (data breach class action, preliminary approval granted)
- *Morrow v. Quest*, No.: 2:17-cv-0948(CCC)(JBC) (D.N.J.) (healthcare data breach class action, preliminary approval granted, appointed Class Counsel)
- *In re. Brinker Data Incident Litigation,* No. 3:18-cv-00686 (M.D. Fla.) (data breach class action, pending)
- *In re Office of Pers. Mgmt. Data Breach*, No. 1:15-mc-01394-ABJ (D.D.C.) (data breach class action, pending)
- *Adkins. v. Facebook, Inc*., No. C 18-05982 WHA (JSC) (N.D. Cal.) (data breach class action, pending)
- *Stephens v. Availity, LLC*, No. 5:19-cv-00236-JSM-PRL (M.D. Fla) (data breach class action, pending)
- *Cotter v. Checkers Drive-In Restaurants, Inc*., No. 8:19-cv-0386-VMC-CPT (M.D. Fla.) (data breach class action, pending)
- *In re Citrix Data Breach Litigation*, No. 0:19-cv-61350-RKA (S.D. Fla.) (data breach class action, pending)
- *Abdelmessih v. Five Below, Inc*., No. 2:19-cv-01487-JP (E.D. Pa.) (data breach class action, pending)

# ACHIEVEMENTS AND RECOGNITIONS

Florida Super Lawyers Rising Star - 2019

**Jonathan B. Cohen**
Morgan & Morgan Complex Litigation Group
Tampa, Florida

**Employment & Background**:

Mr. Cohen practices in Morgan & Morgan's Tampa, Florida office. As a member of the firm's Complex Litigation Group, Mr. Cohen focuses on nationwide consumer class action litigation. Before joining Morgan & Morgan in 2013, Mr. Cohen was a partner at James, Hoyer, Newcomer & Smiljanich, P.A., a firm specializing in the prosecution of nationwide consumer class actions and whistleblower (*qui tam*) complaints. Mr. Cohen has prosecuted numerous state and federal consumer class actions, including nationwide cases against banks, mortgage companies, debt collectors, retailers, and insurance companies alleging violations of the Florida Deceptive and Unfair Trade Practices Act, the Telephone Consumer Protection Act, the Fair Credit Reporting Act, and the forced placement of insurance. He has also prosecuted class actions involving data breaches, employment discrimination, deceptive products, breaches of contract, and illegal taxation. He also served as counsel for the court-appointed receiver in the Ponzi scheme-related matter of *Wiand v. Wells Fargo Bank, et al.*, Case No. 8:12-cv-557-T-27EAJ (M.D. Fla.).

**Class Counsel Appointments**:

Mr. Cohen has been appointed class counsel by courts in the following representative cases:

- *Black-Brown v. Terminix Int'l Co. Ltd. Partnership*, Case No. 16-cv-23607 (S.D. Fla.)
- *Preman v. Pollo Operations, Inc*., Case No. 16-cv-00443 (M.D. Fla.)
- *Zyburo v. NCSPlus, Inc*., Case No. 12-Cv-6677 (S.D.N.Y.)
- *Swift v. Bank of America Corp., et al.*, No. 14-cv-01539 (M.D. Fla.)
- *Ownby v. Citrus County, Florida*, Case No. 2004-CA-1840 (Fla. 5th Cir., Citrus County)

**Class Action Cases**:

Mr. Cohen led or participated in the prosecution of the following representative class action cases:

- *Taylor v. Ally Financial Inc.*, Case No. 19-cv-01561-AT (N.D. Ga.)
- *In re: Amla Litigation*, Case No. 16-cv-6593 (S.D.N.Y.)
- *Ansley v. Comcast*, Case No. 17-cv-00087-CAR (M.D. Ga.)
- *Peterson v. Apria Healthcare Group*, Case No. 19-cv-00856 (M.D. Fla.)
- *Skeen v. KAS Direct, LLC*, Case No. 17-cv-04119 (S.D.N.Y.)
- *Anderman, et al. v. JPMorgan Chase Bank, et al.*, Case No. 19-cv-01034 (M.D. Fla.)
- *McGrath v. Conn Appliances, Inc*., Case No. 19-cv-01930 (S.D. Tex.)
- *Creech v. Emerson Climate Technologies, Inc*., Case No. 15-cv-00014 (S.D. Oh.)
- *Nash v. DirecTV, LLC*, Case No. 19-cv-09032 (C.D. Cal.)
- *Dixon v. Mississippi Title Loans, Inc*., Case No. 17-cv-02486 (N.D. Ga.)
- *Economakis v. Butler & Hosch, P.A*., Case No. 13-cv-00832 (M.D. Fla.)
- *Etter v. Blue Cross and Blue Shield of Florida*, Case No. 17-004530 (Fla. 6th Cir., Pinellas County)

- *Bush v. Ford Motor Credit Co., LLC*, Case No. 18-cv-02328 (N.D. Tex.)
- *Friedman v. Genworth Life Insur. Co.*, Case No. 18-cv-1094 (M.D. Fla.)
- *In re: Google Plus Profile Litigation*, Case No. 18-cv-06164 (N.D. Cal.)
- *Gregware v. Scotts Miracle-Gro Co.*, Case No. 13-cv-24581 (S.D. Fla.)
- *Williams v. Gulf Coast Consultants, LLC*, Case No. 19-cv-01659 (N.D. Fla.)
- *Black-Brown v. Terminix Int'l Co. Ltd. Partnership*, Case No. 16-cv-23607 (S.D. Fla.)
- *Preman v. Pollo Operations, Inc.*, Case No. 16-cv-00443 (M.D. Fla.)
- *Zyburo v. NCSPlus, Inc.*, Case No. 12-Cv-6677 (S.D.N.Y.)
- *Swift v. Bank of America Corp., et al.*, No. 14-cv-01539 (M.D. Fla.)
- *Ownby v. Citrus County, Florida*, Case No. 2004-CA-1840 (Fla. 5th Cir., Citrus County)
- *Harrison v. Winn-Dixie Stores, Inc.*, Case No. 15-cv-00676 (M.D. Fla.)
- *Factor v. Hooters of America, LLC*, Case No. 18-cv-00792 (N.D. Ga.)
- *Price, et al. v. L'Oreal USA, Inc.*, Case No. 17-cv-00614 (S.D.N.Y.)
- *Braun v. Mediant Communications, Inc.*, Case No. 19-cv-62563 (S.D. Fla.)
- *Melamed v. Autonation, Inc.*, Case No. 16-006560 (Fla. 17th Cir., Broward County)
- *Griffith v. Mercedes-Benz Financial Services USA, LLC*, Case No. 18-cv-01239 (M.D. Fla.)
- *Johnston v. Nationstar Mortgage LLC*, Case No. 14-cv-00103 (D. Nev.)
- *Parks, et al. v. Subaru of America, Inc.*, Case No. 15-cv-22870 (S.D. Fla.)
- *Guidry v. Penn Credit Corp.*, Case No. 19-cv-01936 (M.D. Fla.)
- *Pieterson v. Wells Fargo Bank, N.A.*, Case No. 17-cv-02306 (N.D. Cal.)
- *Riley v. Premium Destinations, LLC*, Case No. 18-cv-02017 (M.D. Fla.)
- *Nelson v. Roadrunner Transportation Systems, Inc.*, Case No. 18-cv-07400 (N.D. Ill.)
- *Hunter v. SLM Corp.*, Case No. 19-cv-00760 (E.D. Va.)
- *Blahous v. Sarrell Regional Dental Center*, Case No. 19-cv-00798 (M.D. Ala.)
- *Snover v. Publix Super Markets, Inc.*, Case No. 15-cv-02434 (M.D. Fla.)
- *Harris, et al. v. Nortek Global HVAC LLC*, Case No. 14-cv-21884 (S.D. Fla.)
- *Stojanovic v. Select Portfolio Servicing, Inc.*, Case No. 16-cv-01373 (M.D. Fla.)
- *Debernardis, et al. v. IQ Formulations, LLC*, Case No. 17-cv-21562 (S.D. Fla.)
- *Toldi v. Hyundai Capital America*, Case No. 16-cv-01877 (D. Nev.)
- *Walker v. Allstate Property & Casualty Insur. Co.*, Case No. 19-cv-00701 (N.D. Ala.)
- *Richardson v. Progressive American Insur. Co.*, Case No. 18-cv-00715 (M.D. Fla.)
- *Relf v. State Farm Mutual Auto Insur. Co.*, Case No. 18-cv-00240 (M.D. Ga.)
- *Philips v. Garrison Property & Casualty Insur. Co.*, Case No. 19-cv-01727 (N.D. Ala.)
- *Walker v. Alta Colleges, Inc., et al.*, Case No. 09-cv-00894 (W.D. Tex.)

**Education**:

Mr. Cohen earned his Bachelor of Arts degree in Journalism from Indiana University in 1996. Following a career in marketing and advertising, he relocated from Chicago, Illinois to St. Petersburg, Florida, where he attended Stetson University College of Law and earned his Juris Doctor degree in 2005. During his tenure at Stetson, Mr. Cohen was an intern for the State Attorney's Office (Economic Crimes Unit), the Thirteenth Judicial Circuit, Hillsborough County (2004), and for the Honorable David A. Demers, Sixth Judicial Circuit of Florida (2004). He earned the book award for Consumer Protection (2004). Mr. Cohen has been a member of the Florida Bar

in good standing since 2006. He is admitted to practice in the U.S. District Court for the Middle District of Florida, the U.S. District for the Southern District of Florida, the U.S. District Court for the Western District of Texas, the U.S. District Court for the Northern District of Illinois, the U.S. District Court for the Western District of Wisconsin, U.S. District Court for the District of Colorado and the U.S. Courts of Appeal for the First, Fifth and Eleventh Circuits.

# WILLIAM "BILLY" PEERCE HOWARD

Mr. Howard serves as the Managing Partner of The Consumer Protection Firm, a consumer protection law firm.

Mr. Howard litigates consumer related cases against some of the largest banks and companies in the country for violations of the Telephone Consumer Protection Act ("TCPA"), Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA") and Florida Consumer Collection Practices Act ("FCCPA") just to name a few. Mr. Howard handles an average of twenty-five open cases at one time against these major corporations. Mr. Howard also manages hundreds of cases against large financial institutions and debt collectors. Mr. Howard has obtained a punitive damage jury verdict against a national debt collector, one of the few such awards in the country. Mr. Howard was also one of the first attorneys to be granted punitive damages in a TCPA action in the case *Jaquita Lyons v. Dish Network, LLC*, M.D. Florida, 3:12-cv-199-J-32MCR. Mr. Howard has successfully defended the constitutionality of Florida's Consumer Collection Practices Act. Mr. Howard remains dedicated to representing victims of "collection harassment" and to protect Americans from abusive debt collectors and robo-dialers. Mr. Howard testified in Tallahassee concerning the bank industries attempts to change the FCCPA and was also invited to round table in Washington D.C. concerning debt collectors using social media.

Mr. Howard has also participated in several class action cases including: *Means vs. DCM Services, LLC,* Case No. 0:12-cv-02638-JNE-AJB, United States District Court, District of Minnesota; *Mendoza vs. Bank of America, N.A. (USA), n/k/a FIA Card Services, N.A.*, Case No. 6:09-cv-1251-Orl-28KRS, United States District Court Middle District of Florida – Orlando; *Rosario vs. SDI Diagnostic Imaging and Financial Credit Services, Inc.,* Case No.: 09-24988, Division: A, Thirteenth Judicial Circuit, Hillsborough County, Florida and *Swaney v. Regions Bank*, Case No. 2:13-cv-00544-JHE, United States District Court Northern District of Alabama.

Mr. Howard's training experience includes working as a Legislative Assistant in Washington, D.C. for Senator Bob Graham. While in law school, he was approved by the Florida Supreme Court as a Certified Legal Intern and prosecuted numerous cases for the West Palm Beach State Attorney's Office. Mr. Howard also clerked for the Honorable Edward Rogers, and worked for the law firms of Lytal & Reiter, P.A. and Conney, Halizter & Blackburn and was also in-house counsel for Nationwide Insurance.

Mr. Howard appeared numerous times on Inside Edition and continues to advise them regarding consumer issues. Mr. Howard has also interviewed with other national news stations such as ABC Nightly News, Nightline, CNN, Fox, CBS, NBC and 60 Minutes. Mr. Howard and his department have been the subject of over one-thousand articles including international exposure in reference to harassment lawsuits.

Education:

- University of Florida (B.A., Economics 1990)
- Nova Southeastern University (J.D., 1995)

Bar Admissions:

- The Florida Bar

Court Admissions:

- United States District Court, Middle District of Florida
- United States District Court, Southern District of Florida
- United States District Court, Northern District of Florida

Memberships:

- The Florida Bar
- Florida Justice Association
- National Association of Consumer Advocates

Practice Areas:

- Robo-Dialing Harassment
- Debt Collection Harassment
- Unfair Credit Reporting
- Unfair and Deceptive Trade Practices
- Identity Theft
- Consumer Fraud
- Junk Facsimiles
- Class Actions

Published Opinions:

- *Page vs. Regions Bank*, 2012 WL 6913593 (N.D. Ala.). Lead counsel in case involving TCPA abuse.
- *Kathy Clements v. DSM Supply LLC*, 2014 WL 560561 (M.D. Fla. 2014). Lead counsel default judgment in which, after notice of incorrect calls was made, each subsequent call was considered "willful and knowing" and thus worth $1,500.00.
- *Gambon v. R & F Enterprises, Inc.*, 2015 WL 64561. Lead counsel default judgment in which, after notice of incorrect calls was made, each subsequent call was considered "willful and knowing" and thus worth $1,500.00.
- *Coniglio v. Bank of America, N.A.*, 2014 WL 5366248 (M.D. Fla. 2014). Default Judgment awarded totaling $1,051,000.00 which found each call after verbal revocation was "willful and knowing" and thus worth $1,500.00.
- *Desmond vs. HSBC Card Services, Inc.*, WL 2436582 (M.D. Fla. 2009). Motion to amend for Punitive damages granted concerning almost one-thousand phone calls to the plaintiff, although he did not owe the money.
- *Green Tree vs. McLeod*, 15 So. 3d 682 (Fla. 2d DCA 2009). Lead counsel in case considered to be one of the seminal appellate opinions on waiver of arbitration.
- *Strominger vs. Amsouth Bank*, 991 So. 2d 1030 (Fla. 2d DCA 2008). Lead counsel in case involving banks waiver of arbitration.
- *Laufman vs. Phillips & Burns, Inc.*, WL 190604 (M.D. Fla. 2008). Motion to amend for Punitive damages granted in case alleging debt collector threatened daughter with the arrest of her father.

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
## 20 S. Clark Street, Suite 1500
## Chicago, Illinois 60603-1824
Phone:  312/739-4200

Fax:  312/419-0379

**[www.edcombs.com](www.edcombs.com)**

**CATHLEEN M. COMBS**
Edelman, Combs, Latturner & Goodwin

Cathleen M. Combs is a partner in the firm of Edelman Combs Latturner & Goodwin in Chicago, Illinois. Edelman, Combs, Latturner & Goodwin, LLC, has 8 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, Julie Clark, Heather Kolbus, Cassandra P. Miller, and Tiffany N. Hardy, and four associates.

**Cathleen M. Combs** is a 1976 graduate of Loyola University Law  School. From 1984-1991, she supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law.  She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991 and became a named partner in 1993.  Ms. Combs received an Award for Excellence in Pro Bono Service from the Judges of the United States District Court for the Northern District of Illinois and the Chicago Chapter of the Federal Bar Association on May 18, 2012.  Ms. Combs has argued over fifteen cases in the 1st, 3rd and 7th Circuit Court of Appeals and the Illinois Appellate Court, and she is a frequent speaker on consumer law topics at various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conferences,  and the Practicing Law Institute's Consumer Financial Services Institute. Ms. Combs is coauthor of *The Bankruptcy Practitioner's Guide to Consumer Financial Services Actions After the Subprime Mortgage Crisis*  (LRP Publications 2010).  Her reported decisions include: *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 Fed. Appx. 200 (3d Cir. 2012); *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002); *Chandler v. American General Finance, Inc.*, 329 Ill. App.3d 729, 768 N.E.2d 60 (1st Dist. 2002);  *Miller v. McCalla Raymer*, 214 F.3d 872 (7th Cir. 2000);  *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000); *Emery v. American Gen. Fin., Inc.*, 71 F.3d 1343 (7th Cir. 1995);  *McDonald v. Asset Acceptance, LLC,* 296 F.R.D. 513 (E.D.Mich. 2013); and  *Tocco v. Real Time Resolutions*, 48 F.Supp.3d 535 (S.D.N.Y. 2014).  She is a member of the Illinois bar and admitted to practice in the following courts:  United States District Courts for the Northern, Central and Southern Districts of Illinois, United States District Courts for the Northern and Southern Districts of Indiana, Seventh Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, and Tenth Circuit Court of Appeals.  She is a member of the Northern District of Illinois trial bar.

**Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law

School.  From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases).  In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago.  Virtually all of his practice involves litigation on behalf of consumers, through both class and individual actions.  He is the author of the chapters on the "Fair Debt Collection Practices Act," "Truth in Lending Act," and "Telephone Consumer Protection Act" in *Illinois Causes of Action* (Ill. Inst. For Cont. Legal Educ.  2014 and earlier editions), author of the chapter on the Telephone Consumer Protection Act in *Federal Deception Law* (National Consumer Law Center 2013 Supp.), author of  *Collection Litigation: Representing the Debtor*  (Ill. Inst. Cont. Legal Educ. 2008, 2011, 2014, 2019), and *Collection Litigation: Representing the Debtor* (Ill. Inst. Cont. Legal Educ. 2014); author of Chapter 6, "Predatory Lending and Potential Class Actions," in *Real Estate Litigation* (Ill. Inst. For Cont. Legal Educ. 2004, 2008, 2013), co-author of Rosmarin & Edelman, *Consumer Class Action Manual* (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of *Representing Consumers in Litigation with Debt Buyers* (Chicago Bar Ass'n 2008);  *Predatory Mortgage Lending* (Ill. Inst. for Cont. Legal. Educ. 2008, 2011), author of Chapter 6, "Predatory Lending and Potential Class Actions," in *Real Estate Litigation* (Ill. Inst. For Cont. Legal Educ. 2004, 2008, 2014), *Illinois Consumer Law*, in Consumer Fraud and Deceptive Business Practices Act and Related Areas Update (Chicago Bar Ass'n 2002);  *Payday Loans:  Big Interest Rates and Little Regulation*, 11 Loy.Consumer L.Rptr. 174 (1999); author of *Consumer Fraud and Insurance Claims*, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," *Ohio Consumer Law* (1995 ed.); co-author of *Fair Debt Collection:  The Need for Private Enforcement*, 7 Loy.Consumer L.Rptr. 89 (1995); author of *An Overview of The Fair Debt Collection Practices Act*, in Financial Services Litigation, Practicing Law Institute (1999); co-author of *Residential Mortgage Litigation*, in Financial Services Litigation, Practicing Law Institute (1996); author of *Automobile Leasing:  Problems and Solutions*, 7 Loy.Consumer L.Rptr. 14 (1994); author of *Current Trends in Residential Mortgage Litigation*, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); co-author of *Illinois Consumer Law* (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, *Attorney Liability Under the Fair Debt Collection Practices Act* (Chicago Bar Ass'n 1996); and author of *The Fair Debt Collection Practices Act:  Recent Developments*, 8 Loy.Consumer L. Rptr. 303 (1996), among others.   Mr. Edelman is also a frequent speaker on consumer law topics for various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conference, and the Illinois Institute for Continuing Legal Education, and he has testified on behalf of consumers before the Federal Trade Commission and the Illinois legislature.  He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Sixth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Courts for the Eastern and Western Districts of Wisconsin, and the Supreme Court of Illinois.  He is a member of the Northern District of Illinois trial bar.

**James O. Latturner** is a 1962 graduate of the University of Chicago Law School.  Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma.  From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions.  His publications include Chapter 8 ("Defendants") in *Federal Practice Manual for Legal Services Attorneys* (M. Masinter, Ed., National Legal Aid and Defender Association 1989); *Governmental Tort Immunity in Illinois*, 55 Ill.B.J. 29 (1966); *Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations*, 2 Loy.Consumer L.Rep. 64 (1990), and *Illinois Consumer Law* (Chicago Bar Ass'n 1996).  He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience.  He has argued over 30 appeals, including two cases in the United States Supreme Court, three in the Illinois Supreme Court, and numerous cases in the Seventh, Third, Fifth, and Eleventh Circuits.  Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers.  He is a member of the Northern District of Illinois trial bar.

**Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988) and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991).  Ms. Goodwin was Chair of the Chicago Bar Association's Consumer Law Committee from 2007 - 2010, and she has previously been on the faculty of the Practicing Law Institute's Consumer Financial Services Institute in Chicago, speaking on issues relating to the Fair Debt Collection Practices Act and mortgage litigation. Ms. Goodwin spoke at the 2016 Conference on Consumer Finance Law on mortgage servicing issues. Ms. Goodwin has also been a frequent speaker at the Chicago Bar Association, speaking on topics such as how to assist consumers with credit reporting problems, developments in class action law and arbitration agreements in consumer contracts. **Reported Cases.** *Aleksic v. Experian Information Solutions, Inc.*, 2014 WL 2769122 (N.D.Ill. June 18, 2014); *Taylor v. Screening Reports, Inc.*, 2015 WL 4052824 (N.D.Ill. July 2, 2015); *Williams v. Chartwell Financial Services, Ltd.*, 204 F.3d 748 (7th Cir. 2000); *Hillenbrand v. Meyer Medical Group*, 288 Ill.App.3d 871, 682 N.E.2d 101 (1st Dist. 1997), later opinion, 308 Ill.App.3d 381, 720 N.E.2d 287 (1st Dist. 1999); *Bessette v. Avco Fin. Servs.*, 230 F.3d 439 (1st Cir. 2000); *Large v. Conseco Fin. Servicing Co.*, 292 F.3d 49 (1st Cir. 2002); *Flippin v. Aurora Bank, FSB*, 12 C 1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Henry v. Teletrack, Inc.,* 11 C 4424,  2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill.  March 7, 2012); *Kesten v. Ocwen Loan Servicing, LLC*, 11 C 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917  (N.D.Ill. Feb. 9, 2012); *Bunton v. Cape Cod Village, LLC*, No. 09-1044, 2009 WL 2139441, 2009 U.S. Dist. LEXIS 57801 (C.D.Ill. July 6, 2009); *Wilson v. Harris N.A.*, No. 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345  (N.D.Ill. Sept. 4, 2007); *Carbajal v. Capital One*, 219 F.R.D. 437 (N.D.Ill. 2004); *Russo v. B&B Catering*, 209 F.Supp.2d 857 (N.D.Ill. 2002); *Romaker v. Crossland Mtg. Co.*, No. 94 C 3328, 1996 WL 254299, 1996 U.S.Dist. LEXIS 6490  (N.D.Ill. May 10, 1996);  *Mount v. LaSalle Bank Lake View*, 926 F.Supp. 759 (N.D.Ill 1996).  Ms. Goodwin is a member of the Illinois bar and is admitted in the Seventh, First, and D.C. Circuit Courts of Appeals, and the United States District Courts for the Northern and Central Districts of Illinois, and the Northern District of Indiana.  She is also a member of the Northern District of Illinois trial bar.

**Julie Clark** (neé Cobalovic) is a graduate of Northern Illinois University (B.A.,

1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060 (Ill.Sup.Ct.) **;** *Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); *Qualkenbush v. Harris Trust & Savings Bank*, 219 F. Supp.2d 935 (N.D.Ill. 2002); *Covington-McIntosh v. Mount Glenwood Memory Gardens*, 00 C 186, 2002 WL 31369747 (N.D.Ill., Oct. 21, 2002), later opinion, 2003 WL 22359626 (N.D.Ill. Oct. 15, 2003); *Western Ry. Devices Corp. v. Lusida Rubber Prods.*, 06 C 52, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867 (N.D.Ill. June 13, 2006); *Nautilus Ins. Co. v. Easy Drop Off, LLC*, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill. June 4, 2007); *Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc.*, 07 C 5715, 2007 WL 3448731, 2007 U.S. Dist. LEXIS 84425 (N.D.Ill. Nov. 14, 2007); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 17, 2008); *Sadowski v. OCO Biomedical, Inc.*, 08 C 3225, 2008 WL 5082992, 2008 U.S. Dist. LEXIS 96124 (N.D.Ill. Nov. 25, 2008); *ABC Bus. Forms, Inc. v. Pridamor, Inc.*, 09 C 3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy v. Promius Pharma, LLC*, 09 C 2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Lab., Inc.*, 10 C 1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Garrett v. Sharps Compliance, Inc.*, 10 C 4030, 2010 WL 4167157, 2010 U.S. Dist. LEXIS 109912 (N.D.Ill. Oct. 14, 2010).

**Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** *Clark v. Experian Info. Solutions, Inc.*, 8:00cv1217-22, 2004 WL 256433, 2004 U.S. Dist. LEXIS 28324 (D.S.C., Jan. 14, 2004); *DeFrancesco v. First Horizon Home Loan Corp.*, 06-0058, 2006 WL 3196838, 2006 U.S. Dist. LEXIS 80718 (S.D.Ill. Nov. 2, 2006); *Jeppesen v. New Century Mortgage Corp.*, 2:05cv372, 2006 WL 3354691, 2006 U.S. Dist. LEXIS 84035 (N.D.Ind. Nov. 17, 2006); *Benedia v. Super Fair Cellular, Inc.*, 07 C 1390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill. Sept. 26, 2007); *Gonzalez v. Codilis & Assocs., P.C.*, 03 C 2883, 2004 WL 719264, 2004 U.S. Dist. LEXIS 5463 (N.D.Ill. March 30, 2004); *Centerline Equipment Corp. v. Banner Personnel Svc., Inc.*, 07 C 1611, 2009 WL 1607587, 2009 U.S. Dist. LEXIS 48092 (N.D.Ill. June 9, 2009); *R. Rudnick & Co. v. G.F. Protection, Inc.*, 08 C 1856, 2009 WL 112380, 2009 U.S. Dist. LEXIS 3152 (N.D.Ill. Jan. 15, 2009); *Pollack v. Cunningham Financial Group, LLC*, 08 C 1405, 2008 WL 4874195, 2008 U.S. Dist. LEXIS 4166 (N.D.Ill. June 2, 2008); *Pollack v. Fitness Innovative Techs., LLC*, No. 08 CH 03430, 2009 WL 506280, 2009 TCPA Rep. 1858 (Ill. Cir. Ct., Jan. 14, 2009); *R. Rudnick & Co. v. Brilliant Event Planning, Inc.*, No. 09 CH 18924, 2010 WL 5774848, 2010 TCPA Rep. 2099 (Ill. Cir. Ct., Nov. 30, 2010).

**Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** *Pietras v. Sentry Ins. Co.*, 513 F.Supp.2d 983 (N.D.Ill. 2007); *Hernandez v. Midland Credit Mgmt.*, 04 C 7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill. Sept. 25, 2007); *Balogun v. Midland Credit Mgmt.*, 1:05cv1790, 2007 WL 2934886, 2007 U.S. Dist. LEXIS 74845 (S.D.Ind. Oct. 5, 2007); *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870 (N.D.Ill. 2008); *Miller v. Midland Credit Management, Inc.*, No. 08 C 780, 2009 WL 528796, 2009 U.S. Dist. LEXIS 16273 (N.D.Ill. March 2, 2009); *Frydman v. Portfolio Recovery Associates, LLC*, 11 C 524, 2011 WL 2560221, 2011 U.S. Dist. LEXIS 69502 (N.D.Ill. June 28, 2011).

**Tiffany N. Hardy** is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D. 2001). **Reported cases:** *Unifund v. Shah*, 407 Ill.App.3d 737, 946 N.E.2d 885 (1st Dist. 2011), later opinion, 2013 IL App (1st) 113658, 993 N.E.2d 518; *Tocco v. Real Time Resolutions*, 48 F.Supp.3d 535 (S.D.N.Y. 2014); *Balbarin v. North Star*, 10 C 1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 5, 2011)(class certified); *Diaz v. Residential Credit Solutions, Inc.*, 965 F.Supp.2d 249 (E.D.N.Y. 2013), later opinion, 297 F.R.D. 42 (E.D.N.Y. 2014), later opinion, 299 F.R.D. 16 (E.D.N.Y. 2014); *Manlapaz v. Unifund*, 08 C 6524, 2009 WL 3015166, 2009 U.S. Dist. LEXIS 85527 (N.D.Ill. Sept. 15, 2009); *Matmanivong v. Unifund*, 08 C 6415, 2009 WL 1181529, 2009 U.S. Dist. LEXIS 36287 (N.D.Ill. Apr. 28, 2009); *Kubiski v. Unifund*, 08 C 6421, 2009 WL 774450, 2009 U.S. Dist. LEXIS 26754 (N.D.Ill. Mar. 25, 2009); *Cox v. Unifund CCR Partners*, 08 C 1005 (N.D.Ill. Dec. 4, 2008) (Report and Recommendation for Class Certification); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); *Cotton v. Asset Acceptance*, 07 C 5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill. June 26, 2008) (class certified); *Ketchem v. American Acceptance Co.*, 641 F. Supp. 2d 782 (N.D.Ind. 2008); *D'Elia v. First Capital*, 07 C 6042, 2008 WL 4344571, 2008 U.S. Dist. LEXIS 22461 (N.D.Ill. Mar. 19, 2008). She is admitted in New York and the District of Columbia as well as Illinois.

**Associates**:

**David Kim** is a graduate of the University of Illinois (B.A., 2001, M.A., 2004) and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., 2010).

**Bryan Lesser** is a graduate of Lawrence University (B.A. 2014) and Georgetown University Law Center (J.D., 2018).

**Daniel Scott Miller** is a graduate of Durham University (B.A. 2014) and University of Illinois College of Law (J.D. 2018).

**Kasun Wijegunawardana** is a graduate of Cornell College (B.A. 2010) and Loyola University Chicago Law School (J.D., 2019).

The firm also has a dozen legal assistants and support staff.

Since its inception, the firm has recovered more than $500 million for consumers. The types of cases handled by the firm are illustrated by the following:

**Collection practices:** The firm has brought numerous cases under the Fair Debt Collection Practices Act, both class and individual. Decisions include: *Jenkins v. Heintz*, 25 F.3d 536 (7th Cir. 1994), aff'd 514 U.S. 291 (1995) (FDCPA coverage of attorneys); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014)(en banc); *Janetos v. Fulton, Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016); *Barbato v. Greystone Alliance, LLC,* No. 18-1042, 2019 WL 847920 (3d Cir. Feb. 22, 2019); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th

Cir. 2013); *Soppet v. Enhanced Recovery Co.,* 679 F.3d 637 (7th Cir. 2012); *Ruth v. Triumph Partnerships,* 577 F.3d 790 (7th Cir. 2009); *Hale v. Afni, Inc.,* 08 C 3918, 2010 WL 380906, 2010 U.S. Dist. LEXIS 6715 (N.D.Ill. Jan. 26, 2010); *Parkis v. Arrow Fin Servs.,* 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Foster v. Velocity Investments,* 07 C 824, 2007 WL 2461665, 2007 U.S. Dist. LEXIS 63302 (N.D. Ill. Aug. 24, 2007); *Foreman v. PRA III, LLC,* 05 C 3372, 2007 WL 704478, 2007 U.S. Dist. LEXIS 15640 (N.D. Ill. March 5, 2007); *Schutz v. Arrow Fin. Services,* 465 F. Supp. 2d 872 (N.D.Ill. 2006); *McMahon v. LVNV Funding, LLC,* 744 F.3d 1010 (7th Cir. 2014), later opinion, 807 F.3d 872 (7th Cir. 2015) (collection of time-barred debts); *Siwulec v. J.M. Adjustment Servs., LLC,* 465 Fed. Appx. 200 (3d Cir. 2012); (activities of mortgage company field agents); *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562 (7th Cir. 2004); *Schlosser v. Fairbanks Capital Corp.,* 323 F.3d 534 (7th Cir. 2003) (FDCPA coverage of debt buyers); *Peter v. GC Servs. L.P.,* 310 F.3d 344 (5th Cir. 2002); *Nielsen v. Dickerson,* 307 F.3d 623 (7th Cir. 2002) (attorney letters without attorney involvement); *Boyd v. Wexler,* 275 F.3d 642 (7th Cir. 2001); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872 (7th Cir. 2000); *Johnson v. Revenue Management, Inc.,* 169 F.3d 1057 (7th Cir.1999); *Keele v. Wexler & Wexler,* 95 C 3483, 1995 WL 549048, 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. Sept. 12, 1995) (motion to dismiss), later opinion, 1996 WL 124452, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), aff'd, 149 F.3d 589 (7th Cir. 1998); *Mace v. Van Ru Credit Corp.,* 109 F.3d 338 (7th Cir. 1997); *Maguire v. Citicorp Retail Services, Inc.,* 147 F.3d 232 (2nd Cir. 1998); *Young v. Citicorp Retail Services, Inc.,* No. 97-9397, 1998 U.S.App. LEXIS 20268, 159 F.3d 1349 (2nd Cir., June 29, 1998) (unpublished); *Charles v. Lundgren & Assocs., P.C.,* 119 F.3d 739 (9th Cir. 1997); *Avila v. Rubin,* 84 F.3d 222 (7th Cir. 1996), aff'g *Avila v. Van Ru Credit Corp.,* 94 C 3234, 1994 WL 649101 (N.D.Ill., Nov. 14, 1994), later opinion, 1995 WL 22866 (N.D.Ill., Jan. 18, 1995), later opinion, 1995 WL 41425 (N.D.Ill., Jan. 31, 1995), later opinion, 1995 WL 55255 (N.D.Ill., Feb. 8, 1995), later opinion, 1995 WL 683775, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 16, 1995); *Tolentino v. Friedman,* 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); *Diaz v. Residential Credit Solutions, Inc.,* 965 F.Supp.2d 249 (E.D.N.Y. 2013), later opinion, 297 F.R.D. 42 (E.D.N.Y. 2014), later opinion, 299 F.R.D. 16 (E.D.N.Y. 2014); *Stubbs v. Cavalry SPV I,* 12 C 7235, 2013 WL 1858587 (N.D.Ill., May 1, 2013); *Osborn v. J.R.S.-I., Inc.,* 13 C 621, 2013 WL 2467654 (N.D.Ill., June 7, 2013); *Terech v. First Resolution Mgmt. Corp.,* 854 F.Supp.2d 537, 544 (N.D.Ill. 2012); *Casso v. LVNV Funding, LLC,* 12 C 7328, 2013 WL 3270654 (N.D.Ill., June 26, 2013); *Simkus v. Cavalry Portfolio Services, LLC,* 11 C 7425, 2012 WL 1866542 (N.D.Ill., May 22, 2012); *McDonald v. Asset Acceptance LLC,* 296 F.R.D. 513 (E.D.Mich. 2013); *Ramirez v. Apex Financial Management, LLC,* 567 F. Supp.2d 1035 (N.D. Ill. 2008); *Cotton v. Asset Acceptance, LLC,* 07 C 5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill., June 26, 2008); *Buford v. Palisades Collection, LLC,* 552 F. Supp. 2d 800 (N.D.Ill. 2008); *Martin v. Cavalry Portfolio Servs., LLC,* 07 C 4745, 2008 WL 4372717, 2008 U.S. Dist. LEXIS 25904 (N.D.Ill., March 28, 2008); *Ramirez v. Palisades Collection LLC,* 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); *Hernandez v. Midland Credit Mgmt.,* 04 C 7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill., Sept. 25, 2007) (balance transfer program); *Blakemore v. Pekay,* 895 F.Supp.972 (N.D.Ill. 1995); *Oglesby v. Rotche,* 93 C 4183, 1993 WL 460841, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 5, 1993), *later opinion,* 1994 U.S.Dist. LEXIS 4866, 1994 WL 142867 (N.D.Ill., April 18, 1994); *Laws v. Cheslock,* 98 C 6403, 1999 WL 160236, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999); *Davis v. Commercial Check Control, Inc.,* 98 C 631, 1999 WL 89556,

1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); *Hoffman v. Partners in Collections, Inc.*, 93 C 4132, 1993 WL 358158, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); *Vaughn v. CSC Credit Services, Inc.*, 93 C 4151, 1994 WL 449247, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 WL 51402, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); *Beasley v. Blatt*, 93 C 4978, 1994 WL 362185, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 11, 1994); *Taylor v. Fink*, 93 C 4941, 1994 WL 669605, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); *Gordon v. Fink*, 93 C 4152, 1995 WL 55242, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); *Brujis v. Shaw*, 876 F.Supp. 198 (N.D.Ill. 1995).

*Jenkins v. Heintz* is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act.  Mr. Edelman argued it before the Supreme Court and Seventh Circuit.  *Avila v. Rubin* and *Nielsen v. Dickerson* are leading decisions on phony "attorney letters."  *Suesz v. Med-1 Solutions, LLC* is a leading decision on the FDCPA venue requirements. *McMahon v. LVNV Funding, LLC* is a leading decision on the collection of time-barred debts.

**Debtors' rights**.  Important decisions include: *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied)  (Illinois statute of limitations for credit card debts); *Parkis v. Arrow Fin Servs.*, 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Rawson v. Credigy Receivables, Inc.,*  05 C 6032, 2006 WL 418665, 2006 U.S. Dist. LEXIS 6450 (N.D.Ill., Feb. 16, 2006) (same); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (collection of time-barred debts without disclosure); *Jones v. Kunin*, 99-818-GPM, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000) (scope of Illinois bad check statute); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002) (failure to allow cosigner to take over obligation prior to collection action); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc) (venue abuse).

**Telephone Consumer Protection Act.**  The firm has brought a number of cases under the Telephone Consumer Protection Act, 47 U.S.C. §227, which prohibits "junk faxes," spam text messages, robocalls to cell phones, and regulates telemarketing practices. Important junk fax and spam text message decisions include:  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Benedia v. Super Fair Cellular, Inc.*,  07 C 01390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill., Sept. 26, 2007); *Centerline Equip. Corp. v. Banner Pers. Serv.*, 545 F. Supp. 2d 768 (N.D.Ill. 2008); *ABC Business Forms, Inc. v. Pridamor, Inc.*, 09 C 3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy, Inc. v. Promius Pharma, LLC*, 09 C 2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Laboratory, Inc.*, 10 C 1315, 2010 WL 3034709, 2010 U.S. Dist. LEXIS, 108339 (N.D.Ill., Aug. 3, 3010).

The firm has also brought a number of cases complaining of robocalling and telemarketing abuse, in violation of the Telephone Consumer Protection Act.  Decisions in these cases include: *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir. 2012); *Balbarin v. North Star Capital Acquisition, LLC*, 10 C 1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 21, 2011), *motion to reconsider denied,* 2011 U.S. Dist. LEXIS 58761 (N.D.Ill. 2011); *Sojka*

*v. DirectBuy, Inc.*, 12 C 9809 et al., 2014 WL 1089072 (N.D.Ill., Mar. 18, 2014), later opinion, 2014 WL 1304234 (N.D.Ill., March 31, 2014). The firm has a leadership role in Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation, MDL No. 2295, and Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation, MDL No. 2286.

**Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, which include: *Henry v. Teletrack, Inc.,* 11 C 4424, 2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill. March 7, 2012).

Another line of cases under the Fair Credit Reporting Act which we have brought, primarily as class actions, alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA. *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004); *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006); *Perry v. First National Bank*, 459 F.3d 816 (7th Cir. 2006).

**Class action procedure:** Important decisions include *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Crawford v. Equifax Payment Services, Inc.,* 201 F.3d 877 (7th Cir. 2000); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832 (7th Cir. 1999); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (mootness); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060 (Ill.Sup.Ct.) (mootness), and *Gordon v. Boden,* 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

**Landlord-tenant:** The firm has brought more than 20 class actions against landlords to enforce tenants' rights. Claims include failing to pay interest on security deposits or commingling security deposits. Reported decisions include *Wang v. Williams*, 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); *Dickson v. West Koke Mill Vill. P'Ship*, 329 Ill. App. 3d 341; 769 N.E.2d 971 (4th Dist. 2002); and *Onni v. Apartment Inv. & Mgmt. Co.*, 344 Ill. App. 3d 1099; 801 N.E.2d 586 (2nd Dist. 2003).

**Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, *In re Mortgage Escrow Deposit Litigation*, and MDL-1604, *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007); *Johnson v. Thomas*, 342 Ill.App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760 (7th Cir. 2006); *Christakos v. Intercounty Title Co.*, 196 F.R.D. 496 (N.D.Ill. 2000); *Flippin v. Aurora Bank, FSB*, 12 C 1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Kesten v. Ocwen Loan Servicing, LLC*, 11 C 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917 (N.D.Ill. Feb. 9, 2012); *Johnstone v. Bank of America, N.A.*, 173 F.Supp.2d 809 (N.D.Ill. 2001); *Leon v. Washington Mut. Bank, F.A.*, 164 F.Supp.2d 1034 (N.D.Ill. 2001); *Williamson v. Advanta Mortg. Corp.*, 99 C 4784, 1999 WL 1144940, 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999);

*McDonald v. Washington Mut. Bank, F.A.*, 99 C 6884, 2000 WL 875416, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); *GMAC Mtge. Corp. v. Stapleton*, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); *Leff v. Olympic Fed. S. & L. Ass'n,* 86 C 3026, 1986 WL 10636 (N.D.Ill. Sept. 19, 1986); *Aitken v. Fleet Mtge. Corp.*, 90 C 3708, 1991 WL 152533,, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. July 30, 1991), later opinion, 1992 WL 33926, 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); *Poindexter v. National Mtge. Corp.*, 94 C 45814, 1995 WL 242287, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); *Sanders v. Lincoln Service Corp.*, 91 C 4542, 1993 WL 1125433, 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. April 5, 1993); *Robinson v. Empire of America Realty Credit Corp.*, 90 C 5063, 1991 WL 26593, 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); *In re Mortgage Escrow Deposit Litigation*, M.D.L. 899, 1994 WL 496707, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 9, 1994); *Greenberg v. Republic Federal S. & L. Ass'n*, 94 C 3789, 1995 WL 263457, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

The recoveries in the escrow overcharge cases alone are over $250 million. *Leff* was the seminal case on mortgage escrow overcharges.

The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

**Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. *Conley v. Sears, Roebuck*, 1:97cv11149 (D.Mass); *Fisher v. Lechmere Inc.*, 1:97cv3065 (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000).

**Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

   a.   Hidden finance charges resulting from pass-on of discounts on auto purchases. *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927 (7th Cir. 1998).

   b.   Misrepresentation of amounts disbursed for extended warranties. *Taylor v. Quality Hyundai, Inc.,* 150 F.3d 689 (7th Cir. 1998); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); *Slawson v. Currie Motors Lincoln Mercury, Inc.*, 94 C 2177, 1995 WL 22716, 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 13, 1995); *Cirone-Shadow v. Union Nissan, Inc.,* 955 F.Supp. 938 (N.D.Ill. 1997) (same); *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302 (N.D.Ill. 1995); *Shields v. Lefta, Inc.*, 888 F. Supp. 891 (N.D.Ill. 1995).

   c.   Spot delivery. *Janikowski v. Lynch Ford, Inc.*, 98 C 8111, 1999 WL

608714 (N.D.Ill., Aug. 5, 1999); *Diaz v. Westgate Lincoln Mercury, Inc.*, 93 C 5428, 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. Nov. 14, 1994); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

   d. Force placed insurance. *Bermudez v. First of America Bank Champion, N.A.*, 860 F.Supp. 580 (N.D.Ill. 1994); *Travis v. Boulevard Bank*, 93 C 6847, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill. 1995); *Moore v. Fidelity Financial Services, Inc.*, 884 F. Supp. 288 (N.D.Ill. 1995).

   e. Improper obligation of cosigners. *Lee v. Nationwide Cassell*, 174 Ill.2d 540, 675 N.E.2d 599 (1996); *Taylor v. Trans Acceptance Corp.*, 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002).

   f. Evasion of FTC holder rule. *Brown v. LaSalle Northwest Nat'l Bank*, 148 F.R.D. 584 (N.D.Ill. 1993), later opinion, 820 F.Supp. 1078 (N.D.Ill. 1993), later opinion, 92 C 8392, 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

  These cases also had a substantial effect on industry practices. The warranty cases, such as *Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler*, and *Shields*, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

  **Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, both as individual and class actions. *Jackson v. Payday Financial LLC*, 764 F.3d 765 (7th Cir. 2014), *cert. denied,* 135 S.Ct. 1894 (2015); *Livingston v. Fast Cash USA, Inc.*, 753 N.E.2d 572 (Ind. Sup. Ct. 2001); *Williams v. Chartwell Fin. Servs.*, 204 F.3d 748 (7th Cir. 2000); *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007); *Handy v. Anchor Mortg. Corp.*, 464 F.3d 760 (7th Cir. 2006); *Laseter v. Climateguard Design & Installation LLC*, 931 F.Supp.2d 862 (N.D.Ill. 2013); *Hubbard v. Ameriquest Mortg. Co.*, 624 F.Supp.2d 913 (N.D.Ill. 2008); *Martinez v. Freedom Mortg. Team, Inc.*, 527 F. Supp. 2d 827 (N.D.Ill. 2007); *Pena v. Freedom Mortg. Team, Inc.*, 07 C 552, 2007 WL 3223394, 2007 U.S. Dist. LEXIS 79817 (N.D.Ill., October 24, 2007); *Miranda v. Universal Fin. Group, Inc.*, 459 F. Supp. 2d 760 (N.D.Ill. 2006); *Parker v. 1-800 Bar None, a Financial Corp., Inc.*, 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb. 12, 2002); *Gilkey v. Central Clearing Co.*, 202 F.R.D. 515 (E.D.Mich. 2001); *Van Jackson v. Check 'N Go of Illinois, Inc.*, 193 F.R.D. 544 (N.D.Ill. 2000), later opinion, 114 F. Supp. 2d 731 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1085 (N.D.Ill. 2000); *Henry v. Cash Today, Inc.*, 199 F.R.D. 566 (S.D.Tex. 2000); *Donnelly v. Illini Cash Advance, Inc.*, 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); *Jones v. Kunin*, 99-818-GPM, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); *Davis v. Cash for Payday*, 193 F.R.D. 518 (N.D.Ill. 2000); *Reese v. Hammer Fin. Corp.*, 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); *Pinkett v. Moolah Loan Co.*, 99 C 2700, 1999 WL 1080596, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); *Gutierrez v. Devon Fin. Servs.*, 99 C 2647, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); *Vance v.*

*National Benefit Ass'n*, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

**Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

      a. Phony nonfiling insurance. *Edwards v. Your Credit Inc.*, 148 F.3d 427 (5th Cir. 1998); *Adams v. Plaza Finance Co.*, 168 F.3d 932 (7th Cir. 1999); *Johnson v. Aronson Furniture Co.*, 96 C 117, 1997 U.S. Dist. LEXIS 3979 (N.D.Ill., March 31, 1997), later opinion, 1993 WL 641342 (N.D.Ill., Sept. 11, 1998).

      b. The McCarran Ferguson Act exemption. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037 (7th Cir. 1998).

      c. Loan flipping. *Emery v. American General*, 71 F.3d 1343 (7th Cir. 1995). *Emery* limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

      d. Home improvement financing practices. *Fidelity Financial Services, Inc. v. Hicks*, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; *Heastie v. Community Bank of Greater Peoria*, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990).

      e. Insurance packing. *Elliott v. ITT Corp.*, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

**Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include *Lundquist v. Security Pacific Automotive Financial Services Corp*., 993 F.2d 11 (2d Cir. 1993); *Kedziora v. Citicorp Nat'l Services, Inc.*, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 91 C 3428, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); *Johnson v. Steven Sims Subaru and Subaru Leasing*, 92 C 6355, 1993 WL 761231, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 WL 13074115, 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); *McCarthy v. PNC Credit Corp.*, 2:91CV00854 (PCD), 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434 (7th Cir. 1994); *Simon v. World Omni Leasing Inc.*, 146 F.R.D. 197 (S.D.Ala. 1992).

      *Lundquist* and *Highsmith* are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the *Lundquist* case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

**Insurance litigation:** Often securing recovery for a class requires enforcement of the rights under the defendant's insurance policy. The firm has extensive experience with such litigation. Reported decisions in such cases include: *Record-A-Hit, Inc. v. Nat'l Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); *Pietras v. Sentry Ins. Co.*, 06 C 3576, 2007 WL 715759, 2007 U.S. Dist. LEXIS 16015 (N.D.Ill., March 6, 2007), later opinion, 513 F. Supp. 2d 983 (N.D.Ill. 2007); *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 06 C 2092, 2007 WL 2608559, 2007 U.S. Dist. LEXIS 65339 (N.D.Ill., Aug. 31, 2007); *National Fire Ins. Co. v. Tri-State Hose & Fitting, Inc.*, 06 C 5256, 2007 U.S. Dist. LEXIS 45685 (N.D.Ill., June 21, 2007); *Nautilus Ins. Co. v. Easy Drop Off, LLC*, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill., June 4, 2007).

Some of the other reported decisions in our cases include: *Elder v. Coronet Ins. Co.*, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); *Smith v. Keycorp Mtge., Inc.*, 151 B.R. 870 (N.D.Ill. 1992); *Gordon v. Boden*, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); *Armstrong v. Edelson*, 718 F.Supp. 1372 (N.D.Ill. 1989); *Newman v. 1st 1440 Investment, Inc.*, 89 C 6708, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. Jan. 15, 1993); *Mountain States Tel. & Tel. Co.*, v. District Court, 778 P.2d 667 (Colo. 1989); *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D.Ill. 1988); *Haslam v. Lefta, Inc.*, 93 C 4311, 1994 WL 117463, 1994 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); *Source One Mortgage Services Corp. v. Jones*, 88 C 8441, 1994 WL 13664, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994); *Wilson v. Harris N.A.*, 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007). *Wendorf v. Landers*, 755 F.Supp.2d 972 (N.D.Ill. 2010); *QuickClick Loans LLC v. Russell*, 407 Ill.App.3d 46; 943 N.E.2d 166 (1st Dist. 2011), *pet. denied*, 949 N.E.2d 1103 (2011) and *Adkins v. Nestle Purina Petcare Co.,* 973 F.Supp.2d 905 (N.D.Ill. 2013).

*Gordon v. Boden* is the first decision approving "fluid recovery" in an Illinois class action. *Elder v. Coronet Insurance* held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

Executed at Chicago, Illinois.

/s/ Cathleen M, Combs
Cathleen M. Combs

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# THE ADKINS FIRM

## PROTECTING ⚖ CONSUMERS

### NASHVILLE • BIRMINGHAM • DALLAS • HOUSTON

The Adkins Firm, P.C. was founded in 2014 by Micah S. Adkins. The Adkins Firm represents consumers in federal court under various consumer protection statutes, including the Telephone Consumer Protection Act ("TCPA"). The Adkins Firm maintains offices in Alabama, Tennessee and Texas and is active in the legal community. The Adkins Firm has represented consumers in over one-hundred and seventy actions in federal courts across the U.S.

Mr. Adkins earned his Bachelor of Science degree from the University of Texas, at Dallas, with honors (*cum laude*), in 2000. He earned his juris doctorate from the Cumberland School of Law, at Samford University, in 2005. Mr. Adkins was honored by his classmates as the Peer Scholarship Recipient and served as an Associate Justice on the Honor Court.

Mr. Adkins is admitted to the Alabama, Tennessee and Texas Bars. He is also admitted to the United States Court of Appeals for the Fifth, Sixth, Ninth and Eleventh Circuits and to all federal district courts in Alabama, Arkansas, Colorado, Tennessee and Texas. He is also a member of the Eastern District of Michigan. Mr. Adkins has been admitted by motion in various district courts, including California, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Mississippi, New Jersey, New York, Ohio, Oregon, Pennsylvania, Virginia and the District of Columbia.

Mr. Adkins has represented the named class representatives in the following certified class actions: *Thomason v. Surin of Thailand,* N.D. Ala., Case No. 07-B-1710-S; *Kanakis v. Surin 280, LLC,* N.D. Ala. Case No. 07-B-17-11; *Iradji v. Surin West, Inc.*, N.D. Ala. Case No. 07-B-1712-S; *Countrywide Financial Corp. Customer Data Security Breach Litigation***,** *MDL No. 1998; TJX Companies Retail Security Breach,* MDL No. 1838; *Department of Veterans (VA) Affairs Data Theft Litigation,* MDL No. 1796; *Young v. Charming Shoppes, Inc., et al.,* Case No. 2-13-cv-03288-CMR (E.D. Pa.); *Almanzar, et al. v. Select Portfolio Servicing, Inc., et al.,* Case No. 1:14-cv-22586-FAM (S.D. Fla.); *Fuller v. Avis/Budget Rental Car*, Case No. 2:15-cv-03856-KM-MAH (D. N.J.); *Clark v. Trans Union, LLC*, Case No. 2:15-cv-3:15-cv-00391-MHL (E.D. Va.); *Anderson v. Trans Union, LLC*, Case No. 3:16-cv-00558 (MHL); *Clark v. Experian Information Solutions, Inc.*, Case No. 3:16-cv-00032 (MHL); *Brown v. Experian Information Solutions, Inc.* Case No. 3:16-cv-00670-MHL (E.D. Va.); *Thomas v. Equifax Information Services, LLC*, Case No. 3:18-cv-00684-MHL (E.D. Va.). Mr. Adkins currently represents the named class representatives in other nationwide putative consumer class actions.

Mr. Adkins' consumer advocacy has been recognized by the members of the Bar, including the Birmingham Bar Association where he was named as a Top Consumer Lawyer in 2012, 2013, 2014 and 2016. Super Lawyers also recognized him as a Rising Star 2014 – 2017 and as a Super Lawyer in 2019. Mr. Adkins received the California Lawyers Association's Wiley W. Manuel

1

Certificate in May 2019 for offering *pro bono* legal services related to his knowledge of the federal Fair Credit Reporting Act to low-income individuals and not-for-profit organizations.

He is regularly invited to lecture on federal consumer protection issues by the: Alabama Bar Association; Birmingham Bar Association; Dallas Bar Association; Florida Bar Association; Houston Bar Association; Huntsville/Madison County Bar Association; Montgomery Bar Association; Williamson County Bar Association and the National Association of Consumer Advocates.

Mr. Adkins is a member of the Alabama Association for Justice; Birmingham Bar Association, Collin County Bar Association, Dallas Bar Association, Federal Bar Association; Houston Bar Association; National Association of Consumer Advocates; National Trial Lawyers Top 100; and the Tennessee Trial Lawyers Association.

Attorney Sarah E. Baber is an associate with the firm and a consumer advocate. Mrs. Baber graduated from Arkansas State University with her Bachelor of Arts in 2004. She earned her juris doctorate from the University of Arkansas William H. Bowen School of Law in 2007. Mrs. Baber is a graduate of the Arkansas Baber Association's Leadership Academy Class of 2014 and was elected to serve the Arkansas Trial Lawyers Association's Board of Governors. Mrs. Baber is a member of the Alabama and Tennessee Bars and is admitted to practice in the Eastern and Western Districts of Arkansas.

List of Speaking Engagements
Micah S. Adkins

*How to Prevent, Detect and Defend Against Identity Theft, Tennessee Bankers Association*, Nashville, Tennessee, October 17, 2019.

*Introduction to the Fair Credit Reporting Act and Housing Issues*, Tennessee Alliance for Legal Services, Nashville, Tennessee July 19, 2019.

*ID Theft: What Should My Client Do?* Williamson County Bar Association, Franklin, Tennessee, October 5, 2018.

*My client's identity was stolen! What should my client do?* Houston Bar Association, Houston, Texas, April 20, 2018.

*Reseller Liability: Consumers' Rights and Remedies Under the FCRA*, National Association of Consumer Advocates, Webinar, November 6, 2018.

*Reseller Liability Under the Fair Credit Reporting Act*, National Association of Consumer Advocates, Fair Credit Reporting Act Conference, Baltimore, MD, April 27, 2017.

*Private/Public Partnerships*, National Association of Consumer Advocates, Fair Credit Reporting Act Conference, Baltimore, MD, April 27, 2017.

*ID Theft Take Charge*, Memorial High School, Houston, Texas, April 19, 2017.

*Overview of the Fair Credit Reporting Act,* Jacksonville Area Legal Aid, Jacksonville, Florida, December 12, 2016.

*ID Theft Consumer Rights*, Sonangol, Houston, Texas, August 22, 2016.

*ID Theft and Consumers' Rights*, Bridgeworth Financial, Birmingham, Alabama, May 23, 2016.

*Overview of the Fair Credit Reporting Act*, Bridgeport Webinar CLE, September 23, 2015.

*Consumer Rights and the Fair Credit Reporting Act*, Rotary Club, Madison, Alabama, August 23, 2015.

*ABC's of the Fair Credit Reporting Act*, Alabama Bar Association, Montgomery, Alabama, July 15, 2015.

*Consumers' Rights and the Fair Credit Reporting Act*, Jefferson County Public Defender's Office, Birmingham, Alabama, May 29, 2015.

*Common Claims: Reasonable Procedures Under § 1681e(b) of the Fair Credit Reporting Act*, National Association of Consumer Advocates, 2015 Fair Credit Reporting Act Conference, Las Vegas, NV, May 2, 2015.

*Elder Exploitation*, Birmingham Bar Association, Elder Law Section, Birmingham, Alabama, October 22, 2014.

*How to Deter, Detect and Defend Against Identity Theft*, Dallas Bar Association, Dallas, Texas, September 19, 2014.

*Defending Against ID Theft in Alabama*, Montgomery Bar Association, Montgomery, Alabama, May 15, 2014.

*Introduction to the Fair Credit Reporting Act*, Birmingham Bar Association, Birmingham, Alabama, November 16, 2012.

*Avoid ID Theft*, Association of Certified Fraud Examiners, Birmingham, Alabama, February 27, 2012.

*Avoid ID Theft*, Peoples Law School, Huntsville, Alabama, Alabama Public Broadcasting Service, February 2012.

*Avoid ID Theft*, Alabama Association of Legal Secretaries, Birmingham, Alabama.  January 20, 2012.

*Avoid ID Theft*, Birmingham Legal Secretaries Association, Birmingham, Alabama, July 21, 2011.