FILED
2020 Feb-10 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

SUEANN SWANEY, on behalf of
Plaintiff and the class defined below,

    Plaintiff,

v.

REGIONS BANK,

    Defendant.
_____/

CIVIL ACTION NO. 2:13-cv-00544-JHE

Class Action

## DECLARATION OF JOHN A. YANCHUNIS IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES, AND SERVICE AWARD

I, John A. Yanchunis, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I have been licensed to practice law in the state of Florida since 1981.

2. A description of my firm, its professional staff dedicated to consumer class litigation and my experience in the area of class action litigation and was described in detail in other declarations previously submitted to the Court and will not be repeated here.

3. I was one of the principal lawyers in charge of all aspects of the litigation and I worked collaboratively with my co-counsel in the case to ensure that Plaintiff and the class which she sought to represent was zealously represented, while also ensuring efficiency and reducing duplicative effort.

4. The hourly rates of the professionals in my firm, including my own, reflect experience and accomplishments in the area of class litigation. The rate of $950 per hour which I charge for my time is commensurate with hourly rates charged by my contemporaries around the country, including those rates charged by lawyers with my level of experience who practice in the

1

area of class litigation across the nation. Prior to submitting the motion for attorneys' fees, costs and expenses, I compared and confirmed the hourly rate of the professionals in my firm with lawyers at other law firms whose practice is focused on class litigation. Moreover, as I have been retained as an expert on attorneys' fees in other class cases, and as part of my legal education, I routinely survey hourly rates charged by lawyers around the country in published surveys, and review continuously as part of my continuing education, opinions rendered by courts on attorneys' fee requests. Again, based upon my research, our rates are within the range of lawyers with our levels of experience.

5. The lawyers and other professional staff of my firm maintain and record their respective time and the specific services they perform contemporaneously in a computerized system. Based upon the records in this system, my firm's lodestar is in excess of 360 hours as of February 6, 2020, amounts to $283,519.80 in lodestar. Additional time will be spent to prepare the motion for final approval and respond to any objections, to prepare for and attend the fairness hearing and obtain final approval, to defend any appeals taken from the final judgment approving settlement, and ensure that the distribution of settlement proceeds to class members is done in a timely manner in accordance with the terms of the settlement. I assert that the attorneys' fees sought in the motion for attorneys' fee is reasonable and seeks fair and reasonable compensation for undertaking this case on a contingency basis, and for obtaining the relief for Plaintiff and the class. Throughout this action, we have been challenged by highly experienced and skilled counsel who deployed very substantial resources on Defendant's behalf.

6. The chart below reflects the amount of time spent by me and members of my firm in the prosecution of this case:

| Name | Title | Hourly Rate | Time Spent | Total Billed |
|---|---|---|---|---|
| John A. Yanchunis | Partner | $950 | 183.0 | $173,185.00 |

| | | | | | |
|---|---|---|---|---|---|
| Patrick A. Barthle | Attorney | $658 | 152.5 | $100,345.00 |
| Jonathan Cohen | Attorney | $742 | 8.6 | $6,381.20 |
| David Reign | Investigator | $300 | 2.4 | $720.00 |
| Lorraine Carreiro | Paralegal | $202 | 9.3 | $1,878.60 |
| Jennifer Cabezas | Paralegal | $202 | 5.0 | $1,010.00 |
| **Total** | | | **360.8** | **$283,519.80** |

7. A breakdown of my firm's costs and expenses, again which I assert are reasonable, are pulled from a computerized database maintained by individuals in the accounting office of my firm and which were checked for accuracy, are reflected below.

| Description | Subtotals | Totals Per Category |
|---|---|---|
| **Court Fees** | | **$57.00** |
| Pro Hac Vice Fees | $50.00 | |
| Florida Supreme Court, Document Fee | $7.00 | |
| **Professional Services** | | **$8,664.07** |
| SLK Investigations, Inc., Process Service | $280.00 | |
| Upchurch Watson White & Max Mediation Group, Inc | $4,500.00 | |
| PACER | $410.52 | |
| Search Consultants, Inc. | $641.00 | |
| Freedom Court Reporting | $273.40 | |
| Veritext Court Reporting | $2,559.15 | |
| **Copies & Printing** | | **$3,602.81** |
| Color Printing / Copies | $426.50 | |
| Black and White Printing / Copies | $2794.00 | |

| | | |
|---|---:|---:|
| Tampa Legal Copies, Inc. | $382.31 | |
| **Shipping, Long Distance & Printing** | | $326.69 |
| FedEx | $174.96 | |
| Postage | $53.23 | |
| Long Distance | $98.50 | |
| **Travel Expenses to attend hearings, depositions and the mediation of this case** | | $12,968.59 |
| John A. Yanchunis | $8,725.04 | |
| William P. Howard[1] | $2,075.06 | |
| Octavio Gomez | $700.23 | |
| Jonathan B. Cohen | $1,468.26 | |
| | **Total** | **$25,619.16** |

8. Additional costs and expenses will be incurred before our work is done in this case, as is true of the additional services which we will provide to the class.

9. From the commencement of this case through today, Ms. Swaney at all times been in control of this litigation. She reviewed and approved of the amended complaint filed in this case, kept up with the ongoing developments of the case, was subject to the time-consuming demands of discovery, including being deposed. She was also consulted regarding the relief that would sought for the class at mediation, and gave her consent to the result which was reached at mediation through the services of Rod Max. The subject of a service award was not raised nor negotiated

---

[1] During the pendency of this case, Mr. Howard departed the Morgan & Morgan firm and started the Consumer Protection Firm. Costs and expenses incurred prior to that transition are accounted for here, and those incurred after are set separately forth in Mr. Howard's declaration.

until after the parties had reached a settlement of the underlying claims, and the class representative's consent and agreement to the terms of the settlement was not, nor is it in any way, conditioned on her receipt of a service award. I support and request the reasonable serve award of $10,000 for Ms. Swaney.

10. As described in the Preliminary Approval Motion (Doc. 190), the administrative fees, costs, and expenses of the Settlement Administrator ("Settlement Administration Expenses") are to be paid exclusively by Defendant separate and apart from the Settlement Fund, except to the extent a second distribution to Class Members will be required, which will be paid from the Settlement Fund. *See* S.A. ¶¶ 1.33, 1.38, 3.1, 3.3, 6.2. I am informed that this amount is in excess of $120,000 and is not expected to exceed $125,000. This additional amount benefits the Class as had it not been negotiated to be paid separately, these amounts would have necessarily come from the Settlement Fund and reduced the amounts available to claimants.

Executed this 10th of February 2020 at Tampa, Florida.

By: /s John A. Yanchunis
John A. Yanchunis, Esq.