IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUEANN SWANEY,<br><br>    Plaintiff,<br><br>v.<br><br>REGIONS BANK,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   CASE NO. 2:13-CV-00544-RDP<br>)<br>)<br>)<br>)<br>)<br>) |

### FINAL APPROVAL ORDER AND JUDGMENT

On June 3, 2020, the court held a Final Settlement Approval Hearing. Consistent with the Memorandum Opinion entered contemporaneously with this Order, Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (Doc. # 205) is **GRANTED**, and Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses, and for Service Award to Class Representative (Doc. # 200) is **GRANTED IN PART**. It is further **ORDERED** as follows:

1.    The court **RETAINS** jurisdiction over the subject matter of this action, as well as over all claims raised in and all Parties to the action, including the Settlement Class.

2.    The Settlement Agreement was entered into in good faith following arm's-length negotiations with the benefit of a neutral mediator, and is non-collusive.

3.    The Settlement Agreement is, in all respects, fair, reasonable, and adequate, and is in the best interests of the Settlement Class; it is therefore **APPROVED**.

4.    For purposes of the Settlement Agreement and this Final Judgment only, the following Settlement Class is **CERTIFIED**:

    All persons who (a) received a text message from Regions between

January 24, 2011 to present, (b) without their prior express consent in that the called (i.e. texted) party was not the intended recipient or the recipient had previously informed Regions that it had the wrong number. Excluded from the Settlement Class are (a) any persons who signed a release of Regions related to such conduct in exchange for consideration; (b) any officers, directors or employees, or immediate family members of the officers, directors or employees of Regions or any entity in which Regions has a controlling interest; (c) any legal counsel or employee of legal counsel for Regions; and (d) the presiding Judge in the Action, as well as the Judge's staff and their immediate family members.

5. For settlement purposes, the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

6. Final approval of the Settlement Agreement is **GRANTED**, including but not limited to the releases in the Settlement Agreement and the plans for implementation and distribution of the settlement relief. All Settlement Class Members who have not timely and validly opted out are bound by the Settlement Agreement and this Final Judgment, including, without limitation, all releases therein.

7. Final approval of the appointment of Plaintiff Sueann Swaney as Representative Plaintiff is **GRANTED**. Plaintiff Swaney has fairly and adequately represented the Settlement Class and will continue to do so.

8. Final approval of the appointment of John Allen Yanchunis, Sr. of Morgan & Morgan Complex Litigation Group as Class Counsel is **GRANTED**. Class Counsel has adequately represented the Settlement Class and will continue to do so.

9. The Notice Program, as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, satisfies Rule 23(c)(2). It was the best notice practicable under the circumstances; was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the

Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement Class; and satisfied the other requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10. Regions Bank has fully complied with the notice requirements of the Class Action Fairness Act of 2005, as codified in 28 U.S.C. § 1715.

11. Pursuant to the Settlement Agreement, Defendant has agreed to pay $2,805,200 to create the Settlement Fund. Amounts awarded to Class Counsel and a Service Award to the Class Representative will be paid from the Settlement Fund. Class Members who file a valid claim pursuant to the Settlement Agreement will receive a First Estimated Distribution of approximately $500.00, or a *pro rata* share of the Settlement Fund after payment of amounts awarded to Class Counsel and a Service Award to the Class Representative.

12. Any funds remaining in the Settlement Fund after applicable distributions to Class Members pursuant to the terms of the Settlement Agreement will be distributed by the Settlement Administrator as directed by the court following submissions from the parties.

13. The Parties **SHALL** effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof **SHALL** be deemed incorporated herein as if explicitly set forth herein and **SHALL** have the full force of an Order of this court.

14. All persons who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have **WAIVED** any objections to the Settlement, including, without limitation, by appeal, collateral attack, or otherwise.

15. Those putative Settlement Class Members who have timely and validly elected to

opt out of the Settlement Class (the "Opt-Out Members"), of which there are only four, are **NOT** bound by the Settlement Agreement and this Final Judgment. Those Opt-Out Members are Chelsey Gray, Joseph W. Sellers, Darrell Battle, and Vincent E. Parker. (Doc. # 205-1). These individuals **SHALL NOT** be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement.

16. Pursuant to Rule 23(h), Class Counsel's request for attorney's fees is **GRANTED IN PART.** The court **AWARDS** Class Counsel the sum of $701,300.00 as the Fee Award and $35,327.51 in costs and expenses. These amounts **SHALL** be paid in accordance with the terms of the Settlement Agreement.

17. Class Counsel's request for an incentive award to the Class Representative is **GRANTED IN PART**. The court **AWARDS** $7,500.00 to Class Representative Plaintiff Swaney. This payment is justified by her service to the Settlement Class. This payment **SHALL** be paid in accordance with the Settlement Agreement.

18. The Parties to the Settlement Agreement **SHALL** carry out their respective obligations thereunder.

19. On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any

way to the Released Claims.

20. Even if Settlement Class Members, including Class Representative Plaintiff Swaney, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, Representative Plaintiff Swaney expressly **SHALL** have, and each other Settlement Class Member **SHALL** be deemed to have, and by operation of this Final Judgment **SHALL** have, upon the Effective Date, fully, finally, and forever **SETTLED** and **RELEASED** any and all Released Claims, including Unknown Claims related to the subject matter of the Settlement Agreement. The Parties acknowledge, and Settlement Class Members **SHALL** be deemed by operation of this Final Judgment to have **ACKNOWLEDGED**, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

21. Neither this Final Approval Order and Judgment as to Defendant, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Defendant.

22. The Settlement Agreement's terms **SHALL** be forever binding on, and **SHALL** have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Judgment) that are brought,

initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Judgment.

23. This action, and the Amended Complaint and all claims therein, are **DISMISSED** on the merits **WITH PREJUDICE**, without award of any fees or costs to any Party except as expressly provided in this Final Judgment.

24. Pursuant to the All Writs Act, 28 U.S.C. § 1651, the court **RETAINS** the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court, and/or to implement this judgment.

**DONE** and **ORDERED** this June 9, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE