**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

SUEANN SWANEY, on behalf of
Plaintiff and the class defined below,

    Plaintiff,

v.

REGIONS BANK,
    Defendant.
_____/

CIVIL ACTION NO. 2:13-cv-00544-JHE

Class Action

## **JOINT MOTION FOR CY PRES DISTRIBUTION OF UNCLAIMED FUNDS**

This Court previously finally approved, and entered a Final Judgment upon, the parties' class action Settlement Agreement.[1] (Doc. 212).

Pursuant to Section 3.3(b) of the Settlement Agreement:

> If an amount greater than $50,000 remains in the Settlement Fund after the initial distribution to Settlement Class Members who file a valid claim, then the Settlement Administrator shall distribute the remaining Settlement Fund to Settlement Class Members who cashed their Benefit Check from the previous round of distribution on a *pro rata* basis after all costs associated with the second distribution are paid from the remaining Settlement Fund. . . . Further, if a second distribution is made per the above terms and there are funds remaining in the Settlement Fund after such distribution, the remaining funds shall be distributed to the Cy Pres Recipient or Recipients.

S.A. § 3.3(b).

Likewise, the Court's Final Judgment directs that "[a]ny funds remaining in the Settlement Fund after applicable distributions to Class Members pursuant to the terms of the Settlement

---

[1] All capitalized terms used herein will have the meaning attributed to them in the Settlement Agreement unless otherwise defined herein, previously filed at Doc. 190-1, and cited to herein as "S.A."

Agreement will be distributed by the Settlement Administrator as directed by the court following submissions from the parties." (Doc. 212 at ¶ 12).

Here, as provided for under Section 3.3(b), more than $50,000 remained in the Settlement Fund following the initial distribution—specifically, $146,686.31 remained—thereby prompting a second distribution of funds to Settlement Class Members who cashed their Benefit Check in the initial round of distribution on a *pro rata* basis. This second distribution was for approximately $41.85 per individual.

Following the second distribution, however, approximately $12,590.56 remains available in the Settlement Fund as the result of checks not cashed by Settlement Class Members in the 2nd distribution. Pursuant to Section 3.3(b) of the Settlement Agreement and Paragraph 12 of the Final Judgement, the parties hereby seek this Court's approval for cy pres distribution of the remaining funds.[2]

At the Court's request, the parties previously briefed the cy pres issue. *See* (Doc. 197). For the reasons explained therein, Plaintiff proposed that "any undistributed funds be directed to the leading legal aid organization in those states where Defendant does business,"[3] and, specifically, that "the IOLTA organizations in each of the states identified . . . be the recipients of any cy pres funds." (Doc. 197 at 10). Defendant "agree[d] with Plaintiff's position to the extent it proposes the remaining settlement funds go to IOLTA organizations in the states in which Regions operates.

---

[2] The Settlement Administrator advises that were a 3rd distribution to occur, costs of administration (estimated at $8,100.00) would far surpass the amount actually distributed, resulting in each individual receiving $1.51, with only 35.5% of the remaining funds ($4,475.64) going to the Settlement Class.

[3] The states in which Defendant does business are Alabama, Arkansas, Florida, Georgia, Illinois, Indiana, Iowa, Kentucky, Louisiana, Mississippi, Missouri, North Carolina, South Carolina, Tennessee and Texas. (Doc. 197 at 10).

Regions also proposes two additional local legal aid organizations as cy pres recipients: The Legal Aid Society of Birmingham and Legal Services of Alabama." (Doc. 197 at 13).

Given the amount to be distributed, the parties believe it better to distribute the remaining funds to the IOLTA organization(s) within a single state, rather than IOLTA organizations within all fifteen different states Regions operates within.

The IOLTA organizations within Alabama are the Alabama Civil Justice Foundation and the Alabama Law Foundation. *See* https://iolta.org/program-directory/#us-programs (listing US IOLTA organizations); https://www.acjf.org/; https://www.alabamalawfoundation.org/.

The parties recommend that all remaining funds be distributed, cy pres, in equal parts to these two organizations, and ask the Court to enter an order granting this motion and directing such distribution.

Dated: October 13, 2021　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*s/John A. Yanchunis*
　　　　　　　　　　　　　　　　　　　John Yanchunis (Fla. Bar No. 324681)
　　　　　　　　　　　　　　　　　　　MORGAN & MORGAN COMPLEX
　　　　　　　　　　　　　　　　　　　LITIGATION GROUP
　　　　　　　　　　　　　　　　　　　201 North Franklin Street, 7th Floor
　　　　　　　　　　　　　　　　　　　Tampa, FL 33602
　　　　　　　　　　　　　　　　　　　(813) 223-5505 Telephone
　　　　　　　　　　　　　　　　　　　(813) 222-4747 Facsimile
　　　　　　　　　　　　　　　　　　　JYanchunis@forthepeople.com

　　　　　　　　　　　　　　　　　　　***Lead Class Counsel***

Dated:  October 13, 2021　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Samrah R. Mahmoud*
　　　　　　　　　　　　　　　　　　　Steven D. Allison (admitted pro hac vice)
　　　　　　　　　　　　　　　　　　　Steven.allison@troutman.com
　　　　　　　　　　　　　　　　　　　Samrah R. Mahmoud (admitted pro hac vice)
　　　　　　　　　　　　　　　　　　　Samrah.mahmoud@troutman.com
　　　　　　　　　　　　　　　　　　　Troutman Sanders LLP

5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: (949) 622-2703

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 13, 2021, I electronically filed a true and correct copy of the foregoing unopposed motion with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record in this matter.

*/s/ John A. Yanchunis*